# **EXHIBIT B**

IN THE PROBATE COURT OF
RUSSELL COUNTY, STATE OF ALABAMA

IN RE: THE ESTATE OF Dontavious Lamar Cliatt, DECEASED
**DECREE GRANTING LETTERS OF ADMINISTRATION**

IN THE MATTER OF THE Petition of Rosie Cliatt to commence the administration of the estate of Dontavious Lamar Cliatt, Deceased, and of the Petition of Rosie Cliatt to be issued LETTERS OF ADMINISTRATION; which **petition** is examined by this Court and **ordered** to be **Filed and Recorded**, and it appearing to the Court from the allegations contained in said petition, and from other good and sufficient evidence, that the said Dontavious Lamar Cliatt departed this life at Southside Park, Sandfort Road, Phenix City, Al 36867, on or about 05-03-03, a date more than five (5) days before this day, being domiciled in this State at 7 Highway 51 North, HURTSORO, AL 36860 and having assets in this State; which assets with any others, including both real and personal property, are estimated to have a value of approximately , consisting of:
  Personal Property:
  Real Property:
and no will, testament or other writing, relating to the disposal or distribution of the estate of decedent,, and it further appearing to the satisfaction of the Court that the person nominated to serve as Personal Representative by petition of Rosie Cliatt is satisfactory to serve as determined by Code of Alabama 1975, § 43-2-22, and, therefore, the Court directs, as provided in the Code of Alabama 1975, § 43-2-40, Letters of Administration be granted to Rosie Cliatt as Personal Representative UPON FILING the required BOND acceptable to the probate judge in the amount of $1500.

NOW on this day comes Rosie Cliatt and presents to the Court for approval a bond in the amount of $1500 ordered above by this Court complying with the terms and requirements required by **Code of Alabama 1975**, § 43-2-852; with WESTERN SURETY COMPANY as security thereon; and this Court being now sufficiently advised concerning said bond and said security, it is ordered and adjudged by this Court that the said **bond be Accepted, Approved, and Recorded**. The Personal Representative **Rosie Cliatt** who has complied with the requisitions of the law and is authorized to administer the estate, acting prudently for the benefit of interested persons, shall have all the general powers, without limitation, except NONE, authorized for transactions under Code of Alabama 1975, § 43-2-843, as follows:

1. Retain assets owned by the decedent pending distribution or liquidation including, those in which the representative is personally interested or which are otherwise improper for trust investment.
2. Receive assets from fiduciaries, or other sources.
3. Perform, compromise, or refuse performance of the decedent's contracts that continue as obligations of the estate, as the personal representative may determine under the circumstances. In performing enforceable contracts by the decedent to convey or lease land, the personal representative, among other possible courses of action, may do either of the following:
    a. Execute and deliver deed of conveyance for cash payment of all sums remaining due or the purchaser's note for the sum remaining due secured by a mortgage or deed of trust on the land.
    b. Deliver a deed in escrow with directions that the proceeds when paid in accordance with the escrow agreement, be paid to the successors of the decedent, as designated in the escrow agreement.

IN THE PROBATE COURT OF
RUSSELL COUNTY, STATE OF ALABAMA

4. Satisfy written charitable pledges of the decedent irrespective of whether the pledges constituted binding obligations of the decedent or were properly presented as claims, if in the judgment of the personal representative the decedent would have wanted the pledges completed under the circumstances.
5. If funds are not needed to meet debts and expenses currently payable and are not immediately distributable, deposit or invest liquid assets of the estate, including moneys received from the sale of other assets, in federally insured interest-bearing accounts, readily marketable secured loan arrangements, or other prudent investments which would be reasonable for use by trustees generally.
6. Abandon personal property when, in the opinion of the personal representative, it is valueless, or is so encumbered, or is in condition that it is of no benefit to the estate.
7. Vote stocks or other securities in person or by general or limited proxy.
8. Pay call, assessments, and other sums chargeable or accruing against or on account of securities, unless barred by the provisions relating to claims.
9. Hold a security in the name of a nominee or in other form without disclosure of the interest of the estate but the personal representative is liable for any act of the nominee in connection with the security so held.
10. Insure the assets of the estate against damage, loss, and liability and the personal representative against liability as to third persons.
11. Borrow money without security or with security of personal property to be repaid from the estate assets or otherwise; and advance money for the protection of the estate.
12. Effect a fair and reasonable compromise with any debtor or obligor, or extend, renew, or in any manner modify the terms of any obligation owing to the estate. If the personal representative holds a mortgage, pledge, or other lien upon property of another person, the personal representative may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner thereof in satisfaction of the indebtedness secured by the lien.
13. Pay taxes, assessments, and other expenses incident to the administration of the estate.
14. Sell or exercise stock subscription or conversion rights; consent, directly or through a committee or other agent, to the reorganization, consolidation, merger, dissolution, or liquidation of a corporation or other business enterprise.
15. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term not to exceed one year.
16. Allocate items of income or expense to either estate income or principal, as permitted or provided by law.
17. Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advisors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.
18. Prosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate and of the personal representative in the performance of duties of the personal representative.
19. Continue any unincorporated business or venture in which the decedent was engaged at the time of death a provided in any of the following:
    a. In the same business form for period of not more than one year form the date of appointment of a general personal representative if continuation is a reasonable means of preserving the value of the business including good will.
    b. In the same business form for any additional period of time that may be approved by order of the court in a proceeding to which the persons interested in the estate are parties.
    c. Throughout the period of administration if the business is incorporated by the personal representative and if none of the probable distributees of the business who are competent adults object to its incorporation and retention in the estate.
20. Incorporate any business or venture in which the decedent was engaged at the time of death.

IN THE PROBATE COURT OF
RUSSELL COUNTY, STATE OF ALABAMA

21. Provide for exoneration of the personal representative from personal liability in any contract entered into on behalf of the estate.
22. Satisfy and settle claims and distribute the estate as provided in Title 43 of the **Code of Alabama 1975**.

It is further ORDERED that the said Personal Representative Rosie Cliatt, proceed without delay to collect and take into possession or control the goods and chattels, money, books, papers and evidences of the said Deceased's property interests, except the personal property exempted from administration under Code of Alabama 1975, § 43-8-111. The Personal Representative is required to file an inventory of the Estate under oath with two months of the date of appointment. The costs are taxed to petitioner for which let execution lie.

**Done as duplicate originals to which WITNESS** my hand and the raised seal of the Court and dated this day of 11-04-04.

_____
JUDGE OF PROBATE

IN THE PROBATE COURT OF
RUSSELL COUNTY, STATE OF ALABAMA

IN RE: THE ESTATE OF Dontavious Lamar Cliatt, DECEASED

## LETTERS of Administration

The Personal Representative **Rosie Cliatt** who has complied with the requisitions of the law and is authorized to administer the estate, acting prudently for the benefit of interested persons, shall have all the general powers, without limitation, except NONE, authorized for transactions under Code of Alabama 1975, § 43-2-843, as follows:

1. Retain assets owned by the decedent pending distribution or liquidation including, those in which the representative is personally interested or which are otherwise improper for trust investment.
2. Receive assets from fiduciaries, or other sources.
3. Perform, compromise, or refuse performance of the decedent's contracts that continue as obligations of the estate, as the personal representative may determine under the circumstances. In performing enforceable contracts by the decedent to convey or lease land, the personal representative, among other possible courses of action, may do either of the following:
   a. Execute and deliver deed of conveyance for cash payment of all sums remaining due or the purchaser's note for the sum remaining due secured by a mortgage or deed of trust on the land.
   b. Deliver a deed in escrow with directions that the proceeds when paid in accordance with the escrow agreement, be paid to the successors of the decedent, as designated in the escrow agreement.
4. Satisfy written charitable pledges of the decedent irrespective of whether the pledges constituted binding obligations of the decedent or were properly presented as claims, if in the judgment of the personal representative the decedent would have wanted the pledges completed under the circumstances.
5. If funds are not needed to meet debts and expenses currently payable and are not immediately distributable, deposit or invest liquid assets of the estate, including moneys received from the sale of other assets, in federally insured interest-bearing accounts, readily marketable secured loan arrangements, or other prudent investments which would be reasonable for use by trustees generally.
6. Abandon personal property when, in the opinion of the personal representative, it is valueless, or is so encumbered, or is in condition that it is of no benefit to the estate.
7. Vote stocks or other securities in person or by general or limited proxy.
8. Pay call, assessments, and other sums chargeable or accruing against or on account of securities, unless barred by the provisions relating to claims.
9. Hold a security in the name of a nominee or in other form without disclosure of the interest of the estate but the personal representative is liable for any act of the nominee in connection with the security so held.
10. Insure the assets of the estate against damage, loss, and liability and the personal representative against liability as to third persons.
11. Borrow money without security or with security of personal property to be repaid from the estate assets or otherwise; and advance money for the protection of the estate.
12. Effect a fair and reasonable compromise with any debtor or obligor, or extend, renew, or in any manner modify the terms of any obligation owing to the estate. If the personal representative holds a mortgage, pledge, or other lien upon property of another person, the personal representative may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner thereof in satisfaction of the indebtedness secured by the lien.
13. Pay taxes, assessments, and other expenses incident to the administration of the estate.
14. Sell or exercise stock subscription or conversion rights; consent, directly or through a committee or other agent, to the reorganization, consolidation, merger, dissolution, or liquidation of a corporation or other business enterprise.
15. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term not to exceed one year.

IN THE PROBATE COURT OF
RUSSELL COUNTY, STATE OF ALABAMA

16. Allocate items of income or expense to either estate income or principal, as permitted or provided by law.
17. Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advisors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.
18. Prosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate and of the personal representative in the performance of duties of the personal representative.
19. Continue any unincorporated business or venture in which the decedent was engaged at the time of death a provided in any of the following:
   a. In the same business form for period of not more than one year form the date of appointment of a general personal representative if continuation is a reasonable means of preserving the value of the business including good will.
   b. In the same business form for any additional period of time that may be approved by order of the court in a proceeding to which the persons interested in the estate are parties.
   c. Throughout the period of administration if the business is incorporated by the personal representative and if none of the probable distributees of the business who are competent adults object to its incorporation and retention in the estate.
20. Incorporate any business or venture in which the decedent was engaged at the time of death.
21. Provide for exoneration of the personal representative from personal liability in any contract entered into on behalf of the estate.
22. Satisfy and settle claims and distribute the estate as provided in Title 43 of the **Code of Alabama 1975**.

**Done as duplicate originals to which WITNESS** my hand and the raised seal of the Court and dated this day of  11-04-04.

_____
JUDGE OF PROBATE