IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, <br><br>Plaintiff<br><br>v.<br><br>PHENIX CITY, ALABAMA, PHENIX CITY POLICE CHIEF PRESTON ROBINSON, Individually, OFFICERS JOHN DOES 1-12, Individually, Police Officers Responding to the Scene,<br><br>Defendants. | Case Number:<br><br>3:06-CV-0471-SRW |

## MOTION TO DISMISS

COME NOW Defendants Phenix City, Alabama, Phenix City Police Chief Preston Robinson, Individually, Officers John Does 1-12, Individually and Police Officers Responding to the Scene and files this their Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) in lieu of an answer and shows as follows:

## FACTS

Defendants generally deny the factual allegations asserted in Plaintiff's complaint with one exception: that the acts complained of by Plaintiff occurred on May 3, 2003.

### COUNT I -- Violation of 42 U.S.C § 1983 by Phenix City, Alabama is due to be dismissed as it is barred by the applicable statute of limitations.

The law regarding the appropriate statute of limitations for filing actions arising under 42 U.S.C. 1983 in the federal courts of Alabama is outlined by the United States

District Court for the Southern District of Alabama, Northern Division in <u>Lanier v. City of Selma</u>, 1997 U.S. Dist. LEXIS 8122 (1997) as follows:

> The proper statute of limitations for all actions arising out of 42 U.S.C. 1983 is the forum state's general or residual statute of limitations for personal injury actions. <u>Owens v. Okure</u>, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Alabama's general statute of limitations for personal injury actions is two (2) years. See Code of Alabama 6-2-38(l). Any action arising under 42 U.S.C. 1983 filed in any federal court sitting in Alabama must be filed within two (2) years of the incident that is the basis of the complaint. <u>Jones v. Preuit & Mauldin</u>, 876 F.2d 1480 (11th Cir. 1989).

It is undisputed by the parties that the alleged violation of 42 U.S.C. 1983 in Count I of Plaintiff's Complaint occurred on May 3, 2003. It is also undisputed that the Plaintiff's Complaint was filed on May 25, 2006 at 9:31 A.M., some three years after the alleged violation. In the <u>Lanier</u> case cited earlier, the Court determined that where an alleged 42 U.S.C. 1983 violation occurred on July 3, 1993 and the Plaintiff's Complaint was filed on July 5, 1995 that the claim was barred by the applicable statute of limitations. In the instant case the Plaintiff waited a full additional year beyond the close of the two year statute to file this Complaint. Plaintiff has not alleged any sort of continuing tort or any other grounds for tolling the applicable statute of limitation in the Complaint. Therefore the claim made in Plaintiff's Complaint at Count I is due to be dismissed as it is barred by the applicable statute of limitations.

**COUNT II -- Violation of 42 U.S.C. 1983 by Preston Robinson, Individually is due to be dismissed as it is barred by the applicable statute of limitations.**

The law regarding the appropriate statute of limitations for filing actions arising under 42 U.S.C. 1983 in the federal courts of Alabama is outlined by the United States District Court for the Southern District of Alabama, Northern Division in Lanier v. City of Selma, 1997 U.S. Dist. LEXIS 8122 (1997) as follows:

> The proper statute of limitations for all actions arising out of 42 U.S.C. 1983 is the forum state's general or residual statute of limitations for personal injury actions. Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Alabama's general statute of limitations for personal injury actions is two (2) years. See Code of Alabama 6-2-38(l). Any action arising under 42 U.S.C. 1983 filed in any federal court sitting in Alabama must be filed within two (2) years of the incident that is the basis of the complaint. Jones v. Preuit & Mauldin, 876 F.2d 1480 (11th Cir. 1989).

It is undisputed by the parties that the alleged violation of 42 U.S.C. 1983 in Count II of Plaintiff's Complaint occurred on May 3, 2003. It is also undisputed that the Plaintiff's Complaint was filed on May 25, 2006 at 9:31 A.M., some three years after the alleged violation. In the Lanier case cited earlier, the Court determined that where an alleged 42 U.S.C. 1983 violation occurred on July 3, 1993 and the Plaintiff's Complaint was filed on July 5, 1995 that the claim was barred by the applicable statute of limitations. In the instant case the Plaintiff waited a full additional year beyond the close of the two year statute to file this Complaint. Plaintiff has not alleged any sort of

continuing tort or any other grounds for tolling the applicable statute of limitation in the Complaint.  Therefore the claim made in Plaintiff's Complaint at Count II is due to be dismissed as it is barred by the applicable statute of limitations.

**COUNT III -- Violation of 42 U.S.C. 1983 by Officers John Does 1-12, Individually is due to be dismissed as it is barred by the applicable statute of limitations.**

The law regarding the appropriate statute of limitations for filing actions arising under 42 U.S.C. 1983 in the federal courts of Alabama is outlined by the United States District Court for the Southern District of Alabama, Northern Division in <u>Lanier v. City of Selma</u>, 1997 U.S. Dist. LEXIS 8122 (1997) as follows:

> The proper statute of limitations for all actions arising out of 42 U.S.C. 1983 is the forum state's general or residual statute of limitations for personal injury actions.  <u>Owens v. Okure</u>, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989).  Alabama's general statute of limitations for personal injury actions is two (2) years.  See Code of Alabama 6-2-38(l).  Any action arising under 42 U.S.C. 1983 filed in any federal court sitting in Alabama must be filed within two (2) years of the incident that is the basis of the complaint.  <u>Jones v. Preuit & Mauldin</u>, 876 F.2d 1480 (11th Cir. 1989).

It is undisputed by the parties that the alleged violation of 42 U.S.C. 1983 in Count III of Plaintiff's Complaint occurred on May 3, 2003.  It is also undisputed that the Plaintiff's Complaint was filed on May 25, 2006 at 9:31 A.M., some three years after the alleged violation.  In the <u>Lanier</u> case cited earlier, the Court determined that where an alleged 42 U.S.C. 1983 violation occurred on July 3, 1993 and the Plaintiff's Complaint

was filed on July 5, 1995 that the claim was barred by the applicable statute of limitations. In the instant case the Plaintiff waited a full additional year beyond the close of the two year statute to file this Complaint. Plaintiff has not alleged any sort of continuing tort or any other grounds for tolling the applicable statute of limitation in the Complaint. Therefore the claim made in Plaintiff's Complaint at Count III is due to be dismissed as it is barred by the applicable statute of limitations.

### COUNT IV -- Wrongful Death by Phenix City, Alabama is due to be dismissed as it is barred by the applicable statute of limitations.

Count IV of Plaintiff's Complaint is different from Counts I - III in that it invokes a tort under Alabama law, the tort of wrongful death. Under Alabama law an action for wrongful death must be commenced within two years from and after the death complained of by the Plaintiff. Code of Ala. § 6-5-410(d). It is undisputed that the death complained of by the Plaintiff in Count IV of the Complaint occurred on May 3, 2003.[1] Plaintiff's Complaint was filed more than two years after the death complained of by the Plaintiff, on May 25, 2006. Plaintiff has made no allegation of a continuing tort or cited any other ground for the statute of limitation to be tolled in this matter. Therefore since the claim alleged in Count IV was filed beyond the two year requirement of Alabama's statute of limitations on wrongful death actions, it is due to be dismissed.

### COUNT V -- Assault and Battery by Phenix City, Alabama is due to be dismissed as it is barred by the applicable statute of limitations.

Count V of Plaintiff's Complaint is different from Counts I - III in that it invokes a tort under Alabama law, the tort of assault and battery. Normally, a six year statute of limitation would apply for an action on assault and battery. However in this case, the

---

[1] See Plaintiff's Complaint at Paragraph 47.

Plaintiff contends that the alleged assault and battery led directly to the death complained of by the Plaintiff.[2]  Where an assault and battery directly leads to a death, the two year statute of limitations provided for in Code of Ala. § 6-5-410(d) applies, not the six year statute contained in Code of Ala. § 6-2-34(1).  Prichard v. Box, 396 So. 2d 58, 60 (Ala. 1981).  It is undisputed that the actions complained of in Count V of the Complaint occurred on May 3, 2003.  Plaintiff's Complaint was filed more than two years after the death complained of by the Plaintiff, on May 25, 2006.  Plaintiff has made no allegation of a continuing tort or cited any other ground for the statute of limitation to be tolled in this matter.  Therefore since the claim alleged in Count V was filed beyond the two year requirement of Alabama's statute of limitations on wrongful death actions, it is due to be dismissed.

## CONCLUSION

Therefore the Defendants respectfully request that all of the claims in the Plaintiff's Complaint be dismissed with prejudice.

This 22nd day of June, 2006.

                                        MCKOON, THOMAS & MCKOON

                                            /s/Joshua R. McKoon
                                        By:_____
                                            Joshua R. McKoon
                                            State Bar No. MCK057

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

---

[2] See Plaintiff's Complaint at Paragraph 58.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

    Fulton B. Haglin
    220 E. Huron, Suite 210
    Ann Arbor, Michigan 48104

*/s/Joshua R. McKoon*
_____
Counsel for Defendants