IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA    **RECEIVED**

2006 JUL 13  P 1:07

ROSIE CLIATT, as Personal Representative of    )
The Estate of Dontavius Cliatt,    )
    )    DEBRA P. HACKETT, CLK
    )    Civil Action No. U.S. DISTRICT COURT
        Plaintiff(s)    )    MIDDLE DISTRICT ALA
    )
    v.    )
    )
PHENIX CITY, ALABAMA, et al.,    )
    )
        Defendant(s)    )
    )

## PLAINTIF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND BRIEF IN SUPPORT OF SAME

**Plaintiff requests this motion be denied as the cause of action was filed as quickly as Plaintiff could find counsel willing to prosecute the case, and within two years of her receipt of the autopsy report, which she requested in early August 2003.**

### Facts

Mr. Dontavius Cliatt died from gunshot wounds he received on May 3, 2003, in a shooting involving the police of Phenix City, Alabama. On said date, Mr. Cliatt allegedly robbed a car dealer and killed him during the robbery. It was alleged that he then rode around town with his girlfriend, Denise Williams, following said shooting. Sometime during the afternoon of May 3, following the shooting, while Ms. Williams was in the car with decedent, the Phenix City police pulled Mr. Cliatt over. At this point, the facts of the story diverge depending on who is telling the story.

According to one version, when Mr. Cliatt was stopped, the police asked for personal identification and an automobile registration. They supposedly became suspicious when neither were forthcoming. Thereafter, the police decided to check on the status of Mr. Cliatt, and radioed headquarters. At this time, an officer at the scene found out about the robbery and murder of the car dealer and called for back up. When the back up arrived, the police ordered Mr. Cliatt out of the car and took him away. He was later found dead, having been shot in the face.

According to a second version, after pulling Mr.Dontavius Cliatt over, the police approached his car and Mr. Cliatt pulled his gun and shot at them. The police then responded by firing back, shooting him several times, which led to his death.

In yet another version of the incident, following the original stop, the police came to the car containing Mr. Cliatt and Ms. Williams shooting following the arrival of back up. Mr. Cliatt thereafter exited the car and returned fire to the officers. The police then shot and killed him.

In order to determine what actually happened, discovery will have to take place as all the records pertaining to this incident are in the control of the police.

Rosie Cliatt, the mother of the decedent, and the Personal Representative of decedent's estate, always wondered what actually transpired in this incident. To this end, she opened an estate for her son and was appointed Personal Representative. She contacted the Coroner in the summer of 2003 in an attempt to obtain an autopsy report to see what the Medical Examiner said had taken place. She first obtained the autopsy report in late July of 2004, more than 15 months after the incident complained of herein had taken place. A copy of that report is attached as Exhibit 2 to Affidavit of Rosie Cliatt, attached hereto as Exhibit A.

Over the course of several months, Mrs. Cliatt spoke to several Phenix area attorneys about them handling this case. At least one attorney handled the case for the better part of a year, but ultimately all refused to file suit in this matter. See Cliatt Affidavit, and all attorney letters at Exhibits 3a through 3e. Thereafter, Ms. Cliatt contacted this attorney, of whom she became aware as he was handling a case for a family member in Michigan. See Affidavit of Rosie Cliatt, supra at Exhibit A.

On or about June 22, 2005, this attorney, at the request of Rosie Cliatt, journeyed from the State of Michigan to Phenix City, Alabama, for the purpose of attempting to determine whether Plaintiff's estate had a viable cause of action. Your affiant visited Phenix City's Circuit Courthouse and

reviewed the available court records of the trial of Denise Williams. Denise Williams is the woman who had been in the car with Mr. Cliatt at the time he was stopped on May 3, 2003. This attorney also met with the Phenix City District Attorney, Kenneth Davis on said date seeking to see and listen to a taped interview the police had had with Ms. Williams in May of 2003. The existence of this tape had been discovered by this counsel during the review of the Circuit Court file in Phenix City.

At the time this counsel met with the District Attorney, he was asked if he represented the Estate of Dontavius Cliatt, and the D.A was told no, as additional information was needed to determine whether he would in fact represent said estate. The DA said the tape existed, and after a minimal search for same in this counsel's presence, said the tape could not be found at that time, but he would have it found and sent to this attorney at no cost. Although the tape was again requested in writing, following the meeting, no tape of an interview with Denise Williams has ever been received by this attorney, nor has a response to his written request to the District Attorney ever been received. See Affidavit of Fulton B. Eaglin, attached hereto, and letter to D.A. Kenneth Davis at Exhibit B attached hereto.

As a result of the incident on May 3, 2003, and the inability of Plaintiff and this attorney to gather sufficient information to determine

whether this cause of action is viable, these offices filed suit on behalf of our client, the Estate of Dontavius Cliatt against Phenix City, et al., pursuant to 42 USC § 1983.

## Discussion

Under the Code of Alabama § 6-5-410 for Wrongful Death, "a personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death . . . Such action must be commenced within two years from and after the death of the testator or intestate." Ala. Code § 6-5-410 (2005). The general personal injury statute in Alabama is also two years as cited on several occasions by Defendant in their brief.

When a case is brought in federal court under a federal right to claim and there is no federal statute of limitations, the limitations of the state which it sits in will be input to the federal court. Pollard v. United States, 384 F.Supp. 304, 306 (U.S. Dist. 1974) and the plethora of cases cited by

Defendants in their Motion to Dismiss this suit.  However, the state's statute of limitations is not controlling in a federal claim. **Holmberg vs. Armbrecht** 327 U.S. 392, 396 (U.S. 1946).  Rather, it is an arbitrary number used to determine if a party has made a good faith and diligent effort to make a timely claim in court. Id.  When fraudulent action inhibits a party from bringing suit in a reasonable time, the bar of the statute will not begin to run until the fraud is discovered. Id.

In Holmberg, the U.S. Supreme Court held that statutes of limitations are not controlling measures of equitable relief. Id.  The purpose of the time limitation is to determine whether a party inexcusably failed to bring a claim in such a way that is unfair to the Defendant. Holmberg at 396.  Where the party has exercised reasonable diligence and through no fault of his own, fails to bring the claim within the statute, the statute does not start running until the fraud is discovered. Id.   Ms. Cliatt contacted a number of attorney's over a long period of time, in an attempt to get this case filed.  She even sent Russell County a notice of Claim of intent to file in April of 2003.  She has been diligent in attempting to prosecute her claim.

In Pollard, Defendants were entitled to bring their civil rights claim but the decedents died outside the Alabama statute of limitations.  384 F. Supp. at 307.  Nonetheless, the personal representatives were permitted to

bring their claim because following federal law, the statute does not begin to run until the facts giving rise to the action were discovered. Id. The court there considered whether a Wrongful Death act should start accruing at the time of death or thereafter, and explicitly decided that, being "persuaded . . . both by precedent and by logic" to reject the rule of accrual at death and instead adopt the rule of accrual at the time the claimant "discovers, or in the exercise of reasonable diligence should discover the existence of facts upon which the claim is based." Pollard 384 F.Supp. 304, 310 (1974). Ms. Cliatt still has not discovered facts which can tell whether a claim exist.

In Long v. Hodges, 539 So. 2d 238 (Ala. 1989), the Defendant's 42 USC § 1983 claim was time barred by the Alabama Wrongful Death statute of limitations. Because the Defendant was not unduly restricted from pursuing her federally vested right, the court held that the statute of limitations did not frustrate the claimant's exercise of a § 1983 right of action. Long at 240. Therefore, the statute of limitations, according to the Wrongful Death Action, was enforceable. Id.

Here, the Alabama statute of limitations sets a two year limit on bringing claims of wrongful death for each of the causes of action. However, like in Pollard, the Estate of Cliatt is bringing this claim, in all of its causes of action, under federal right. Mrs. Cliatt always believed there

was something wrong with the death of her son, and she hired a number of lawyers to try and prosecute her claim. However, she did not get anyone to actually file suit until she hired this attorney in 2005. Mrs. Cliatt always wondered if she had a claim, but has not ever become certain that she in fact has a claim, as information she needed to make a decision regarding a claim has never been forthcoming by the appropriate authorities. Mrs. Cliatt's problem of filing besides being unable to find attorneys who would handle her case, was the lack of the receipt of the autopsy report being received until July of 2004, although it had been sent to the court of jurisdiction in September of 2003. See autopsy report transmittal letters as part of Rosie Cliatt Affidavit at Exhibit A.

Finally, we also have the problem that the state of Alabama refused to cooperate with this attorney as he tried to understand facts from the case which could help him determine whether a claim existed in the summer of 2005. See Affidavit of Fulton B. Eaglin attached hereto. For all of the aforesaid reasons, the time of death should not be considered the appropriate time of accrual of the statute of limitations. As indicated in Holmberg, supra, the time of accrual should begin when the facts giving rise to the claim are discovered. Here, the earliest time that could possibly have been would have been  when Mrs. Cliatt received a copy of the autopsy report in

July of 2004, but this attorney contends that said statute still has not begun to run, as Mrs. Cliatt continues to be without information about what truly took place in this case.

Rosie Cliatt's failure to bring a timely suit is not for lack of diligence. Unlike in <u>Long</u>, supra, Mrs. Cliatt has been unduly restricted from bringing her claim inside the statute of limitations. No lawyers would take the case within the two year statute of limitation although at least five were contacted. See exhibits attached to Cliatt deposition, supra. No autopsy was received by Ms. Cliatt from the Medical Examiner until July of 2004, and no cooperation was received from the Phenix District Attorney with this attorney as he tried to uncover facts with which to make a decision about pursuing a suit. As indicated in <u>Holmberg</u>, the Defendants here had reasonable notice as early as April of 2004 that our client wanted to bring suit against them. See Statement of Claim dated April 2004 at Exhibit C. Mrs. Cliatt, and therefore the Estate of Dontavius Cliatt, should not be penalized for her lack of filing as a matter of equity.

### Conclusion

Mrs. Cliatt's federal claim should not be barred by the statute of limitations of Alabama Code § 6-5-410 for Wrongful Death. Mrs. Cliatt

tried to file a claim once she received the autopsy report and was put on

notice that something untoward had happened in this case.

Fulton B. Eaglin P24834
220 E. Huron St., Suite 210
Ann Arbor, Michigan 48104-1912
July 13, 2006