# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative of )
The Estate of Dontavius Cliatt, )
) Civil Action No. 3:06cv471-SRW
              Plaintiff(s) )
)
v. )
)
PHENIX CITY, ALABAMA, et al., )
)
              Defendant(s) )
)

## AFFIDAVIT OF FULTON B. EAGLIN

NOW COMES FULTON B. EAGLIN, after being first properly sworn who swears and affirms as follows:

1. That he is the counsel for the Plaintiff in this matter.

2. That after he was contacted by Rosie Cliatt about helping her in this matter, he visited Ms. Cliatt in the Phenix, Alabama area on June 22, 2005.

3. That on said date he also went to the Circuit Court House in Phenix, Alabama, to see what he could learn about this case.

4. That when he visited the site, he visited the county clerk's office, and thereafter the office of the District Attorney.

5. That while in the clerk's office he reviewed the court's trial file of Denise Williams, the person in the car with Mr. Cliatt on May 3, 2003, the date of the facts complained of herein.

6. On said date, your affiant learned that Denise Williams had been charged with, tried for felony murder, and found not guilty in connection with the incident of May 3, 2003, complained of herein.

7. On said date your affiant learned that the police had, following Ms. Williams' arrest, obtained a videotaped statement from her of what happened on the afternoon of May 3, 2003.

8. That your attorney then inquired of the clerk where a copy of said document could be found.

9. That after being advised that the District Attorney would have a copy of any such documents, this attorney went downstairs in the Court House to the District Attorney's office and requested to speak to him about this matter.

10. At said time, after some wait, the District Attorney Kenneth Davis came out and met with your affiant.

11. He asked your affiant if he represented the Estate of Dontavius Cliatt, and your affiant answered he did not at that time, but was trying to gather facts with which he could make a decision regarding such representation.

12. That your affiant asked Mr. Davis for a copy of the tape of the interview between the Police Department and Ms. Williams.

13. That D.A. Davis said they had such a document, and along with this counsel, went into the file area where he advised this counsel he believed the document could be found.

14. That in this counsel's presence, a cursory search of the file area produced no copy of the tape.

15. That D.A. Davis offered to find the document thereafter and send it to this counsel.

16. That this counsel offered to pay the cost of shipping the tape.

17. That D. A. Davis said there would be no charge.

18. That as of this date, no tape has ever been received from the District Attorney's office of the tape in question.

19. That on September 30, 2005, your affiant wrote the offices of D.A. Davis and reminded him of his promise to send this counsel the tape. See Exhibit 1 attached hereto.

20. That no response was ever received from the D.A. to said request by this counsel.

Further Affiant sayeth not.

_____
Fulton B. Eaglin

STATE OF MICHIGAN   )
                    SS.
COUNTY OF WASHTENAW )

Subscribed and sworn to before me by Fulton B. Eaglin on the
_____11th_____ day of July, 2006.

_____
Cheryl Nichols, Notary Public
Washtenaw County, Michigan
My Comm. Expires: 11/12/07