UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative )
of the Estate of DONTAVIUS CLIATT, )
    )   Case No.: 3:06cv471-SRW
Plaintiff )   Hon. Susan Russ Walker
    )
vs. )
    )
PHENIX CITY, ALABAMA, PHENIX CITY )
POLICE CHIEF PRESTON ROBINSON, )
Individually, OFFICERS JOHN DOES 1-12, )
INDIVIDUALLY, Police Officers Responding )
to the Scene, )
    )
Defendants. )
_____/

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48105
(734) 665-5355; 0911fax

Joshua R. McKoon (MCK057)
McKoon, Thomas & McKoon
925 Broad St.
P.O. Box 3220
Phenix City, AL  36868-3220
(334) 297-2300
_____/

### MOTION TO COMPEL

NOW COMES PLAINTIFF, ROSIE CLIATT, by and through her attorney,

FULTON B. EAGLIN, and for her Motion to Compel, states unto this Honorable Court

as follows:

1,  Plaintiff hereby requests this Honorable Court to compel Defendants to answer **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, PHENIX CITY, ALABAMA,** and **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, PRESTON  ROBINSON (attached hereto as Exhibit A),** served on Defendants on July 13, 2006, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure**.**

2.  Plaintiff hereby requests this Honorable Court to compel Defendants to provide all documents requested in **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE CITY OF PHENIX, ALABAMA,** and **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PRESTON ROBINSON, (attached hereto as Exhibit B),** served on Defendants on July 13, 2006, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

3.  We have had no response from Defendants to Plaintiff's requests.

4.  That on August 24, 2006, this attorney sent an email to attorney, Joshua R. McKoon advising that if he did not receive the answers to said Interrogatories and provide all documents requested in said Requests by August 31, 2006, he would file this Motion.

5.  In spite of such warning, Plaintiff's attorney has received no response from Defendants.

WHEREFORE, Plaintiff requests this Honorable Court order Defendants to:

A.  Answer all Interrogatories in full;

B.  Provide all documents requested; and

C.  Pay costs and sanctions as the Court deems appropriate for Defendants'

refusal to participate in discovery.


s/Fulton B. Eaglin_____
Attorney for Plaintiff (P24834)
220 E. Huron St., Suite 210
Ann Arbor, MI  48104
(734) 665-5355; 0911fax
Email: fbeaglin@aol.com

Dated:  September 12, 2006

# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, | ) ) | |
| | ) | Case No. 3:06cv471-SRW |
| Plaintiff | ) | Hon. Susan Russ Walker |
| | ) | |
| vs. | ) | |
| | ) | |
| PHENIX CITY, ALABAMA, PHENIX CITY POLICE CHIEF PRESTON ROBINSON, Individually, OFFICERS JOHN DOES 1-12, INDIVIDUALLY, Police Officers Responding to the Scene, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____/

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48105
(734) 665-5355; 0911fax

_____/


### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, PHENIX CITY, ALABAMA

Plaintiff, by its counsel, hereby requests that the Defendant, PHENIX CITY, answer the following interrogatories under oath, separately and fully, within 30 days of the time of service in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.  In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.  The response of PHENIX

CITY should be made by a person with the appropriate knowledge and position and should state who is responding and why that person was elected.

These requests are deemed to be continuing so as to require supplemental answers if you obtain further information between the time answers are served and the time of trial.

## DEFINITIONS

1. The term "incident" shall refer to the entire series of interactions between DONTAVIUS CLIATT and members of the Phenix City, Alabama, Police Department, or any other employers of Phenix City, Alabama, as described in the Complaint.

2. The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4.  The term "identify" or "identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

## INTERROGATORIES

1.  Please state the name, address, job title, and employer of the person(s) answering these interrogatories.

2.  Please identify all the officers involved in the May 3, 2003 stop, arrest, and shooting of Plaintiff, DONTAVIUS CLIATT, by the Phenix City, Alabama police department.  Please identify whether or not Preston Robinson was involved in the incident.

3.  Have any of these individuals ever been a defendant in any suit charging him individually or in his official capacity as a police officer with abuse of his lawful authority.  If so, for each officer, and for each suit, state:

    a.  the name and address of each party and each party's attorney

    b.  the nature of the cause(s) of action

    c.  the date on which the suit(s) was instituted

    d.  the result of each suit that has been concluded by judgment or settlement

4.  Has the individual Defendant, PRESTON ROBINSON, ever been a defendant in any suit charging him individually or in his official capacity as a police officer with abuse of his lawful authority?  If so, state for each suit:

    a.  the name and address of each party and each party's attorney;

    b.  the nature of the cause of action;

    c.  the date on which the suit was instituted;

d.  the result of each suit that has been concluded by judgment or settlement.

5.  Please describe in detail the training each police officer involved in the May 3, 2003 incident received for the position of police officer for the Phenix City Police Department.  In particular, please state the nature and substance of the training he/she received; the name and address of each specialized school he/she attended to receive such training, and the degree or certificate, if any each individual police officer involved in this incident received from such specialized school.

6.  Please describe in detail the training PRESTON ROBINSON received for the position of police chief for the Phenix City Police Department.  In particular, please state: the nature and substance of the training he received; the name and address of each specialized school he attended to receive such training and the degree or certificate, if any, he received from each specialized school.

7.  Give the dates on which Defendant, PRESTON ROBINSON, and all other officers involved in this incident, commenced employment as a member of the Phenix City Police Department, whether they remain so employed today, and the date of and reason for any termination or interruption of his employment.

8.  For any complaint alleging misconduct as a police officer filed with the Phenix City Police Department or its agents regarding Defendant, PRESTON ROBINSON's conduct as a police officer, give the name and address of the complainant, the substance of the complaint, and the ultimate disposition of the complaint, including any discipline imposed on any of the officers involved in this incident.

9.  For every civil rights case alleging misconduct by Phenix City police officers which was pending or filed from 1990 to present, state the case number and docket number, the substance of the allegations and any resolution or terms of settlement.

10.  Identify all persons who, to your knowledge or the knowledge of your agents or attorneys, witnessed or purport to have knowledge of facts relevant to this incident. For each, state:

a.  the date, time and place on which the person was involved;

b.  the substance of any conversations or reports with such person regarding the incident;

c.  the name, address and badge number or identification number of each person.

11.  State the title and substance of any document created in preparation for or in response to this incident.

12.  What, if any educational requirements are prerequisite to appointment as a police officer of the Phenix City Police Department?

13.  State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the Phenix City Police Department.

14.  Were there in existence at the time of this incident, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the Phenix City Police Department?  If yes, state:

a.  the nature of such procedures;

b.  the person who is responsible for implementing such procedures;

c.  any charges ever made against Police Chief Preston Robinson, or any officers by internal administrative procedures, including the names and addresses of all complainants, the nature of the charges, the identity of

the person administering the disciplinary proceedings, and the outcome.

15.  Has PRESTON ROBINSON or any of the officers involved in the May 3, 2003, incident received any discipline from the Phenix City Police Department as a result of the incident involving the Plaintiff?  If yes, state:

a.  the nature of the discipline;

b.  the facts on which such discipline was based;

c.  who ordered and who administered the disciplinary action.

16.  Were you insured from 2000 to present against judgments of personal liability based on any abuse of lawful authority, or were you a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any judgment based on any abuse of lawful authority?  If yes, state:

a.  the name and address of the insurer;

b.  the name and address of the person or persons who pay the premiums;

c.  the identification number of the policy;

d.  the effective dates of each policy;

e.  the policy limits, or amount of any bond;

f.  the substance of disclaimers of liability contained in the policy.

17.  For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a

summary of grounds for each such opinion.

ESTATE OF DONTAVIUS CLIATT
By Its Attorney


_____
FULTON B. EAGLIN (P24834)
Attorney for Plaintiff

Dated:_____, 2006

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative  )
of the Estate of DONTAVIUS CLIATT,  )
  )    Case No. 3:06cv471-SRW
Plaintiff  )    Hon. Susan Russ Walker
  )
vs.  )
  )
PHENIX CITY, ALABAMA, PHENIX CITY  )
POLICE CHIEF PRESTON ROBINSON,  )
Individually, OFFICERS JOHN DOES 1-12,  )
INDIVIDUALLY, Police Officers Responding  )
to the Scene,  )
  )
Defendants.  )
_____/

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48105
(734) 665-5355; 0911fax
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, PRESTON  ROBINSON

Plaintiff, by its counsel, hereby requests that the Defendant, PRESTON

ROBINSON, answer the following interrogatories under oath, separately and fully,

within 30 days of the time of service in accordance with Rules 26 and 33 of the Federal

Rules of Civil Procedure.  In answering these interrogatories, please furnish all

information that is available to you including, but not limited to, information in the

possession of your principals, agents, attorney(s) and accountants; not merely information

known to the personal knowledge of the person preparing the answers.

These requests are deemed to be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trial.

## DEFINITIONS

1.  The term "incident" shall refer to the entire series of interactions between DONTAVIUS CLIATT and members of the Phenix City, Alabama, Police Department, or any other employers of Phenix City, Alabama, Police Department as described in the Complaint.

2.  The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage.  "Writings" shall include, without limitation, all materials of any kind including but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs.  "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.  The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4.  The term "identify" or "identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

## INTERROGATORIES

1.  What is your full name, badge or identification number, present height, weight and date of birth?

2.  With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

      a.   the name and address of any and all of your employer(s);

      b.   for each job, the nature of your work and duties;

      c.   for each job, the date and reason you left the employment;

      d.   if you were appointed to any positions, the date and term of the appointment, the person and position of the person who appointed who appointed you, and the name and address of the person or body to whom you were or are responsible.

3.  What, if any, educational requirements are prerequisite to appointment as Police Chief of the Phenix City Police Department?

4.  For any high school or institution of higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

5.  State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the Phenix City Police.

6.   Were you ever a defendant in any suit which charged you, individually or in your official capacity as Police Chief in the Phenix City Police Department, with abuse of your lawful authority?  If yes, state for each suit:

      a.   the name and address of each Plaintiff;

      b.   the name and address of each Defendant;

      c.   the nature of the cause of action;

d.  the date on which the suit was instituted;

e.  the court in which the suit was instituted;

f.  the name and address of the attorney for each party;

g.  the result of each suit that has been concluded by judgment or settlement.

7.  If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

8.  Were there in existence at the times of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the Phenix City Police Department?  If yes, state:

a.  the nature of such proceodures;

b.  the person who is responsible for implementing such procedures;

c.  any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

9.  Were either you or your employer insured during the period of time during which this incident occurred against judgments of personal liability based on any abuse of your lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, state:

a.  the name and address of the insurer;

b.  the name and address of the person or persons who pay(s) the premiums;

c.  the identification number of the policy;

d.  the effective dates of each policy;

e.  the policy limits, or amount of any bond;

f.  the substance of disclaimers of liability contained in the policy.

10.  What was your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions, and other like deductions or withholdings?

11.  Describe any investments you presently have which yield income, including the nature and amount of each investment.

12.  Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

13.  State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Dontavius Cliatt, including but not limited to the events on May 3, 2003.

14.  For each incident identified in response to Interrogatory No. 13, state

a.  the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interaction;

b.  the date, substance, and person involved in any conversation or oral report about any such incident;

c.  the identity of any forms or documents created in preparation for or response to any such interaction;

d.  the garments you were wearing at the time of each interaction;

e.  the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.  any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to Plaintiff, Dontavius Cliatt; state the

substance of each such ordinance, rule or policy and its citation, if any.

15.  Do you now or have you ever suffered from any mental disease, defect or disorder?  If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

16.  Have you ever been arrested and/or convicted of any crime whatsoever?  If yes, state the offense, date of occurrence, location and disposition of the case.

17.  Have you received any discipline from the PHENIX CITY POLICE DEPARTMENT as a result of the incident involving the Plaintiff?  If yes, state:

a.  the nature of the discipline;

b.  the facts on which such discipline was based;

c.  who ordered and who administered the disciplinary action.

18.  For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

ESTATE OF DONTAVIUS CLIATT
By Its Attorney


_____
FULTON B. EAGLIN (P24834)
Attorney for Plaintiff

Dated:_____, 2006

# **EXHIBIT B**

## UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative )
of the Estate of DONTAVIUS CLIATT, )
                                          )     Case No. 3:06cv471-SRW
Plaintiff )     Hon. Susan Russ Walker
                                            )
vs. )
                                            )
PHENIX CITY, ALABAMA, PHENIX CITY )
POLICE CHIEF PRESTON ROBINSON, )
Individually, OFFICERS JOHN DOES 1-12, )
INDIVIDUALLY, Police Officers Responding )
to the Scene, )
                                            )
Defendants. )
_____/

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48105
(734) 665-5355; 0911fax
_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO THE CITY OF PHENIX, ALABAMA

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff herein,

by its undersigned counsel, requests that the Defendant, CITY OF PHENIX,

ALABAMA, produce for inspection and copying at the offices of Plaintiff's counsel, the

documents and things described below, within 30 days of time of service of said requests

in accordance with Rule 34 of the Federal Rules of Civil Procedure.

These requests are deemed to be continuing, and Defendant has the duty to supplement their responses.

## General Instructions

1.  These requests are directed to Defendant, PHENIX CITY, ALABAMA, who will hereinafter be referred to collectively as "you" or "your."  The requests require you to produce to the Plaintiff all requested documents that are in your possession, custody, or control or in the possession, custody, or control of any of its attorneys, agents, representatives, financial advisors, accountants, or consultants.

2.  The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage.  "Writings" shall include, without limitation, all materials of any kind including but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs.  "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.  For any requested document that you claim to be protected by privilege or immunity, state as to each such document the privilege or immunity asserted and the following information:

   a.  the author(s);

   b.  the recipient(s) (including those copied);

   c.  the date;

d.  the subject matter of the document; and

e.  the basis for the claim of privilege or immunity.

4.  As used herein, the singular shall include the plural, and *vice versa*.

5.  As used herein, "or" shall include "and/or."

6.  The term "concerning" means referring to, describing, evidencing, or constituting.

7.  The term "Internal Affairs Bureau" shall include any department, division, board, committee or file in which police misconduct complaints are lodged, investigated and/or filed, and/or any department, division, board or committee which supervises and monitors the conduct of police officers.

8.  If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any persons having knowledge of the content of such documents.

## Requests for Production

1.  Any and all documents which are in your possession concerning the series of incidents described in the Complaint.

This includes, but is not limited to:

a.  any and all reports or forms describing any aspect of these events;

b.  any and all incident reports;

c.  any and all tickets or citations; and

d.  statements and/or interviews of witnesses, informants, the plaintiff, and any police officers or other persons who had any role in, or contact with the case.

2.  Any and all documents that comprise or are part of the personnel file of the Defendant, PRESTON ROBINSON, including his disciplinary record, and any other documents in the possession of a defendant that concern his hiring, training, duties, performance, assignments, and mental and physical condition.

3.  Any and all documents concerning or at all relevant to any formal or informal complaint made against or about the Defendant, PRESTON ROBINSON, from any source and concerning any subject matter.

This includes, but is not limited to:

a.  documents concerning all complaints and other disciplinary or police review of activities listed for Defendant, PRESTON ROBINSON, in the file maintained by the Internal Affairs Bureau;

b.  the complete documents concerning each incident listed on the disciplinary record for Defendant, PRESTON ROBINSON;

c.  the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Phenix City Police Department concerning Defendant, PRESTON ROBINSON;

d.  all information contained in the computers maintained by the Phenix City Police Department or any other division of the Phenix City Police Department concerning the complaints made against the Defendant, PRESTON ROBINSON, including, but not limited to, the information which is retrievable by computer codes.

4.  For the period of January 1, 2001, to the current date, all police guidelines, directives, policy statements, procedures, and training materials, in any form and of any type, concerning police policy, custom or practice regarding:

a.  discipline of officers generally;

b.  specific discipline for the violation of constitutional rights;

c.  the procedure for any police activity described in the Complaint.

5.  Copies of all Internal Affairs Bureau annual reports and case logs from January 1, 2001, to date.

6.  Any and all documents concerning audits, reports, evaluations, consulting studies, and/or similar reviews of the performance of your Internal Affairs Bureau, whether by evaluators or other persons within or from without your Department, from January 1, 2001, to date.


ESTATE OF DONTAVIUS CLIATT
By Its Attorney


_____
FULTON B. EAGLIN (P24834)
Attorney for Plaintiff

Dated:_____, 2006

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, | ) ) | |
| | ) | Case No.: 3:06cv471-SRW |
| Plaintiff | ) | Hon. Susan Russ Walker |
| | ) | |
| vs. | ) | |
| | ) | |
| PHENIX CITY, ALABAMA, PHENIX CITY POLICE CHIEF PRESTON ROBINSON, Individually, OFFICERS JOHN DOES 1-12, INDIVIDUALLY, Police Officers Responding to the Scene, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____/
Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48105
(734) 665-5355; 0911fax

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PRESTON ROBINSON

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the ESTATE OF DONTAVIUS CLIATT, the Plaintiff herein, by its undersigned counsel, requests that the Defendant, PRESTON ROBINSON, produce for inspection and copying at the offices of Plaintiff's counsel, the documents and things described below, within 30 days of time of service of said requests in accordance with Rule 34 of the Federal Rules of Civil Procedure.

These requests are deemed to be continuing, and Defendant has the duty to supplement their responses.

## General Instructions

1.  These requests are directed to Defendant, PRESTON ROBINSON, who will hereinafter be referred to collectively as "you" or "your." The requests require you to produce to the Plaintiff all requested documents that are in your possession, custody, or control or in the possession, custody, or control of any of its attorneys, agents, representatives, financial advisors, accountants, or consultants.

2.  The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind, including but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.  For any requested document that you claim to be protected by privilege or immunity, state as to each such document the privilege or immunity asserted and the following information:

    a.  the author(s);

    b.  the recipient(s) (including those copied);

    c.  the date;

    d.  the subject matter of the document; and

    e.  the basis for the claim of privilege or immunity.

4.  As used herein, the singular shall include the plural, and *vice versa*.

5.  As used herein, "or" shall include "and/or."

6.  The term "concerning" means referring to, describing, evidencing, or constituting.

7.  The term "Internal Affairs Bureau" shall include any department, division, board, committee or file in which police misconduct complaints are lodged, investigated and/or filed, and/or any department, division, board or committee which supervises and monitors the conduct of police officers.

8.  If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any persons having knowledge of the content of such documents.

## Requests for Production

1.  Any and all documents which are in your possession concerning the series of incidents described in the Complaint.  This includes, but is not limited to:

  a.  any and all reports or forms describing any aspect of these events;

  b.  any and all incident reports;

  c.  any and all tickets or citations; and

  d.  statements and/or interviews of witnesses, informants, the Plaintiff, and any police officers or other persons who had any role in, or contact with the case.

2.  Any and all documents that comprise or are part of your personnel file, including the disciplinary record, and any other documents concerning your hiring, training, duties, performance, assignments, and mental and physical condition.

3.  Any and all documents concerning or at all relevant to any formal or informal complaint made against or about you, from any source and concerning any subject matter.

This includes, but is not limited to:

a.  documents concerning all complaints and other disciplinary or police review of activities by the Internal Affairs Bureau;

b.  the complete documents concerning each incident listed on your disciplinary record;

c.  the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Phenix City Police Department;

d.  all information contained in the computers maintained by the Internal Affairs Bureau of the Phenix City Police Department or any other Division of the Phenix City Police Department, including but not limited to, the information which is retrievable by computer codes.

4.  All police materials which are in your possession and relevant to this incident, including, but not limited to, guidelines, directives, policy statements, procedures, and training materials, in any form and of any type, concerning police policy, custom or practice regarding:

a.  discipline of officers generally;

b.  specific discipline for the violation of constitutional rights.

ESTATE OF DONTAVIUS CLIATT

By_____

Dated: September 13, 2006          FULTON B. EAGLIN (P24834)
                                   Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative )
of the Estate of DONTAVIUS CLIATT, )
  )  Case No.: 3:06cv471-SRW
Plaintiff )  Hon. Susan Russ Walker
  )
vs. )
  )
PHENIX CITY, ALABAMA, PHENIX CITY )
POLICE CHIEF PRESTON ROBINSON, )
Individually, OFFICERS JOHN DOES 1-12, )
INDIVIDUALLY, Police Officers Responding )
to the Scene, )
  )
Defendants. )
_____/

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48105
(734) 665-5355; 0911fax

Joshua R. McKoon (MCK057)
McKoon, Thomas & McKoon
925 Broad St.
P.O. Box 3220
Phenix City, AL  36868-3220
(334) 297-2300
_____/


## BRIEF IN SUPPORT OF MOTION TO COMPEL

     NOW COMES PLAINTIFF, ROSIE CLIATT, by and through her attorney,

FULTON B. EAGLIN, and for her Brief in Support of Motion to Compel, states unto this

Honorable Court as follows:

The Federal Rules of Procedure provide for discovery and rule 37(b)(2) outlines a number of sanctions that can be imposed for a party failing to provide discovery, including the granting of judgment in the Plaintiff's favor. For a full discussion of the sanctions which can be applied see *Levin and Associates vs. Rogers*  Case No. 94-4368, 94-4586, and 96-4345 decided by the 11th Circuit Court of Appeals on September 29, 1998.

/S/_____

Fulton B. Eaglin (P24834)
Attorney for Plaintiff Rosie Cliatt
220 E. Huron, Suite 210
Ann Arbor, MI  48104
(734) 665-5355; 0911fax
Email: fbeaglin@aol.com


September 13, 2006

.