IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT,<br><br>Plaintiff<br><br>v.<br><br>PHENIX CITY, ALABAMA, PHENIX CITY POLICE CHIEF PRESTON ROBINSON, Individually, OFFICERS JOHN DOES 1-12, Individually, Police Officers Responding to the Scene,<br><br>Defendants. | Case Number:<br><br>3:06-CV-0471-SRW |

## DEFENDANTS' REPLY TO PLAINTIFF'S ANSWER AND BRIEF IN SUPPORT OF SAME TO MOTION TO DISMISS

COME NOW Defendants Phenix City, Alabama, Phenix City Police Chief Preston Robinson, Individually, Officers John Does 1-12, Individually and Police Officers Responding to the Scene and files this their Reply to Plaintiff's Answer and Brief in Support of Same to Defendants' Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) in lieu of an answer and shows as follows:

### FACTS

Defendants generally deny the factual allegations asserted in Plaintiff's Answer to Defendants' Motion to Dismiss and Brief in Support of Same with one exception: that the acts complained of by Plaintiff occurred on May 3, 2003.

PDF created with pdfFactory trial version www.pdffactory.com

## I.    Plaintiff Counsel's Assertion That Fraudulent Conduct Inhibiting Filing This Claim is Unfounded.

The Plaintiff initially conceded that Defendants' position regarding the applicable statute of limitations for a federal claim where there is no federal statute of limitations. See Plaintiff's Answer at p. 5, "When a case is brought in federal court under a federal right to claim and there is no federal statute of limitations, the limitations of the state which it sits in will be input to the federal court." The Plaintiff then goes on to state that the state statute of limitations is not controlling in a federal claim, which seems to directly contradict the above quotation from Plaintiff's own pleading. It appears that Plaintiff's position is that some fraudulent conduct took place that inhibited the Plaintiff from bringing suit in a reasonable time. In support of this position, the Plaintiff cites several cases which are addressed below.

First, the Plaintiff cites Pollard v. United States, 384 F. Supp. 304, 306 (U.S. Dist. 1974). This case involved the United States Government's conduct of a syphilis study at the Tuskegee Institute in which the participants were never informed of the fact that they were being infected with syphilis and was only discovered decades later in an investigation in the 1970s. See Pollard at 312. Unlike Pollard, this Plaintiff was not unaware of the potential claims against the Defendants in this case, as evidenced by the numerous attorneys contacted and the filing of a notice of claim against Defendants. See Plaintiff's Answer at pp. 3-5. The Plaintiff cannot maintain with any degree of credibility the notion that the federal government's pattern of concealment with respect to the Tuskegee Syphilis Study is in any way comparable to the alleged denial of the Russell County District Attorney to disclose to the Plaintiff a tape of an interview with Denise Williams, the decedent's girlfriend. It should also be noted that the first attempt to

2

PDF created with pdfFactory trial version www.pdffactory.com

acquire this tape was June 22, 2005, some two months after the statute of limitations had expired in this case. See Plaintiff's Answer at pp. 3-5.

Second, the Plaintiff cites Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946). That case involved an equitable right created and to be enforced by Congress or the federal government. The Court elaborated that:

> The present case concerns not only a federally-created right but a federal right for which the sole remedy is in equity. Wheeler v. Greene, 280 U.S. 49; Christopher v. Brusselback, 302 U.S. 500; Russell v. Todd, 309 U.S. 280, 285. And so we have the reverse of the situation in Guaranty Trust Co. v. York, supra. We do not have the duty of a federal court, sitting as it were as a court of a State, to approximate as closely as may be State law in order to vindicate without discrimination a right derived solely from a State. We have the duty of federal courts, sitting as national courts throughout the country, to apply their own principles in enforcing an equitable right created by Congress. When Congress leaves to the federal courts the formulation of remedial details, it can hardly expect them to break with historic principles of equity in the enforcement of federally-created equitable rights.

Holmberg at 395. Clearly the situation in Holmberg is not the situation in the case presently before the Court. In Holmberg there was an action brought under federal securities law that dealt with an equitable issue. In this case we have a 42 USC 1983 action that is clearly governed by the applicable state statute of limitation. See Lanier v. City of Selma, 1997 U.S. Dist. LEXIS 8122 (1997) as follows:

3

PDF created with pdfFactory trial version www.pdffactory.com

The proper statute of limitations for all actions arising out of 42 U.S.C. 1983 is the forum state's general or residual statute of limitations for personal injury actions. Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Alabama's general statute of limitations for personal injury actions is two (2) years. See Code of Alabama 6-2-38(l). Any action arising under 42 U.S.C. 1983 filed in any federal court sitting in Alabama must be filed within two (2) years of the incident that is the basis of the complaint. Jones v. Preuit & Mauldin, 876 F.2d 1480 (11th Cir. 1989).

Finally, the Plaintiff cites Long v. Hodges, 539 So. 2d 238. This case stands for the proposition that the two year statute of limitations applies to 42 USC 1983 actions in Alabama. The Plaintiff goes on to state that she could not get an attorney to file this lawsuit until after the statutory period had run, that she did not get the autopsy report until 2004 and that her present attorney was denied access to an audiotape of an interview with Denise Williams in June of 2005. Yet, Plaintiff cannot cite any authority that the failure to find an attorney willing to file suit tolls the applicable statute of limitations. To the extent any fraud is alleged by the Plaintiff, the alleged fraud occurred after the statute of limitations had expired. But whatever fraudulent concealment allegedly existed, it was not sufficient to prevent the Plaintiff from filing a notice of claim on April 6, 2004, over a year prior to the expiration of the statute of limitations. See Exhibit C to Plaintiff's Answer. She was also advised by no fewer than five attorneys of the necessity to file her claim within the statutory period. See Exhibits 3a-3e to Plaintiff's Answer. More specifically the letter referenced in Exhibit 3e stated, "**…this letter will confirm that if you wish to file a wrongful death lawsuit, you must do so no later than May 3, 2005.**

4

PDF created with pdfFactory trial version www.pdffactory.com

**Any claim you intend to pursue must be filed before the expiration of the limitations period. Failure to file your claim before the expiration period will result in an absolute bar to your right to seek damages or restitution.**"

It should also be noted that counsel for the Plaintiff has attempted to plead using fictitious parties as Defendants. This does not appear to be allowed under existing case law in this jurisdiction. See Alabama Rule of Civil Procedure 9, comment to subparagraph (h).

In summary, the law clearly provides for a two year statute of limitations for a 42 USC 1983 action brought in federal court in Alabama. The Plaintiff failed to bring such an action. The record lends no support to Plaintiff's claim that her failure to file this action was due to unknown facts or fraudulent concealment by Defendants from the Plaintiff. Instead, the record affirmatively shows Plaintiff felt she had a cause of action against Defendants at least as of May 21, 2003, as evidenced by the letter from J. Farrest Taylor submitted with the Plaintiff's own Answer/Response to Defendants' Motion to Dismiss. The Plaintiff was not defrauded into her failure to file an action, in fact the Plaintiff has shown this Court that she filed a notice of claim in 2004 and that she retained no fewer than five separate attorneys to represent her with respect to this claim, the first of which on or before May 21, 2003. The Plaintiff could have filed this action pro se within the limitations period but failed to do so, ignoring the advice of her own attorneys. Now over a year later the Plaintiff wants this Court to abrogate years of established law on the subject of the limitations period, attempting to compare her case to that of victims of the Tuskegee Syphilis Study. Plaintiff's argument is without

5

PDF created with pdfFactory trial version www.pdffactory.com

foundation within the law and should be rejected by this Court and Defendants' Motion to Dismiss should be granted.

## CONCLUSION

Therefore the Defendants respectfully request that all of the claims in the Plaintiff's Complaint be dismissed with prejudice.

This 10th day of October, 2006.

MCKOON, THOMAS & MCKOON

*/s/Joshua R. McKoon*
By:_____
Joshua R. McKoon
State Bar No. MCK057

*/s/James R. McKoon, Jr.*
By:_____
James R. McKoon, Jr.
State Bar No. MCK020

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

*/s/James P. Graham, Jr.*
By:_____
State Bar No. GRA030

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

  Fulton B. Haglin
  220 E. Huron, Suite 210
  Ann Arbor, Michigan 48104

*/s/Joshua R. McKoon*
_____
Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com