## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, ) ) ) | |
| Plaintiff ) ) | Case Number: |
| v. ) ) | 3:06-CV-0471-SRW |
| PHENIX CITY, ALABAMA, PHENIX CITY POLICE CHIEF PRESTON ROBINSON, Individually, OFFICERS JOHN DOES 1-12, Individually, Police Officers Responding to the Scene, ) ) ) ) ) ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSE TO COURT'S SHOW CAUSE ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

COME NOW Defendants Phenix City, Alabama, Phenix City Police Chief Preston Robinson, Individually, Officers John Does 1-12, Individually and Police Officers Responding to the Scene and files this their Response to Court's Show Cause Order On Plaintiff's Motion for Sanctions and shows as follows:

### FACTS

Complaint was filed in this matter on May 25, 2006 and served on Defendants on June 2, 2006. Defendants filed a Motion to Dismiss in lieu of an Answer on June 22, 2006. This Court issued an Order requiring the Plaintiff to file its Response to Defendants' Motion to Dismiss on or before July 14, 2006. On July 13, 2006, Plaintiff filed its Answer/Response to Defendants' Motion to Dismiss. Plaintiff served Defendants with various discovery requests before a scheduling order was entered in this case and while Defendants' Motion to Dismiss was still pending. Plaintiff filed a Motion to Compel and a Motion for Sanctions on September 13, 2006, before a scheduling order

was entered in this case and while Defendants' Motion to Dismiss was still pending. This Court issued a scheduling order on September 14, 2006, while Defendants' Motion to Dismiss was still pending. This Court granted Plaintiff's Motion to Compel and ordered Defendants to show cause why Plaintiff's Motion for Sanctions should not be granted on September 27, 2006, while Defendants' Motion to Dismiss is still pending today. Defendants' actions in not responding to Plaintiff's outstanding discovery was based upon the good faith belief that discovery was not to be entered into until after resolution of Defendants' pending Motion to Dismiss for the reasons stated hereinbelow.

### I.     Defendants did not respond to Plaintiff's discovery because Plaintiff's discovery issued before the Rule 26(f) Conference was held.

Federal Rule of Civil Procedure 26(d) provides in pertinent part that:

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." By Plaintiff's own admission, her discovery was submitted to Defendants on July 13, 2006, some two weeks before the parties were scheduled to participate in the Rule 26(f) conference. That conference did not take place but Defendants did not object to the report offered by Plaintiff on August 2, 2006. No discovery request has been served upon Defendants since August 2, 2006. Therefore Defendants have not yet been served as provided by the applicable Rules to require them to respond. However, contemporaneously with this filing Defendants are responding to Plaintiff's discovery requests, even though they were not served in accordance with Rule 26(d).

2

PDF created with pdfFactory trial version www.pdffactory.com

## II.     Defendants did not respond to Plaintiff's discovery because Plaintiff's Motion to Dismiss is still pending and if granted would moot discovery requests.

The Defendants' Motion to Dismiss in this matter is still pending as of the date of this filing.  As shown in that Motion and the Reply to Plaintiff's Answer/Response to Defendants' Motion to Dismiss being filed contemporaneously with this filing, Defendants felt it prudent to await the Court's ruling on the Motion to Dismiss before investing time, effort and expense, in responding to Plaintiff's discovery requests.  For if the Court grants Defendants' Motion to Dismiss, then this action will be terminated and any pending discovery request will be moot.  Since the Motion to Dismiss is premised upon the facts as pled in Plaintiff's Complaint, the Defendants felt it appropriate to await the Court's ruling on the Motion before responding to discovery thereby potentially avoiding unnecessary expenditure of time, effort and legal fees to Defendants.  The Eleventh Circuit Court of Appeals has recognized the advisability of resolving a facial challenge to a Plaintiff's claim such as a Motion to Dismiss, prior to any discovery taking place.  As the Eleventh Circuit stated in Chudasama v. Mazda Motor Corp., 123 F. 3d 1353, 1367 (11th Cir., 1997):

> Failure to consider and rule on significant pretrial motions before issuing dispositive orders can be an abuse of discretion. See, e.g., In re School Asbestos Litig., 977 F.2d 764, 792-93 (3d Cir.1992) (granting writ of mandamus as remedy for district court's "arbitrary refusal to rule on a summary judgment motion"); Ellison v. Ford Motor Co., 847 F.2d 297, 300-01 (6th Cir.1988) (finding district court's failure to rule on motion to amend complaint before granting summary judgment abuse of discretion); McDonnell Douglas Corp. v. Polin, 429 F.2d 30, 31 (3d Cir.1970) (directing district court to consider and rule on motion to transfer before discovery on the merits of the case (but after discovery related solely to transfer issue)). Resolution of a pretrial motion that turns on findings of fact--for example, a motion to dismiss for lack of personal jurisdiction pursuant to

3

PDF created with pdfFactory trial version www.pdffactory.com

Fed.R.Civ.P. 12(b)(2)--may require some limited discovery before a meaningful ruling can be made. Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, n35 should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. See Mitchell v. Duval County Sch. Bd., 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. See Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

In this case there is a purely legal question, namely whether or not the Plaintiff is allowed to sue the Defendants under its various claims three years after such claims accrued under Alabama law.  In good faith, counsel for Defendants felt that no discovery needed to be completed for the Court to determine the answer to that question.  Once that question is answered, either the Defendants will be relieved from any further liability to provide discovery in the event that the Motion to Dismiss is granted or the Defendants would provide discovery knowing that the case is going forward and such discovery is necessary for the prosecution of the case.  In retrospect, Defendants should have filed a Motion to Stay in response to Plaintiff's Motion to Compel, which was filed two weeks ago.  However, Defendants' attorney thought strongly and in good faith that the Eleventh Circuit's position concerning ruling upon Motions to Dismiss for failure to state a claim before requiring discovery to go forward, allowed the Defendants to await that ruling before responding to discovery.

4

PDF created with pdfFactory trial version www.pdffactory.com

## CONCLUSION

Therefore the Defendants respectfully request that since Defendants have responded to all of the discovery requests served by the Plaintiff and since the Defendants believed in good faith that they were entitled to await the ruling on their Motion to Dismiss before responding to Plaintiff's discovery requests (which were the subject of the Motion to Compel and Motion for Sanctions) that the Motion for Sanctions, should be denied.

This 10th day of October, 2006.

MCKOON, THOMAS & MCKOON

*/s/Joshua R. McKoon*

By:_____
Joshua R. McKoon
State Bar No. MCK057

*/s/James R. McKoon, Jr.*

By:_____
James R. McKoon, Jr.
State Bar No. MCK020

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

THE GRAHAM LEGAL FIRM

*/s/James P. Graham, Jr.*

By:_____
State Bar No. GRA030

Post Office Box 3380
Phenix City, Alabama 36868-3380
334.291.0315
facsimile 334.291.9136

Counsel for Defendants

5

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

  Fulton B. Haglin
  220 E. Huron, Suite 210
  Ann Arbor, Michigan 48104

*/s/Joshua R. McKoon*
_____
Counsel for Defendants

6

PDF created with pdfFactory trial version www.pdffactory.com