IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT,<br><br>Plaintiff<br><br>v.<br><br>PHENIX CITY, ALABAMA, PHENIX CITY POLICE CHIEF PRESTON ROBINSON, Individually, OFFICERS JOHN DOES 1-12, Individually, Police Officers Responding to the Scene,<br><br>Defendants. | Case Number:<br><br>3:06-CV-0471-SRW |

## DEFENDANTS' MOTION FOR SANCTIONS

COME NOW Defendants Phenix City, Alabama, Phenix City Police Chief Preston Robinson, Individually, Officers John Does 1-12, Individually and Police Officers Responding to the Scene and files this their Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and shows as follows:

## FACTS

Complaint was filed in this matter on May 25, 2006 and served on Defendants on June 2, 2006, more than three years after the May 3, 2003 shooting that is the basis of all of Plaintiff's claims. Defendants filed a Motion to Dismiss in lieu of an Answer on June 22, 2006. This Court issued an Order requiring the Plaintiff to file its Response to Defendants' Motion to Dismiss on or before July 14, 2006. On July 13, 2006, Plaintiff filed its Answer/Response to Defendants' Motion to Dismiss. Plaintiff served Defendants with various discovery requests before a scheduling order was entered in this case and while Defendants' Motion to Dismiss was still pending. Plaintiff filed a Motion

PDF created with pdfFactory trial version www.pdffactory.com

to Compel and a Motion for Sanctions on September 13, 2006, before a scheduling order was entered in this case and while Defendants' Motion to Dismiss was still pending. This Court issued a scheduling order on September 14, 2006, while Defendants' Motion to Dismiss was still pending. This Court granted Plaintiff's Motion to Compel and ordered Defendants to show cause why Plaintiff's Motion for Sanctions should not be granted on September 27, 2006, while Defendants' Motion to Dismiss is still pending today.

## I.     Plaintiff's Filing of this Action Authorizes Sanctions Under Rule 11 Since It Constitutes A Willful Filing of a Baseless Complaint

The opinion rendered by the United States District Court for the Eastern District of Virginia in Jaffe v. Goodwin, 2004 U.S. DIST LEXIS 28129 (E.D. Va. 2004) outlines the standard for sanctions to be imposed upon a party for violation of Federal Rule of Civil Procedure 11 as follows:

> According to the Supreme Court of the United States, Rule 11 "imposes on any party who signs a pleading, motion or other paper ... an affirmative duty to conduct a reasonable inquiry into the facts and law before filing." Business Guides v. Chromatic Communications Enters., Inc., 498 U.S. 533, 112 L. Ed. 2d 1140, 111 S. Ct. 922 (1991) (emphasis added). The United States Court of Appeals for the Fourth Circuit has outlined the three elements of the reasonable inquiry analysis as follows:
>
> (1) whether the plaintiff made a reasonable inquiry to determine that the complaint stood well grounded in fact; (2) whether the plaintiff made a reasonable inquiry to determine that the complaint was warranted by existing law; and (3) whether the complaint was filed for an **improper purpose.**
>
> In re Kunstler, 914 F.2d 505, 523 (4th Cir. 1990). In Brubaker v. City of Richmond, the Fourth Circuit held that "to be reasonable, the prefiling factual investigation must uncover some information to support the allegations in the complaint." 943 F.2d 1363, 1373 (4th Cir. 1991). As to the prefiling legal investigation, Brubaker held that Rule 11 is violated "where the complaint

2

PDF created with pdfFactory trial version www.pdffactory.com

has absolutely no chance of success under existing precedent." Id. Finally, the Court of Appeals has held that "**improper purpose**" may be inferred when a party willfully files a **baseless** complaint. See In re Kunstler 914 F.2d at 519.

In this matter, there can be no doubt that a reasonable prefiling investigation would have led Plaintiff's Counsel to relevant precedents regarding the applicable statute of limitation for 42 USC 1983 actions brought in a federal court sitting in the State of Alabama which were outlined in great detail in Defendants' Motion to Dismiss and Defendants' Reply to Plaintiff's Answer/Response to Defendants' Motion to Dismiss. That would have made it clear to Plaintiff's Counsel that his filing of the Complaint in this matter would constitute a willful filing of a baseless complaint, which is considered an improper purpose under Rule 11.  Ample precedent exists for the proposition that where a reasonable investigation would have revealed that a Complaint was barred by the applicable statute of limitations and the Complaint is filed anyway, that the imposition of sanctions is authorized.  Estate of Blue v. County of Los Angeles, 120 F. 3d 982, 985 (9th Cir. 1997).  In the Blue case, an innocent bystander was shot by police officers during the robbery of a liquor store.  The Plaintiff filed first in federal court, then state court and ultimately dismissed the federal action voluntarily and then attempted to refile it after California's one year statute of limitations had expired.  The trial court's finding that to refile after the expiration of the statute of limitations authorized the imposition of sanctions and that was upheld by the United States Court of Appeals for the Ninth Circuit, which stated:

> Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is **frivolous,** legally unreasonable, or without factual foundation, or is brought for an improper purpose. Simpson v. Lear Astronics Corp., 77 F.3d 1170 (9th Cir. 1996). **Frivolous** filings are "those that are both baseless and made without a reasonable and

3

PDF created with pdfFactory trial version www.pdffactory.com

competent inquiry." Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997) (quotation marks omitted). When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions **[\*\*10]** may be imposed within the district court's discretion. See id.

In this case, the district court determined that "Plaintiffs' Complaint is **frivolous,** and therefore, is subject to Rule 11 sanctions. Based on the procedural history of this case, Plaintiffs' Complaint offers no reasonable basis for which an action could proceed." We cannot say that the district court abused its discretion in awarding sanctions. A reasonable investigation would have revealed that the § 1983 claim was barred by the statute of limitations.

Much like Blue this case involves a police shooting and a filing of a Complaint in federal court after the applicable Alabama statute of limitation had expired.  In this case, all Plaintiff's Counsel had to do was to review the letter from attorney Geraldine Battle-Hodge which contained the following :

> **…this letter will confirm that if you wish to file a wrongful death lawsuit, you must do so no later than May 3, 2005.  Any claim you intend to pursue must be filed before the expiration of the limitations period.  Failure to file your claim before the expiration period will result in an absolute bar to your right to seek damages or restitution**

This letter should have been reviewed by Plaintiff's Counsel during a reasonable prefiling investigation.  It demonstrated, along with the four other similar letters in the file and the previous filing of a notice of claim, that this case was outside the statute of limitations and that there was no equitable tolling of the statute of limitations.  However, Plaintiff's Counsel filed this action anyway, which has already cost the Defendants hours of time and legal fees.  The filing of the Motion to Compel and subsequent Order of this Court has required the expenditure of additional time and resources to prepare and file the

4

PDF created with pdfFactory trial version www.pdffactory.com

response to the Show Cause Order and the Reply to Plaintiff's Motion to Dismiss, not to mention the countless hours spent preparing responses to Plaintiff's discovery requests in compliance with this Court's Order. All to defend against an action that was over a year out of time and for which Counsel for the Plaintiff's sole response is that there was fraudulent concealment in this matter which tolled the case, consisting entirely of the fact that he did not receive information requested from the District Attorney of Russell County on **June 22, 2005** some seven weeks after the statute of limitations had already expired in this matter.

This action is the definition of sanctionable conduct and could be pointed to as an example of why Rule 11 exists, to protect parties from litigation filed by attorneys that know the action filed is frivolous at the moment it is filed. The Defendants had initially refrained from filing for sanctions under Rule 11, viewing that remedy as an extreme option only to be utilized when a simple dismissal of the action will not return the Defendants to the position they were in prior to the filing of this action. But now due to Plaintiff's Motion to Compel, onerous discovery requests and Plaintiff's Motion for Sanctions to which Defendant's Counsel has spent hours responding, Defendants feel they have no choice but to seek monetary sanctions in terms of a reasonable attorneys fee to recompense them for expenses they never should have had to bear in the first place.

## **CONCLUSION**

Therefore the Defendants respectfully request that in addition to this action being dismissed with prejudice, that sanctions, in the form of a reasonable attorneys fee for defending this action to date be imposed upon the Plaintiff.

This 10th day of October, 2006.

5

PDF created with pdfFactory trial version www.pdffactory.com

|  |  |
|---|---|
|  | MCKOON, THOMAS & MCKOON |
|  | */s/Joshua R. McKoon*<br>By:_____<br>    Joshua R. McKoon<br>    State Bar No. MCK057 |
|  | */s/James R. McKoon, Jr.*<br>By:_____<br>    James R. McKoon, Jr.<br>    State Bar No. MCK020 |
| 925 Broad Street<br>Post Office Box 3220<br>Phenix City, Alabama 36868-3220<br>334.297.2300<br>facsimile 334.297.2777<br><br>Counsel for Defendants |  |
|  | THE GRAHAM LEGAL FIRM<br><br>*/s/James P. Graham, Jr.*<br>By:_____<br>    State Bar No. GRA030 |
| Post Office Box 3380<br>Phenix City, Alabama 36868-3380<br>334.291.0315<br>facsimile 334.291.9136<br><br>Counsel for Defendants |  |

6

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

    Fulton B. Haglin
    220 E. Huron, Suite 210
    Ann Arbor, Michigan 48104

*/s/Joshua R. McKoon*
_____
Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com