IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:06cv471-SRW (WO) |
| PHENIX CITY, ALABAMA, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

This action is presently before the court on defendants' response to plaintiff's motion for sanctions. Plaintiff seeks sanctions for defendants' failure to respond to her discovery requests. By order entered on October 19, 2006, the court granted plaintiff's motion to compel and directed defendants to show cause why the motion for sanctions should not be granted. Defendants respond that they were not required to respond to the discovery requests because: (1) they were served on July 13, 2006, before the parties' planning meeting; and (2) this court has not yet ruled on defendants' motion to dismiss.

Defendants correctly observe that Rule 26 does not permit discovery before the Rule 26(f) conference, and that plaintiff's discovery requests were served on defendant two weeks before the report of the planning meeting was due. In this case, despite the court's order reminding the parties of their obligation to meet and setting a deadline of August 2, 2006 for the report, plaintiff's counsel was compelled to submit a report unilaterally – without a planning conference – because of defense counsel's refusal to confer with plaintiff's counsel.

Plaintiff's motion to compel was filed six weeks after the Rule 26(f) report. The court rejects defendants' contention that they had no obligation to respond to the discovery requests unless plaintiff re-served the requests after the Rule 26(f) report.

Defendants next argue that "[d]efendants did not respond to Plaintiff's discovery because Plaintiff's Motion to Dismiss is still pending and if granted would moot discovery requests." (Doc. # 24, p. 3). Defendants' contention that their motion to dismiss operated to stay discovery automatically is without merit, and defendants have not moved to stay discovery. However, in view of counsel's explanation of his reasons for his failure to respond to discovery, the court will not impose sanctions.

Accordingly, it is

ORDERED that plaintiff's motion for sanctions (Doc. # 14) is DENIED.[1]

DONE, this 18th day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to refusing to confer with plaintiff's counsel regarding the discovery plan, defendant's counsel twice missed the court's deadlines for filing the forms consenting to or opting out of Magistrate Judge jurisdiction. See Doc. # 8 (June 23, 2006 order setting July 14, 2006 deadline), Doc. # 10 (July 20, 2006 order setting August 2, 2006 deadline), and Doc. # 13 (defendants' consent form filed on August 10, 2006). All counsel must comply with deadlines established by the court, and must confer as required, whether or not they believe that the opposing parties' positions have merit, so long as this action remains pending.