UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, | )<br>)<br>) |
| Plaintiff | ) Case No.: 3:06cv471-SRW<br>) Hon. Susan Russ Walker |
| vs. | )<br>)<br>) |
| PHENIX CITY, ALABAMA, PHENIX CITY POLICE CHIEF PRESTON ROBINSON, Individually, OFFICERS JOHN DOES 1-12, INDIVIDUALLY, Police Officers Responding to the Scene, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

_____/

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48105
(734) 665-5355; 0911fax

Joshua R. McKoon (MCK057)
McKoon, Thomas & McKoon
925 Broad St.
P.O. Box 3220
Phenix City, AL  36868-3220
(334) 297-2300
_____/

## ANSWER TO DEFENDANTS' MOTION FOR SANCTIONS

NOW COMES PLAINTIFF, ROSIE CLIATT, by and through her attorney, FULTON B. EAGLIN, and for her Answer to Defendant's Motion for Sanctions states as follows:

1. Plaintiff and her counsel filed an action in this case against Defendants.

1

2. Plaintiff's action reveals there may have been a cover-up by the local police authorities, in that they knew from the date of the shooting, that Mariette Williams, who was in the car at the time Dontavius Cliatt was killed, alleged the police shot first at Mr. Cliatt, which in turn caused him to respond, and ultimately ended with the police terminating his life. See excerpt of written statements of police investigators from interviews with Denise Mariette Williams attached hereto as Exhibit A. A tape of this interview exists, and while requested by this Attorney as part of his discovery request, still has not been provided to him.

3. That Plaintiff attempted on numerous occasions to obtain counsel to handle this case without any success.

4. That plaintiff filed this case in good faith, and that there is indeed a meritorious claim.

5. That all the information which would lead to an understanding that there is indeed a meritorious claim was, and continues to be, in the hands of the Defendants.

6. That all the cases cited by Defendants require Plaintiff and her counsel to (a) believe her case is grounded in fact; Plaintiff believed this to be true, and the facts as they are being uncovered support this belief: (2) Plaintiff's complaint if true, and it appears to be true, is indeed supported by existing law; and (3) Plaintiff's complaint was not filed for an improper purpose, namely to right a wrong done to her son, the unauthorized taking of his life.

7. This counsel journeyed from Michigan to Alabama, read the court file of Mariette Williams and inquired of the local district attorney for materials involving the facts of this case before filing same.

8. That the local district attorney refused to provide information which would help determine whether there was a cause of action in this matter.

9. That this counsel knew of the statute of limitations issue, but found existing precedent which negated same in some instances, and has cited same to this court in this case.

10. This court, though presented sometime ago by Defendants with a Motion to Dismiss, has refused to do same and forced Defendants to engage in discovery.

WHEREFORE, Plaintiff requests this court deny Defendant's Motion for Sanctions, and cause them to pay Plaintiff and her counsel for having to defend this motion so wrongfully brought.

/s/ Fulton B. Eaglin

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI 48104
(734) 769-1668; 0911fax
fbeaglin@aol.com
October 25, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to JOSHUA R. MC KOON.

/S/ Fulton B. Eaglin

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI 48104
(734) 665-5355; 0911fax
fbeaglin@aol.com