IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSIE CLIATT, as Personal | ) | |
| Representative of the | ) | |
| Estate of DONTAVIUS CLIATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06cv471-SRW |
| | ) | (WO) |
| PHENIX CITY, ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is presently before the court on defendants' motion to dismiss (Doc. # 6).

Defendants contend that this action is barred by the statute of limitations. Plaintiff Rosie

Cliatt, personal representative of the estate of Dontavius Cliatt, brings wrongful death claims

pursuant to state law and 42 U.S.C. § 1983 against defendants arising from the shooting

death of Dontavius Cliatt on May 3, 2003. The present action was filed on May 25, 2006,

over three years after the incident at issue. Defendants argue that plaintiff's state law claims

are barred by the two-year statute of limitations set forth in Ala. Code § 6-5-410(d) and that

her § 1983 claims are likewise barred by the two-year statute of limitations for such claims.

Upon consideration of the motion, the court concludes that it is due to be granted in part and

denied in part.

### Motion to Dismiss Standard

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a

doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997)(emphasis in original)(citation omitted).

### § 1983 Claims

As defendants argue, the statute of limitations applicable to plaintiff's § 1983 claims is two years.  See Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989)("After Owens [v. Okure, 488 U.S. 235 (1989)], the two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions in Alabama.").  "Federal law determines when the statute of limitations begins to run; generally, 'the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006)(quoting Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003)).  Thus,

"Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. . . . Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)(citation omitted).

This action is before the court on a motion to dismiss.  Accordingly, the court considers only the complaint and the exhibit attached to the complaint. "Dismissal under Federal Rule of Civil Procedure 12(b)(6) 'on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.'" Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005); see also Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993)("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim.  A district court, however, may dismiss a complaint on a rule 12(b)(6) motion 'when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.'").  Because a claim that the statute of limitations has run is an affirmative defense, defendants bear the burden of proof on the issue of when plaintiff's cause of action accrued.  See Smith v. Duff and Phelps, Inc., 5 F.3d 488, 492 n. 9 (11th Cir. 1993).  In their motion, defendants argue only that "the alleged violation of 42 U.S.C. § 1983 . . . occurred on May 3, 2003" and that the complaint was not filed until "some three years after the alleged violation."  (Motion to Dismiss, pp. 2, 3, 4).  While the complaint sets forth the date of the injury, it does not include allegations indicating when plaintiff knew or should have known of the injury nor does it indicate when she learned or

3

should have learned that the defendants she now sues inflicted the injury.  See Mullinax, *supra*.  The complaint does not demonstrate, on its face, that the plaintiff's cause of action accrued more than two years before the complaint was filed and, thus, does not affirmatively establish that defendants are entitled to prevail on their statute of limitations defense.  Accordingly, defendants' motion to dismiss is due to be denied as to plaintiff's § 1983 claims.

## State Law Claims

In Count IV of the complaint, plaintiff asserts that defendant Phenix City is liable for negligence which led to the wrongful death of Dontavius Cliatt.  In Count V, she alleges that the City is liable for assault and battery which resulted in the death of Dontavius Cliatt.  Both claims are subject to the time limitation set forth in the statute establishing the wrongful death cause of action, Ala. Code § 6-5-410.  See City of Prichard v. Box, 396 So.2d 58, 60 (Ala. 1981).  A personal representative's action to recover damages "for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused" must be commenced "within two years from and after the death of the testator or intestate."  Ala.Code § 6-5-410(a), (d).

"It is well settled that the time limitation set out in § 6-5-410(d) is part of the substantive cause of action and that it is not subject to any provision intended to temporarily suspend the running of a limitations period."  Ex parte FMC Corp., 599 So. 2d 592, 594 (Ala. 1992)(citations omitted).  Thus, plaintiff's argument that this two-year period has been tolled by fraud or plaintiff's inability to discover facts upon which the claim is based is without

4

merit.  See Cofer v. Ensor, 473 So.2d 984 (Ala. 1985)("[W]here a prescriptive period is contained within the statutory grant of a cause of action, it is a statute of creation, and the period is deemed a portion of the substantive right itself, not subject to tolling provisions.").

It is apparent from the face of the complaint that Dontavius Cliatt died on May 3, 2003. (See Complaint, ¶ 47 and the Notice of Intent to Sue, attached to the complaint as Exhibit A).  The present action was not commenced within two years of that date and, therefore, plaintiff's state law claims are due to be dismissed.  Cf. Buck v. City of Rainsville, 572 So.2d 419, 424 (Ala. 1990)(the two-year period set forth in §6-5-410 "is a substantive part of the cause of action and is not to be treated as a statute of limitations; the two-year period is not a limitation against the remedy only, because after two years the remedy expires."); Nicholson v. Lockwood Green Engineers, Inc., 179 So.2d 76, 79 (Ala. 1965)("[T]he time provision within which a wrongful death act is of the essence of the action, and also, such limitation affects the liability itself, and not merely the remedy.").

## Conclusion

For the foregoing reasons, it is

ORDERED that defendants' motion to dismiss (Doc. # 6) is GRANTED as to plaintiff's state law claims (Counts IV and V) and DENIED in all other respects.

Done, this 1st day of December, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE