UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative ) <br> of the Estate of DONTAVIUS CLIATT, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> PHENIX CITY, ALABAMA; POLICE ) <br> CHIEF PRESTON ROBINSON, PHENIX CITY <br> ALABAMA; LT. PATRICK DAUGHTRY, ) <br> CPL. JARROD BARR, CPL. DAVID REEVES) <br> OFFICERS CHRIS BRENNAN AND DARIUS) <br> FARLEY,Individually, and Jointly and Severally, <br> RUSSELL COUNTY ALABAMA DEPUTIES) <br> MARK WELLS, AND ERIC FETTY, ) <br> Individually and Jointly and Severally, ) <br> ) <br> Defendants. ) <br> _____/ | Case No.: 3:06cv471-SRW <br> Hon. Susan Russ Walker <br><br><br><br> Demand for Jury Trial |

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI 48105
(734) 665-5355; 0911fax

Joshua R. McKoon (MCK057)
McKoon, Thomas & McKoon
925 Broad St.
P.O. Box 3220
Phenix City, AL 36868-3220
(334) 297-2300
_____/

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, ROSIE CLIATT, Personal Representative of

the Estate of DONTAVIUS CLIATT, and for her COMPLAINT states as follows:

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against employee police officers of the City of Phenix, and Russell County, Alabama; and against the Chief of Police of the City of Phenix, Alabama.

On information and belief, Phenix City Police Lt. Patrick Daughtry, Cpl. Jarrod Barr, Cpl. David Reeves, Off. Chris Brennan, Off. Darius Farley, and Russell County Deputies Marc Wells and Eric Fetty, unlawfully assaulted and battered Dontavius Cliatt to the extent that they caused his wrongful death. PLAINTIFF also brings an action for damages against the Chief of Police of Phenix City, as the supervisory officer responsible for the conduct, training and supervision of police officers under his charge, and for his failure to properly train police officers in the appropriate methods of detaining and arresting citizens.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Alabama.

3. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1342(a)(3) and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

4. Venue is placed in the United States District Court for the Middle District of Alabama because it is where all parties reside and where the events complained of herein occurred.

5. All conditions precedent to the maintenance of this action have been performed

or have occurred prior to its institution including those set forth in the Alabama Probate Code; and notice has been given according to Alabama statute. See copy of Notice of Intent to Sue attached to Plaintiff's original Complaint as **Exhibit A.**

### PARTIES

6. At all times material hereto, Rosie Cliatt was and is, the duly appointed Personal Representative of the Estate of Dontavius Cliatt, Deceased, and is the proper party to bring this action. See copy of Order appointing her attached hereto as **Exhibit B** of the original Complaint.

7. At all times relevant hereto and in all actions described herein, Dontavius Cliatt was a 21-year old black male, residing at 2205-B, 15th Avenue, Phenix City, Alabama 36867, and a citizen of the United States of America.

8. At all times relevant hereto and in all actions described herein, all Defendant officers and deputies were acting under color of law as police officers, and in such capacity, as the agents, servants and employees of PHENIX CITY, ALABAMA, and RUSSELL COUNTY, ALABAMA.

9. Defendant, City of Phenix (hereinafter "CITY"), is a political subdivision of the State of Alabama, an Alabama municipal corporation, and, at all times relevant hereto, it employed Defendant officers, and Police Chief Preston Robinson in its Police Department

10. At all times relevant hereto, Defendant, Preston Robinson was the duly appointed Chief of Police of the Phenix City Police Department. As such, he was the commanding officer of Phenix City police officers named herein, and was

responsible for their training, supervision and conduct. He was also responsible for enforcing the regulations of the DEPARTMENT and for ensuring that the police personnel of the DEPARTMENT obeyed the laws of the State of Alabama and the United States of America. At all times relevant hereto, Defendant, Preston Robinson, was acting in such capacity as the official Head of the DEPARTMENT for Defendant, CITY.

## FACTUAL ALLEGATIONS

11. On information and belief, PLAINTIFF was the subject of a routine traffic stop on or about May 3, 2003, executed by Marc Wells and Eric Fetty of the Russell County, Alabama Sheriff's Department.

12. On information and belief, Dontavius Cliatt was, or became, a suspect in a homicide which had occurred earlier on May 3, 2003, and the vehicle which Dontavius Cliatt was driving was suspected to have been involved in said homicide.

13. On May 3, 2003, at approximately 6:30 p.m., Dontavius Cliatt was in the vicinity of Southside Park on Sanford Road in Phenix City, when he was pulled over by the Russell County Sheriff's Department.

14. On May 3, 2003, Dontavius Cliatt was approached by Marc Wells of the Russell County Sheriff's Department, and a routine traffic stop was initiated. Upon some further investigation, Deputy Wells, and/or Deputy Fetty determined that additional police back up was necessary, and radioed for help.

15. Dontavius Cliatt was in the subject automobile with his girlfriend, Ms. Denise Williams at the time of the traffic stop.

16. Once the back-up officers arrived from the Phenix City Police Department, all policemen at the scene approached the vehicle of Dontavius Cliatt and opened fire on MR. CLIATT; and an exchange of gun fire ensued. However, on information and belief, Dontavius Cliatt was eventually taken into custody, and driven away in a police patrol vehicle.

17. Dontavius Cliatt was later delivered dead to the hospital by police officers with a gun shot wound to the face.

## ADDITIONAL FACTS AGAINST CITY

18. PHENIX CITY AND RUSSELL COUNTY knew that it was necessary to have trained sheriff and police officers on duty at all times. The DEPARTMENT'S own policies required responding officers to summon SWAT officers to the scene whenever approaching a suspect believed to be armed.

19. Because the officers who approached Dontavius Cliatt were expecting a shooting incident, and there was a passenger in the car with Dontavius Cliatt, a suspected armed suspect, the officers should have been trained to handle a shooting incident, but they were not trained or prepared to handle the situation, and began shooting without provocation.

20. As a result the responding officers had no tactics to deal with the situation and in contravention of City and County policy, opened fire first instigating exchange of gun fire.

21. As a direct and proximate result of the acts of Defendants, RUSSELL COUNTY SHERIFF DEPUTIES WELLS AND FETTY and OFFICERS DAUGHERTY, BARR, REEVES, BRENNAN AND FARLEY of Phenix City, Dontavius Cliatt, and his estate have suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Violation of the Fourteenth Amendment substantive due process right;

c. Loss of life;

d. Severe physical injury causing pain and suffering.

22. The actions of Defendants, PHENIX CITY CHIEF OF POLICE, RUSSELL COUNTY SHERIFF DEPUTIES WELLS AND FETTY and PHENIX CITY OFFICERS DAUGHERTY, BARR, REEVES, BRENNAN AND FARLEY, violated the following clearly established and well-settled federal constitutional rights of Dontavius Cliatt and his estate:

a. Freedom from an unreasonable search and seizure;

b. Freedom from the use of excessive, unreasonable and unjustified force against his person; and

c. Equal Protection under the law;

d. Substantive Due Process.

**COUNT I**
**(Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 - Against CITY)**

23. PLAINTIFF repeats and realleges Paragraph 1 through 22, and incorporates them by reference herein.

24. This cause of action is brought by PLAINTIFF, against Defendant, CITY, for deprivation of decedent, Dontavius Cliatt's constitutional rights by its agents, servants, or employees, within the meaning of 42 U.S.C. § 1983.

25. This cause of action is brought by PLAINTIFF, against Defendants PHENIX CITY POLICE LT. PATRICK DAUGHTRY, CPL. JARROD BARR, CPL. DAVID REEVES, OFF. CHRIS BRENNAN, DARIUS FARLEY, AND RUSSELL COUNTY SHERIFF DEPUTIES MARC WELLS AND ERIC FETTY, who, while arresting Dontavius Cliatt in the furtherance of their duties, caused a constitutional deprivation of Dontavius Cliatt's rights, namely the unreasonable seizure of Dontavius Cliatt resulting in his death.

26. This cause of action is brought by PLAINTIFF, against Defendant, PHENIX CITY, as it violated Dontavius Cliatt's Fourteenth Amendment substantive due process rights, by failing to train and staff sufficient numbers of CITY officers to respond to apprehension of suspects believed to be armed.

27. The constitutional deprivations were caused by Defendant, CITY's lack of training and supervision in regard to police officers having the ability to appropriately interact with detained suspects who are suspected to be armed.

28. On information and belief, the aforementioned actions were not isolated incidents. Defendant, CITY, has a noted training and knowledge deficiency

regarding interacting with suspects believed to be armed. Prior to the date of the incident, Defendant, CITY permitted and tolerated the use of excessive deadly force against non-combative suspects, by officers who were not prepared, trained, or supervised to appropriately deal with this type of situation in traffic stop scenarios. This continued lack of training supervision and over sight caused the death of Dontavius Cliatt.

29. The above-described action of Defendant, CHIEF OF POLICE Preston Robinson, the policies of Defendants, PHENIX CITY, and the practices of Defendants, PHENIX CITY POLICE LT. PATRICK DAUGHTRY, CPL. JARROD BARR, CPL. DAVID REEVES, OFF. CHRIS BRENNAN, DARIUS FARLEY, AND RUSSELL COUNTY SHERIFF DEPUTIES MARC WELLS AND ERIC FETTY, all violated PLAINTIFF'S constitutional rights resulting in unreasonable search and seizures culminating in the death of Dontavius Cliatt.

30. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants, agents, servants or employees of Defendant, CITY and COUNTY, Dontavius Cliatt sustained severe physical injury resulting in his death. In addition, on information and belief, Dontavius Cliatt left the scene alive, and ended up dead in the morgue with a gun shot wound to his face, sustained while he was in police custody.

WHEREFORE, Plaintiff asks that the Estate of Dontavius Cliatt be awarded a sum in excess of $75,000.00 for Count I all as will be proven at a trial of this cause.

# COUNT II
### (Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 - Against Defendant, PRESTON ROBINSON, Individually)

31. PLAINTIFF repeats and realleges Paragraph 1 through 25, and incorporates them by reference herein.

32. This cause of action is brought by PLAINTIFF, ROSIE CLIATT, as Personal Representative for the Estate of DONTAVIUS CLIATT, against Defendant, PRESTON ROBINSON, for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

33. Defendant, PRESTON ROBINSON, violated Dontavius Cliatt's Fourteenth Amendment substantive due process right by failing to train and staff sufficient numbers of SWAT officers to respond safely to armed suspects.

34. Defendant, PRESTON ROBINSON, was at all times complained of herein, the Chief of Police for the City of Phenix, and as such was responsible for the implementation and promulgation of official policies for the DEPARTMENT. Further, he was responsible for the promulgation of policies and the implementation of training to maintain an effective police force that was capable and prepared to deal with encounters with armed suspects without preemptively firing their weapons.

35. Chief Robinson was deliberately indifferent to his responsibility to adequately prepare his police department to be able to arrest and detain armed suspects in a traffic stop situation while there was a passenger in the car.

36. As such, Chief Robinson was charged with the responsibility of ensuring the adequate training of officers that would attempt to effectuate arrests in traffic stop, hostage or armed situations, and that such situations would need experienced responding supervising officers properly advising and commanding on the scene in order to effectuate the detention and arrest of Dontavius Cliatt.

37. Chief Robinson who was responsible for the equipping, training and supervision of Phenix City officers who responded on the day in question, failed miserably in his task, and knew or should have known of the need for more and better training, specialized training, and effective utilization of his police force in regard to encounters such as the one described above, such that suspects might be arrested safely.

WHEREFORE, Plaintiff asks that the Estate of Dontavius Cliatt be awarded a sum in excess of $75,000.00 from Chief Robinson pursuant to this Count II, all as will be proven at a trial of this cause.

### COUNT III
**(Violation of Civil Rights While Acting Under the Color of Law 42 U.S.C. § 1983 Against Defendant OFFICERS Individually)**

38. PLAINTIFF repeats and realleges Paragraphs 1 through 32, and incorporates them by reference herein.

39. This cause of action is brought by PLAINTIFF against DEFENDANTS, PHENIX CITY POLICE LT. PATRICK DAUGHTRY, CPL. JARROD BARR, CPL. DAVID REEVES, OFF. CHRIS BRENNAN, DARIUS FARLEY, AND

RUSSELL COUNTY SHERIFF DEPUTIES MARC WELLS AND ERIC FETTY, and any other officers, hereinafter referred to as Defendants, involved in the arrest and killing of Dontavius Cliatt on May 3, 2003 for their willful, wanton and malicious use of excessive force under the Color of Law that deprived Dontavius Cliatt of constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants, PHENIX CITY POLICE LT. PATRICK DAUGHTRY, CPL. JARROD BARR, CPL. DAVID REEVES, OFF. CHRIS BRENNAN, DARIUS FARLEY, AND RUSSELL COUNTY SHERIFF DEPUTIES MARC WELLS AND ERIC FETTY, violated 42 U.S.C. § 1983 by discharging their firearms into the person of Dontavius Cliatt in a manner that was disproportionate to the force necessary to arrest Dontavius Cliatt until they caused the unnecessary death of Dontavius Cliatt.  On information and belief, one or more Defendants later discharged a mortal shot to Dontavius Cliatt in the face at close range.

41. As a direct and proximate consequence of the unconstitutional act of Defendants, Dontavius Cliatt sustained severe physical injury, pain and suffering resulting in his death.

42. DEFENDANTS, PHENIX CITY POLICE LT. PATRICK DAUGHTRY, CPL. JARROD BARR, CPL. DAVID REEVES, OFF. CHRIS BRENNAN, DARIUS FARLEY, AND RUSSELL COUNTY SHERIFF DEPUTIES MARC WELLS AND ERIC FETTY, jointly and severally, while acting in their capacity as police officers and under Color of Law willfully, intentionally and maliciously

used excessive force to arrest Dontavius Cliatt, who had not fired upon them and only exchanged fire when fired upon.

43  The intentional, willful and wanton acts of Defendants, PHENIX CITY POLICE LT. PATRICK DAUGHTRY, CPL. JARROD BARR, CPL. DAVID REEVES, OFF. CHRIS BRENNAN, DARIUS FARLEY, AND RUSSELL COUNTY SHERIFF DEPUTIES MARC WELLS AND ERIC FETTY, establish a claim for punitive damages by PLAINTIFF against the said Defendants.

**WHEREFORE**, PLAINTIFF respectfully requests this Court to award damages against all Defendants, both separately, and jointly and severally as follows:

(a) Compensatory damages in an amount in excess of $75,000;

(b) Punitive damages sufficient to punish Defendants, all in an amount in excess of $15,000,000;

(c) Reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988 and 42 U.S.C. 12205;

(d) Perspective net accumulations to the estate;

(e) Any other such alternative and additional relief that appears to the Court to be equitable and just;

(f) Funeral expenses;

(g) **PLAINTIFF demands a trial by jury.**

              Respectfully Submitted,

              /s/ Fulton B. Eaglin_____
              FULTON B. EAGLIN (P24834)
              Attorney for Plaintiff
              220 E. Huron, Suite 210
              Ann Arbor, MI 48104
Dated: December 14, 2006      (734) 665-5355; 0911 fax
              fbeaglin@aol.com


### CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to JOSHUA R. MC KOON.


              /s/ Fulton B. Eaglin_____

              Fulton B. Eaglin (P24834)
              Attorney for Plaintiff
              220 E. Huron, Suite 210
              Ann Arbor, MI  48104
              (734) 665-5355; 0911 fax
              fbeaglin@aol.com