IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative )
of the Estate of DONTAVIUS CLIATT, )
) Case Number:
Plaintiff )
) 3:06-CV-0471-SRW
v. )
)
PHENIX CITY, ALABAMA, PHENIX CITY )
POLICE CHIEF PRESTON ROBINSON, )
PHENIX CITY, ALABAMA; LT. PATRICK )
DAUGHTRY, CPL. JARROD BARR, CPL. )
DAVID REEVES; OFFICERS CHRIS BRENNAN )
AND DARIUS FARLEY, Individually, and Jointly )
And Severally, RUSSELL COUNTY ALABAMA )
DEPUTIES MARK WELLS AND ERIC FETTY, )
Individually and Jointly and Severally, )
)
Defendants. )

## MOTION TO DISMISS

COMES NOW Defendant Corporal Jarrod Barr and files this his Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) in lieu of an answer and shows as follows:

## FACTS

Defendant generally denies the factual allegations asserted in Plaintiff's complaint with one exception: that the acts complained of by Plaintiff occurred on May 3, 2003. Defendant also wishes to draw to the Court's attention the fact that the Plaintiff has submitted a sworn affidavit with several exhibits attached in Response to an earlier Motion to Dismiss filed by other Defendants in this action. Defendant incorporates by reference these documents collectively as Exhibit "A" to his Motion to Dismiss. Defendant shows that the sworn affidavit submitted to this Court voluntarily by the

Plaintiff states that she sought advice "within days" of her son's death on how to proceed. Defendant further shows that Plaintiff attached five letters from various attorneys that she sought to handle this claim, ranging in dates from May 21, 2003 to April 11, 2005. All of the letters advised the Plaintiff of the need to file her claim timely or that it could be barred forever and Ms. Hodge's letter, the final in the series, specifically advised that she would need to file her claim on or before May 3, 2005. Ms. Hodge specifically advised the Plaintiff as follows:

> **Failure to file your claim before the expiration period will result in an absolute bar to your right to seek damages or restitution.** (emphasis hers)

Finally, the Defendant would ask the Court to take note that this action was filed on May 26, 2006 and was filed against this Defendant on December 5, 2006 and that Defendant was actually served with this action in January 2007.

### COUNT III -- Violation of 42 U.S.C § 1983 by Corporal Jarrod Barr is due to be dismissed as it is barred by the applicable statute of limitations.

The law regarding the appropriate statute of limitations for filing actions arising under 42 U.S.C. 1983 in the federal courts of Alabama is outlined by the United States District Court for the Southern District of Alabama, Northern Division in <u>Lanier v. City of Selma</u>, 1997 U.S. Dist. LEXIS 8122 (1997) as follows:

> The proper statute of limitations for all actions arising out of 42 U.S.C. 1983 is the forum state's general or residual statute of limitations for personal injury actions. <u>Owens v. Okure</u>, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Alabama's general statute of limitations for personal injury actions is two (2) years. See Code of Alabama 6-2-38(l). Any action arising under 42 U.S.C. 1983 filed in any federal court sitting in Alabama must be filed within two (2)

years of the incident that is the basis of the complaint. Jones v. Preuit & Mauldin, 876 F.2d 1480 (11th Cir. 1989).

It is undisputed by the parties that the alleged violation of 42 U.S.C. 1983 in Count III of Plaintiff's Complaint occurred on May 3, 2003. It is also undisputed that the Plaintiff's Complaint was filed on May 25, 2006 at 9:31 A.M., some three years after the alleged violation. In the Lanier case cited earlier, the Court determined that where an alleged 42 U.S.C. 1983 violation occurred on July 3, 1993 and the Plaintiff's Complaint was filed on July 5, 1995 that the claim was barred by the applicable statute of limitations. In the instant case the Plaintiff waited a full additional year beyond the close of the two year statute to file this Complaint. Plaintiff has not alleged any sort of continuing tort or any other grounds for tolling the applicable statute of limitation in the Complaint.

This Court mentioned in its December 1, 2006 Order denying a Motion to Dismiss filed by other Defendants in this matter that since Defendants have the burden of proof on the affirmative defense of Statute of Limitations and no other proof was provided other than the date of injury that the Motion to Dismiss must fail. Well now the Court has before it a voluntarily submitted sworn affidavit and supporting exhibits which clearly demonstrate that the Plaintiff was seeking to file a claim as early as May of 2003 and was advised on five separate occasions between May of 2003 and April of 2005 that she must file within the limitations period or that she would be totally barred from recovery. Furthermore, in the April 11, 2005 letter, the Plaintiff was specifically told she had until May 3, 2005 to file the claim or that her claims would be "absolute[ly] bar[red]". It is clear from evidence tendered by the Plaintiff that she knew of the injury

within days of her son's death (See Affidavit of Rosie Cliatt at Page 1, Paragraph 4). It is also clear she was seeking to file suit against Phenix City and its police officers as early as May of 2003 (See Affidavit of Rosie Cliatt at Page 2, Paragraph 9). She has filed this action against Defendant Corporal Jarrod Barr on December 5, 2006, some three and a half years after the injury took place and after Plaintiff began to seek out representation to take legal action against this Defendant and other Defendants. Therefore this Count of Plaintiff's Complaint and the entirety of Plaintiff's claims against Defendant Corporal Jarrod Barr are due to be dismissed.

## CONCLUSION

Therefore the Defendant respectfully requests that all of the claims in the Plaintiff's Complaint against this Defendant be dismissed with prejudice.

This 1st day of February, 2007.

                                        MCKOON, THOMAS & MCKOON

                                        /s/Joshua R. McKoon
                                    By:_____
                                        Joshua R. McKoon
                                        State Bar No. MCK057

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by delivering it via electronic mail through the CM/ECF system:

Fulton B. Haglin
220 E. Huron, Suite 210
Ann Arbor, Michigan 48104

/s/Joshua R. McKoon
_____
Counsel for Defendants

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative of )
The Estate of Dontavius Cliatt, )
) Civil Action No. 3:06cv471-SRW
Plaintiff(s) )
v. )
)
PHENIX CITY, ALABAMA, et al., )
)
Defendant(s) )
)

## AFFIDAVIT OF ROSIE CLIATT

NOW COMES ROSIE CLIATT, after being first properly sworn, who swears and affirms as follows:

1. That she is the Personal Representative of the estate of her deceased son, Dontavius Cliatt, the Plaintiff in the suit before this court.

2. That she has attempted on several occasions between May of 2003, and the filing of this suit, to learn about how her son died from the Phenix City Police, and others, without any success.

3. That after her son died she did not know to whom to turn for help.

4. That she went to her local National Association for the Advancement of Colored People (NAACP) for advice about how she should proceed, within days of her son's death.

5. That at the NAACP she was advised she needed a copy of the autopsy report that would be generated following her son's death before she could do anything of a legal nature.

6. That immediately thereafter she attempted to obtain a copy of the autopsy report from the Phenix City Coroner and was told she had to obtain the report from the offices of the Medical Examiner in Auburn, Alabama.

7. That thereafter she went to said office and paid in advance for a copy of said report. A copy of the request acknowledgement dated August 19, 2003, is attached hereto as Exhibit 1 to this affidavit.

8. That on numerous occasions thereafter she requested the report from the Medical Examiner's office but did not receive a copy of said report from them until on or about July 26, 2004, some 15 months after her son had died. A copy of this report is attached hereto as Exhibit 2 to this affidavit.

9. That your affiant consulted with several attorneys about them filing suit against Phenix City and its police officers about the facts surrounding this incident on several occasions.

   a. See Cochran law firm refusal dated 5/21/03 attached as Exhibit 3a.

   b. See Calton and Calton law firm refusal dated 7/28/03 as Exhibit 3b.

   c. See Eastman and Apolinsky refusal dated 11/18/03 as Exhibit 3c.

   d. See R. Keith Thomas, L.L.C. refusal dated 1/12/04 as Exhibit 3d.

   d. See Juraldine Battle-Hodge, P.C. refusal dated 4/1105 as Exhibit 3e

10. That several attorneys looked at the case, but none of them would keep and pursue said case to completion.

11. That your affiant was unable to obtain any help from several counsel with her case, and, therefore, turned to Attorney Fulton B. Eaglin, who was representing one of her family members in another case in the State of Michigan in late 2005.

Case 3:06-cv-00471-MEF-SRW   Document 45   Filed 02/01/2007   Page 9 of 14
07/12/2006  11:32   3345670076            JET CENTER                     PAGE 04
AUG-13-2024  Case 3:06-cv-00471-SRW   Document 9   Filed 07/13/2006   Page 4 of 4

FURTHER AFFIANT SAYETH NOT.

*Rosie L. Cliatt*
Rosie Cliatt

STATE OF ALABAMA    )
                    ) SS.
COUNTY OF           )

Subscribed and sworn to before me a Notary public on July __12,__ 2006.

_____
Notary Public   MY COMMISSION EXPIRES JAN. 19, 2009

# LAW OFFICES OF
# COCHRAN, CHERRY, GIVENS & SMITH, P.C.

163 WEST MAIN STREET • POST OFFICE BOX 927
DOTHAN, ALABAMA 36302
(334) 793-1555 • FAX: (334) 793-8280

May 21, 2003

Rosie Cliatt
P.O. Box 313
Hurtsboro, AL 36860

RE:     Police Shooting/Wrongful Death – Dontavius Cliatt

Dear Ms. Cliatt:

Thank you for contacting our office for the purpose of seeking legal advice. We have reviewed the facts of your case as provided to us and based on our review we regret that we will be unable to represent you in this matter. Our firm has reached the opinion that a lawsuit brought on your behalf will not be economically feasible for our firm to handle given the nature and circumstances surrounding your case.

Please be aware that state and federal laws place a strict time limit on the right to pursue an action such as yours. If you do not settle or file a lawsuit within the applicable statute of limitations, you will be forever barred from doing so. In certain cases involving governmental entities, you are required to file a notice of claim within a very short time after your injury. For that reason, it is important that you pursue another legal opinion at your earliest opportunity.

Although we are not undertaking to represent you in this matter, we appreciate the opportunity to review your case, and we wish you the best possible outcome. Thank you again for contacting our office and please contact us again if we can be of assistance in the future.

Sincerely,

COCHRAN, CHERRY
GIVENS & SMITH, P.C.

J. Farrest Taylor

JFT/cr

# CALTON & CALTON
### ATTORNEYS AT LAW
226 EAST BROAD STREET
EUFAULA, AL 36027

JIMMY S. CALTON, SR.

JIM S. CALTON, JR.

TELEPHONE(334)687-3563
FAX NO. (334)687-3564
E-MAIL calton@lawyers.com

July 28, 2003

Ms. Rosie Cliatt
P. O. Box 313
Hurtsboro, Alabama 36860

RE:   Dontavious Lamar Cliatt

Dear Rosie:

As you and I discussed at the first of the week, I was attempting to get a third opinion with regards to the investigation into Dontavious's death. I have now received the third opinion and regretfully it does not appear as if we will be able to pursue anything for you. This does not mean that you don't have a claim, it just means that we do not feel we could be appropriately successful on your behalf. Therefore, should you wish to pursue this matter further, please make sure you get another opinion immediately. In Alabama there are applicable statutes of limitations that may bar you from bringing a claim in the future if you wait too long.

I believe I gave you the pictures my investigator had taken and I have copied you on all relevant documents. However, if there is anything you feel that I still have that you need please don't hesitate to give me a call and I will have Alesha send that to you. Again, I am sorry that we were not able to do anything for you.

Sincerely,

Jim S. Calton, Jr.
Calton & Calton

JSCjr/mlw

\\Server\c\WPFILES\Ltr2\clia9431.rc.wpd

# EASTMAN & APOLINSKY
### A LIMITED LIABILITY PARTNERSHIP
#### ATTORNEYS AT LAW

STEPHEN D. APOLINSKY (GA, AL & D.C.)
DAVID A. EASTMAN (GA & FL)
DAVID A. CORNELIUS (GA)

THE WATKINS BUILDING
114 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

TELEPHONE: (404) 377-9191
FACSIMILE: (404) 377-6996

WWW.EA-LAW.COM

FIRM E-MAIL ADDRESS:
LAWYERS@EA-LAW.COM

November 18, 2003

Ms. Rosie L. Cliatt
P. O. Box 313
Hurtsboro, Alabama 36860

RE: Dontavious Lamar Cliatt

Dear Ms. Cliatt:

Enclosed please find the file materials you sent on or about September 9, 2003. We are sorry, but we cannot represent you concerning your son's untimely death.

We wish you good luck in the future.

Sincerely,

Stephen D. Apolinsky

SDA/sah
Enclosures

**R. Keith Thomas, L.L.C., Attorney at Law**

P.O. Box 830899
404 South Main Street
Tuskegee, AL 36083

Phone 334-724-0035
Fax 334-724-0076

January 12, 2004

Ms. Rosie Cliatt
PO Box 313
Hurtsboro, AL 36860

RE:    Dontavius L. Cliatt

Dear Ms. Cliatt:

You informed me last week that you now have another attorney working on this potential claim; as requested I am returning your file. I am closing your file at this time. I am sorry for your loss and wish you luck with this claim.

Although I will not be handling your case, you should not take this as indication that you do not have a case nor that some other lawyer would not be willing to take this case for you. If you wish to pursue your claim further, I would suggest that you contact another attorney as soon as possible. <u>The failure to file your claim in a timely manner will result in it being barred forever.</u>

I want to thank you for allowing me the opportunity to review your case. If I can ever help you on any other matter in the future, please let me know.

Sincerely,

Keith Thomas

KT/pwt
Enclosures
Cc
Robert S. Thompson, Esq.

LAW OFFICES OF
# JURALDINE BATTLE-HODGE, P.C.

April 11, 2005

Ms. Rosie Cliatt
P.O. Box 313
Hurtsboro, AL 36860

Dear Ms. Cliatt:

I am writing to thank you for the opportunity to investigate your potential wrongful death lawsuit. However, at this time I am not in a position to accept employment in connection with your unfortunate matter. Therefore, I will not be taking any action on your behalf. I am also enclosing a copy of your file.

Before you decide absolutely not to pursue this matter, I recommend that you obtain the opinion of another qualified attorney about the merits of your claim. Please remember that time is of essence and you should act promptly to obtain a second opinion, should you desire one.

**Further, this letter will confirm that if you wish to file a wrongful death lawsuit, you must do so no later than May 3, 2005. Any claim you intend to pursue must be filed before the expiration of the limitations period. Failure to file your claim before the expiration period will result in an absolute bar to your right to seek damages or restitution.**

Thank you for consulting me on this matter. If I can ever be of assistance to you in the future, please do not hesitate to contact me.

Sincerely,

Juraldine Battle-Hodge
Attorney at Law

Enclosures

P.O. Box 210243, Montgomery, AL 36121-0243 • 207 Montgomery St., Suite 215, Montgomery, AL 36104
Phone: (334) 262-1177 • Fax: (334) 263-5569 • Toll Free: 1-877-262-1170