IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, <br><br>   Plaintiff, <br><br> v. <br><br> PHENIX CITY, ALABAMA, et al., <br><br>   Defendants. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 3:06cv471-SRW ) (WO) ) ) ) |

**ORDER**

This action is presently before the court on the motions to dismiss filed by defendants Daughtry, Barr, Reeves, Brennan and Farley on February 1, 2007 (Docs. # 44, 45, 46, 47, 48). Defendants contend that this action is barred by the statute of limitations. Plaintiff Rosie Cliatt, personal representative of the estate of Dontavius Cliatt, brings a wrongful death claim pursuant to 42 U.S.C. § 1983 against defendants arising from the shooting death of Dontavius Cliatt on May 3, 2003. The amended complaint naming these defendants was filed on December 5, 2006, over three and a half years after the incident at issue. Upon consideration of the motion, the court concludes that it is due to be denied.

**Motion to Dismiss Standard**

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6)

motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997)(emphasis in original)(citation omitted).

As defendants argue, the statute of limitations applicable to plaintiff's § 1983 claims is two years. See Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989)("After Owens [v. Okure, 488 U.S. 235 (1989)], the two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions in Alabama."). "Federal law determines when the statute of limitations begins to run; generally, 'the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006)(quoting Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003)). Thus, "Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. . . . Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury." Mullinax v. McElhenney, 817 F.2d

711, 716 (11th Cir. 1987)(citation omitted).

This action is before the court on a motion to dismiss. Accordingly, the court considers only the complaint and the exhibits attached to the complaint.[1] "Dismissal under Federal Rule of Civil Procedure 12(b)(6) 'on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.'" Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005); see also Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993)("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion 'when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.'"). Because a claim that the statute of limitations has run is an affirmative defense, defendants bear the burden of proof on the issue of when plaintiff's cause of action accrued. See Smith v. Duff and Phelps, Inc., 5 F.3d 488, 492 n. 9 (11th Cir. 1993). While the complaint sets forth the date of the injury, it does not include allegations indicating when plaintiff knew or should have known of the injury nor does it indicate when she learned or should have learned that the defendants she now sues inflicted the injury. See Mullinax, *supra*. The complaint does not demonstrate, on its face, that the

---

[1] Defendant has filed a copy of an affidavit from the plaintiff. The court cannot consider this affidavit on a Rule 12(b)(6) motion, which must be resolved only by reference to the complaint and attached or incorporated exhibits. Further, although the court has considered whether or not to convert the present motion into one for summary judgment, it declines to do so at this stage of the proceedings. The affidavit does not demonstrate when plaintiff learned of the alleged involvement of Daughtry, Barr, Reeves, Brennan and Farley in the incident at issue, nor does it affirmatively establish when she should have learned of their involvement.

plaintiff's cause of action accrued more than two years before the complaint was filed and, thus, does not affirmatively establish that defendants are entitled to prevail on their statute of limitations defense. Accordingly, defendants' motion to dismiss is due to be denied.

## Conclusion

For the foregoing reasons, it is

ORDERED that defendants' motions to dismiss are DENIED.

DONE, this 2nd day of February, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE