IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:06-cv-471-MEF (WO) |
| PHENIX CITY, ALABAMA, *et. al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND O R D E R

This cause is presently before the Court on the Motions to Dismiss by Defendants Patrick Daughtry, Jarrod Barr, David Reeves, Chris Breenan and Darius Farley (Docs. # 44, 45, 46, 47, 48). On February 2, 2007, United States Magistrate Judge Susan Russ Walker entered an Order (Doc. # 49) denying these motions. However, these particular defendants did not consent to jurisdiction by a United States Magistrate Judge.[1]

Notwithstanding this jurisdictional oversight, the Court adopts the grounds on which Judge Walker denied the motions to dismiss. Defendants contend that the Plaintiff's action is time barred by the statute of limitations and that the action should therefore be dismissed.

---

[1] 28 U.S.C. § 636(c)(1) provides: "Upon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." Only Plaintiff Rosie Cliatt, Defendant Phenix City and Defendant Preston Robinson had given such consent.

In a motion to dismiss, a court considers only the complaint and the exhibits attached to the complaint. For this reason, "[d]ismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotations and citations omitted). In this case, it is not apparent from the face of the complaint that the Plaintiff's claims are barred by the statute of limitations.[2] Accordingly, it is hereby ORDERED as follows:

(1) The Order (Doc. # 49) entered on February 2, 2007 is VACATED.

(2) Defendants' Motions to Dismiss (Docs. # 44, 45, 46, 47, 48) are DENIED.

DONE this the 26th day of February, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As Judge Walker noted, "[w]hile the complaint sets forth the date of the injury, it does not include allegations indicating when plaintiff knew or should have known of the injury nor does it indicate when she learned or should have learned that the defendants she now sues inflicted the injury." Doc. # 49 at 3.