# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative ) of the Estate of DONTAVIUS CLIATT, ) ) Plaintiff ) ) v. ) ) PHENIX CITY, ALABAMA, et al., ) ) Defendants. ) | Case Number: 3:06-CV-0471-SRW [WO] Hon. Mark E. Fuller |

### *DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS PHENIX CITY POLICE CHIEF PRESTON ROBINSON, PHENIX CITY, ALABAMA, AND THEIR COUNSEL, SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO PROVIDE COURT ORDERED DISCOVERY*

Come now the Defendants, City of Phenix City, Preston Robinson, Patrick Daughtry, Jarrod Barr, David Reeves, Christopher Brennan and Darius Farley and respond to Plaintiff's Motion for Show Cause Order as follows:

1. Plaintiff is seeking an audio tape of an interview of Denise Williams and audio tape recordings of Police Officer interviews.

2. Denise Williams is an individual who was with Plaintiff's decedent, Dontavius Cliatt, at the time he was shot and killed by law enforcement officials and who was located in Mr. Cliatt's motor vehicle, at

the time he robbed, shot and killed David Gibson.  The Police Officer interviews are interviews conducted by the Phenix City Police Department, after the shooting of Mr. Cliatt.  These interviews are routinely conducted after every police shooting involving a fatality.

3.     These audio tapes are kept in the custody of the Phenix City Police Department, in Phenix City, Alabama.  Plaintiff's attorney has been provided with a log of these tapes.

4.     Defendants' attorneys have offered to allow Plaintiff's attorney to listen to these tapes at the Phenix City Police Department, for Plaintiff's attorney to hire a local firm to copy the tapes for him, to attempt to set up a way for Plaintiff's attorney to listen to said tapes by telephone and have them transcribed by a stenographer chosen by him over the phone, or in the alternative Defendants' attorneys have also offered to make copies of the tapes and send them to Plaintiff's attorney, but only if Plaintiff's attorney agrees that should any tape be inadvertently damaged or deleted in copying, that Plaintiff's attorney would not claim or accuse that the same had been done on purpose or make any claim for spoilation of evidence.

5.     The above offers are all reasonable, in compliance with Rule 34 F.R.C.P. and the Guidelines of Civil Discovery Practice in the Middle District of Alabama.  Yet, Plaintiff's attorney has rejected all of the above

PDF created with pdfFactory trial version www.pdffactory.com

offers and files a Motion requesting a Order to Show Cause as to why said Defendants and their counsel should not be found in contempt of Court for failure to comply with said Order dated September 27, 2006, and ordered to pay all copying costs associated with the securing of said information, along with reasonable attorney fees for Plaintiff for having to file this Motion. Basically, Plaintiff's attorney in addition to the other relief requested is asking the Court to compel the Defendants to copy the tapes for him at their risk and expense and send them to him in Ann Arbor, Michigan.

6.     Defendants' attorneys are mindful of the distance that Plaintiff's attorney is located from the site of the filing of this lawsuit. In recognition of this, Defendants' attorneys have made the above offers to accommodate the Plaintiff's attorney. However, Plaintiff's attorney surely knew when he filed this action that the parties, discovery and witnesses would all most likely be located in Phenix City, Alabama. This is not the fault of the Defendants or Defendants' attorneys. It is simply a geographical fact. Defendants' attorneys are willing to work within reason with Plaintiff's attorney on every aspect of discovery as required by the Rules of Federal Procedure and as guided by the guidelines to Civil Discovery Practice in the Middle District of Alabama.

PDF created with pdfFactory trial version www.pdffactory.com

However, Defendants do not feel they should be required to take on the potential liability for an inadvertent mistake in the copying of audio tapes and thereby create a claim where Defendants earnestly feel one does not currently exist.

WHEREFORE, the above premises considered, Defendants request that Plaintiff's Motion for Order to Show Cause Why Defendants Phenix City Police Chief Preston Robinson, Phenix City, Alabama, and Their Counsel, Should not be Held in Contempt of Court for Failure to Provide Court Ordered Discovery be denied, as Defendants have made the audio tapes Plaintiff seeks available for inspection and copying as required by Rule 34 F.R.C.P. and the Guidelines to Civil Discovery Practice in the Middle District of Alabama.

                                        MCKOON, THOMAS & MCKOON

                                        */s/ James R. McKoon*
By:_____
    James R. McKoon, Jr.
    State Bar No. MCK020
    One of the Attorneys for Defendants
    P.O. Box 3220
    Phenix City, AL 36868-3220
    Telephone 334.297.2300
    Facsimile 334.297.2777

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by delivering it via electronic mail through the CM/ECF system on this 8th day of March, 2007:

Fulton B. Eaglin
220 E. Huron, Suite 210
Ann Arbor, Michigan 48104

Scott Wayne Gosnell
Webb & Eley
7475 Halcyon Pointe Road
P.O. Box 240909
Montgomery, AL 36124

*/s/ James R. McKoon*
_____
Counsel for Defendants

PDF created with pdfFactory trial version www.pdffactory.com