**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT** ) ) ) ) | |
| **Plaintiff,** ) ) | **Civil Action No. 3:06-cv-471-SRW [WO]** |
| v. ) ) | |
| **PHENIX CITY, ALABAMA,** *et al.*, ) ) | |
| **Defendants.** ) | |

## OBJECTION TO MOTION FOR SUBSTITUTE SERVICE

COMES NOW the Defendant, Mark Wells (hereafter, "Deputy Wells"), and objects to the Plaintiff, Rosie Cliatt's (hereafter, the "Plaintiff") Motion for Substitute Service. As grounds for this objection, Deputy Wells states as follows:

1. The Plaintiff has moved this Court to allow her to serve Defendant Eric Fetty (hereafter, "Fetty") by means of publication in a newspaper of appropriate jurisdiction. However, neither Section 1983, nor the Federal Rules of Civil Procedure, specifically Fed. R. Civ. P. 4, provide for service by publication. Therefore, the Plaintiff's Motion is without merit and should be denied.

2. Fed. R. Civ. P. 4(e) does provide for service upon individuals within a judicial district of the United States. However, there is no way of knowing which judicial district of the United States the proposed Defendant, Eric Fetty, is located in. The Plaintiff proposes to publish notice in a "pertinent newspaper of appropriate jurisdiction." However, there is no way of knowing what the appropriate jurisdiction is or, for that matter, what a pertinent newspaper is. The Plaintiff admits in her Motion that she does not have an address for Fetty, or any information relating to his whereabouts. It would be absolutely contrary to established notions of justice for service to be

made by publication in, e.g. a Phenix City or Russell County newspaper, when Fetty may very well be living out of state and without any notice whatsoever of the instant lawsuit, only to find at some unknowable point in the future that he may have a judgment against him.

      3.      Further, Fed. R. Civ. P. 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." The relevant state procedure would be pursuant to Alabama Rule of Civil Procedure 4.3 ("Process: Service by publication."). However, that Rule clearly provides that service by publication is only appropriate "against a defendant who avoids service of process as described in subdivision (c) of this rule. . . . In no event shall an in personam judgment be entered on service by publication except as provided in subdivision (c) of this rule." Ala. R. Civ. P. 4.3(a)(2). Subdivision (c) is headed "Avoidance of service," and deals exclusively with defendants who are actively avoiding service of process. That subdivision specifically provides as follows: "The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance." Ala. R. Civ. P. 4.3(c).[1] The Plaintiff in this case has not averred any such specific facts of avoidance, much less in a sworn Affidavit, but simply stated that service has been attempted but not obtained. See, e.g., Thomas v. Morgan, 1 F. Supp. 2d 1424 (M.D. Ala. 1998) (denying Plaintiff's Motion to Authorize Service by Publication); Vaughan v. O'Neal, 736 So. 2d

---

[1] The Committee Comments to Rule 4.3 recognize this requirement of culpable avoidance.

> Note that more than mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. Further, note that publication is only available on motion at which time the plaintiff should bring to the attention of the court those circumstances which, in the opinion of the plaintiff, substantiates plaintiff's contention that the defendant is avoiding service and that plaintiff is entitled to service by publication.

Ala. R. Civ. P. 4.4, comm. cmt. ARCP 4.3 (1977). See also Webster v. Cetinkaya, 638 So. 2d 834 (Ala. 1994); Wise v. Siegel, 527 So. 2d 1281 (Ala. 1988); SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C., 939 So. 2d 885, 907 (Ala. Civ. App. 2005); Vaughan v. O'Neal, 736 So. 2d 635 (Ala. Civ. App. 1999); Kanazawa v.

635 (Ala. Civ. App. 1999) (holding that a conclusory statement in an Affidavit that the Defendant was "avoiding service," without reciting facts to support the conclusion, was insufficient to satisfy the requirements of Rule 4.3(d)(1), Ala. R. Civ. P.).

WHEREFORE, Defendant Wells objects to the Plaintiff's Motion for Substitute Service, and moves this Honorable Court to deny said Motion.

Respectfully submitted, this 12th day of March, 2007.

>s/Scott W. Gosnell
>SCOTT W. GOSNELL – Bar No. GOS002
>Attorney for Defendant
>WEBB & ELEY, P.C.
>7475 Halcyon Pointe Road (36117)
>Post Office Box 240909
>Montgomery, Alabama  36124
>Telephone:  (334) 262-1850
>Fax:  (334) 262-1889
>E-mail:  sgosnell@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Faulton B. Eaglin | James Robert McKoon, Jr. |
| LAW OFFICES OF FULTON B. EAGLIN | McKoon & Thomas |
| 220 E. Huron | P.O. Box 3220 |
| Suite 210 | Phenix City, AL 36868-3220 |
| Ann Arbor, MI 48104 | Telephone: (334) 297-2300 |
| Telephone:  (734) 665-5355 | Fax: (334) 297-2777 |
| Fax: (734) 665-0911 | Email: jrmckoon@aol.com |
| Email:  fbeaglin@aol.com | |

>s/Scott W. Gosnell
>OF COUNSEL

---

Williams, 838 So. 2d 392, 395 (Ala. Civ. App. 2002); Vogus v. Angry, 744 So. 2d 934 (Ala. Civ. App. 1999); McBrayer v. Hokes Bluff Auto Parts, 685 So. 2d 763, 767-68 (Ala. Civ. App. 1996).