UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

ROSIE CLIATT, as Personal Representative )
of the Estate of DONTAVIUS CLIATT, )
) Case #3:06cv471-SRW [WO]
Plaintiff ) Hon. Mark E. Fuller
)
)
vs. )
)
PHENIX CITY, ALABAMA, et al., )
)
Defendants. )
_____/

**PLAINTIFF'S ANSWER TO
DEFENDANT MARK WELLS' MOTION TO DISMISS**

NOW COMES Plaintiff, ROSIE CLIATT, as Personal Representative of the Estate of Dontavius Cliatt, by and through her attorney, FULTON B. EAGLIN, and for her Answer to Defendant's Motion states unto this Honorable Court as follows:

**1.** Each Defendant who entered this case before Defendant Wells has filed a motion to have the case dismissed pursuant to the statute of limitations. In the first instance, this court made the parties brief the issue, and then refused to dismiss the case. When the five police officers of Phenix City were made a part of the case by name, McKoon, Esq., et al again filed a Motion to Dismiss. This Court, Sua Sponte, denied the motion. Defendant Wells is just like the other five police officers. This Court should dismiss this motion, Sua Sponte, for the same reasons it has dismissed the others. Plaintiff, therefore, leaves Defendant Wells to argue with the Judges of this District, as opposed to herself, since she knew who none of the Defendants in this case were until well after she filed this case and learned

1

their respective names, as part of answers to discovery provided by Phenix City, Alabama.

**2.** Plaintiff has pleaded 42 USC 1983 claims based upon the information available to her. Plaintiff has amended her claims, pursuant to an order of this Court Ordering the complaint to be amended no later than December 5, 2006. No Defendant filed an objection to said pleading. All Defendants, save Wells, have, therefore, waived their right to object to said Second Amended Complaint.

    Plaintiff is willing to amend her Complaint yet another time, but feels she should not be obligated to do so until she is able to obtain sufficient information from the Defendants to intelligently do same. Plaintiff filed a request for taped interviews with Denise Williams in July of 2006, which took place on May 3, 2003, and May 13, 2003. Defendants were ordered by this Court to provide Plaintiff with said information on September 27, 2006. Defendants have not provided the information and now advise Plaintiff that they will not provide the information unless this counsel travels to Phenix City to obtain copies of the tapes, or has someone else come and make copies of the tapes. Plaintiff has filed a request for an Order to Show Cause with this Court to obtain the information ordered to be released in September of 2006.

**3.** Defendant Wells, like all other officers in this case, has been sued in his official capacity as a Deputy Sheriff and in his individual capacity, for having used excessive force in the apprehending of Dontavius Cliatt. Defendant's motion and Brief pointed to the language of Plaintiff's Complaint dealing with his official capacity, but left out the language of the Complaint which points to him being

sued in his individual capacity. Defendant is not entitled to be dismissed for the reason stated in this portion of his motion.

**4.** Mark Wells is a person for purposes of Section 42 USC 1983, despite Defendant's allegations to the contrary. He is not entitled to be dismissed from this case, for this or any other reason.

**5.** Plaintiff's complaints have been brought pursuant to several constitutional laws and statutes. It is too early to determine what statutes fail to apply or not, as Plaintiff is attempting to gather information about the facts of the case, and has been thwarted in that respect by the other Defendants herein.

**6.** Plaintiff's complaints have been brought pursuant to several constitutional laws and statutes. It is too early to determine what statutes fail to apply or not, as Plaintiff is attempting to gather information about the facts of the case, and has been thwarted in that respect by the other Defendants herein.

**7.** Plaintiff Wells, nor any of the other Defendants in this suit, are entitled to be dismissed for qualified immunity. All Defendants, save Wells, have waived the defense, as they have previously filed Motions to Dismiss pursuant to 12(b)(6) and not mentioned the issue. Plaintiff's Complaint puts forth a claim upon which relief can be granted, the higher pleading standard notwithstanding, particularly if the facts as alleged in Rosie Cliatt's affidavit dated March 14, 2007, are true.

> /s/ Fulton B. Eaglin
> Fulton B. Eaglin (P24834)
> Attorney for Plaintiff
> 220 E. Huron, Suite 210
> Ann Arbor, MI 48104
> (734) 769-1668; 0911fax
> fbeaglin@aol.com
> March 15, 2007

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to JOSHUA R. MC KOON, JAMES ROBERT MC KOON, JR., JAMES PAUL GRAHAM, JR., KENDRICK E. WEBB, SCOTT WAYNE GOSNELL.

/S/ Fulton B. Eaglin

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI 48104
(734) 665-5355; 0911fax
fbeaglin@aol.com