UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, | ) ) |
| | ) Case #3:06cv0471-SRW[WO] |
| Plaintiff | ) Hon. Mark E. Fuller |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| PHENIX CITY, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |
| _____/ | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER ANSWER TO DEFENDANT MARK WELLS' MOTION TO DISMISS

NOW COMES Plaintiff, ROSIE CLIATT, as Personal Representative of the

Estate of DONTAVIUS CLIATT, by and through her attorney, FULTON B. EAGLIN,

and in support of Plaintiff's Answer to Defendant Mark Wells' Motion to Dismiss, states

unto this Honorable Court as follows.

FACTS

Dontavius Cliatt was killed by Phenix City Police Officers and Russell County

Sheriff Deputies on May 3, 2003.  Some fifty-seven rounds were fired by said officers

(See Exhibit One, reproduced at page 15 of 15, Alabama Department of Forensic

Sciences Firearms Examination/Laboratory Results, Case No. 003MM00255, Dontavius

L. Cliatt, Subject, dated July 30, 2003), at approximately 6:30 p.m. on said date,

following a routine traffic stop.  Denise Williams was a passenger in the car at the time of

the stop.

On May 3, 2003, Denise Williams was interviewed by the Phenix City Police at approximately 11:00 p.m. following the shooting.  A videotape was made of the interview between Ms. Williams and the Phenix City police.  Ms. Williams was again interviewed by the Phenix City Police on May 13, 2003.  Plaintiff believes a videotape was made of that interview as well.  Plaintiff has been trying, unsuccessfully to date, since before this complaint was filed, to obtain a copy of said tapes from Phenix City, and those working in concert with them (See Affidavits of Fulton B. Eaglin and Rosie Cliatt, previously filed in this matter).  The most relevant information any person has outside the police officers who did the shooting, is contained on these tapes.  Defendants, Phenix City et al., have refused to give these materials to this counsel, although ordered to do so by this Court on September 27, 2006. A motion requesting an Order to Show Cause why some of the Defendants should not be held in contempt of court for failure to produce these tapes was filed by this counsel in this Court on March 8, 2007.

By way of review, in an attempt to secure this tape, this counsel journeyed to Phenix City, Alabama, on June 22, 2005.  While there, he reviewed Denise Williams' court file on the charge of murder, of which she was found not guilty, and found out about the existence of the tape of May 3, 2003.  During said visit, this counsel then met with Kenneth Davis, the Phenix City Prosecutor, and requested he be allowed to review the tape, make a copy of same, and/or pay said office to reproduce a copy of the tape.  Said prosecutor, after a cursory search, advised the tape was not available at that time, but promised it would be found and a copy of said tape, made and sent to this counsel, at no cost to this counsel.  No document has ever been sent to this counsel, although it has been requested.

Plaintiff sent a set of interrogatories to counsel for Defendants, Phenix City, Alabama, and Preston Robinson dated July 13, 2006, shortly after entering this case, seeking to obtain a copy of said tapes, amongst other things (notice previously filed with this Court). This Court ordered Defendants to give Plaintiff the requested discovery on September 27, 2006. While Defendants' counsel have said, on several different occasions, they have the tapes, they have refused to provide the tapes and continue to refuse to provide Plaintiff the tapes, unless Plaintiff personally comes and listens to the tapes or sends someone else to make copies of the tapes.

A scheduling Order was entered by this court on September 14, 2006. Plaintiff filed objections to said Order, but the Defendants in the case at the time did not respond to the Order. This Court thereafter entered an Amended Scheduling Order on September 27, 2006. Said Order said all amendments to the Plaintiff's Complaint had to be filed by December 5, 2006. Plaintiff complied with said deadline.

The names of all police officers were learned as a result of some of the discovery provided Plaintiff by some of Defendants on or about October 13, 2006. Thereafter, a motion was made by Plaintiff to add these parties as additional Defendants to this case. Prior to said time, Plaintiff and her counsel had no idea who the police officers involved in the case were, by name. See Affidavit of Rosie Cliatt attached hereto as Exhibit 2, dated March 14, 2007.

The McKoon law firm accepted service for the five Phenix City Police Officers, thereafter. No one filed an answer or an appearance for Defendants MARK WELLS and ERIC FETTY in the time called for by statute, following a Summons being served on Mr. Mark Wells. After the date for filing had passed, counsel for Mr. Wells contacted this

attorney and requested he not be defaulted.  This attorney agreed.  Plaintiff has been

unable to serve Mr. Fetty, and on March 8, 2007, filed a Motion for Substitute Service

with this Court as it relates to Mr. Fetty.

**1.  Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to the Statute of**

**Limitations**

At the inception of this lawsuit, the initial named Defendants filed a Motion

to Dismiss pursuant to the statute of limitations.  Magistrate Walker, acting as a judge,

pursuant to agreement of the parties, caused the parties to brief the issue.  Thereafter,

Magistrate Walker denied the Motion to Dismiss.

After Plaintiff discovered the names of the five Phenix City Police Officers in this

case, and they were served, said Defendants again filed a Motion to Dismiss pursuant to

the statute of limitations issue.  Less than a full day after the motions were filed, Judge

Walker, Sua Sponte, dismissed all the motions.

It is Plaintiff's position that this issue has been argued, briefed, and decided by

this Court.  Defendant Wells and Fetty are in this case just like the other five Phenix City

police officers.  For the reasons stated by this Court in its opinion when it Sua Sponte

denied previous motions, we believe Officer Wells' motion should be denied as well.

Nothing neither this counsel, nor this Plaintiff could say on this issue could be expressed

better than what the Court has already stated on this issue.

Counsel for Mr. Wells advised this counsel he would review the file before he

filed a Motion to Dismiss.  Presumably, he saw the way the opinions of the Court were

moving, and decided to object to the Magistrate continuing to handle the case.   Since Mr.

Wells' counsel found a way to get a new judge, can he also get the new judge to over rule what the prior judge did on this issue.  We hope not.

**II.    Plaintiff's Response to Defendants Motion to Dismiss Pursuant to Plaintiff Allegedly Failing to Properly Plead its Claims.**

Defendant cites a line of cases which stand for the proposition that "**heightened pleading**" is required when one files a 42 USC 1983 suit, page 17-18, Defendant Mark Wells Brief.  Plaintiff has alleged that Dontavius Cliatt's Fourth Amendment Rights, amongst others, were violated when seven police officers from two different police departments discharged some fifty-seven rounds at him, following a traffic stop on May 3, 2003, at approximately 6:30 p.m. in the evening, which ended in his death.  Rosie Cliatt, the Personal Representative of the Estate of her son, Dontavius Cliatt, states she believes her son was fired on by police while he and Ms. Williams sat in the car for a routine traffic stop (See Affidavit of Rosie Cliatt attached hereto at exhibit 2, supra).  We believe any reasonable man would conclude that seven officers who fired fifty-seven rounds at a man sitting in his vehicle for a routine traffic stop, would be an excessive use of force and, therefore, violative of his Fourth Amendment Rights.

Now Rosie Cliatt may be incorrect about what she believes happened.  However, there was one other person at the scene, and a tape of what she had to say about what happened, on the day it happened, exists.  Unfortunately, the Defendants are the only persons with this information, and they have successfully prevented Plaintiff from getting a copy of the tapes to date.

This counsel has spoken to Ms. Williams once about this matter.  Plaintiff has no written information from Ms. Williams.  This counsel has been led to believe by other

counsel who represents Ms. Williams, that she is suing the local governments, Phenix City, Russell County, and perhaps the police officers involved, for Malicious Prosecution in State Court. In any event, Ms. Williams' counsel has requested this lawyer not speak further to his client, Ms. Williams, without his presence. This counsel hopes to depose Ms. Williams at his first opportunity, but wishes to review the tapes of her two interviews before he undertakes such depositions.

Plaintiff has amended her Complaint twice within the time frames set by this Court. She is certainly willing to amend it again. At this time, Plaintiff wishes to find out what happened on the date of this incident from someone who was at the scene besides police officers, before she amends her Complaint again. The tapes in the possession of Phenix City will answer a lot of questions.

**III.    Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to the Eleventh Amendment to the U.S. Constitution**

Plaintiff has sued Defendant, MARK WELLS, and all other police officers, both personally and in their official capacities.

Perhaps Mr. Wells is entitled to be dismissed as a police officer pursuant to the Eleventh Amendment, but even if he were, he would still be in the case pursuant to the Fourth Amendment. An artful reading of the Plaintiff's Complaint has allowed Defendant's counsel to allege his client should be let out of the case, as a police officer, but just as artful a reading will lead any reasonable judge to understand that Mr. Wells has also been sued individually.

At best, Plaintiff may need to amend her Complaint to make it crystal clear to Defendant Wells' counsel that his client has also been sued in his individual capacity, but

we contend that is premature, this Complaint having been amended twice to date within the time lines set by this Court. If additional amendments are to be made, it needs to be after some meaningful discovery.

**IV.    Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Plaintiff Allegedly Not Being a Person Under 42 USC 1983.**

This allegation of Defendant Wells is somewhat like his implied allegation of "shotgun pleading," only Mr. Wells' defense counsel has defended by throwing in everything but  the kitchen sink.  42 U.S.C. 1983 applies to police officers, who exceed their authority in their individual capacity.  Plaintiff has alleged this.

At the police stop on May 3, 2003, there could have been some confusion on Mr. Cliatt's part about what he was being told to do , or at least so says Captain Hart who investigated this matter for the Phenix City Police Department.  As part of his report dated May 23, 2003, Captain Hart had the following to say about his investigation of the incident.

> "I do have some concern about the lack of planning/coordination by the officers on the scene prior to approaching the suspects(s).  Statements by the five involved officers are consistent on the fact that upon their arrival, the suspect(s) presented no immediate threat, both being seated in the Saturn and no firearm yet presented. Lt. Daughtry stated that he attempted to lay out a plan of action, but that various officers/deputies approached the Saturn almost immediately upon arrival with no coordination.  This rash approach may have dictated the subsequent actions of the offender (Claitt). . .
>
> I also have some concern about the actual approach of the Saturn made by the officers.  During the course of the interviews, the officers stated they were conducting a felony take-down, however, their definitions of what a felony take-down consisted of varied.  Felony take-downs are addressed on the SOP B-3 III(E)(1-9) (see attached support document).  Based on statements by the officers, several failed to approach from or seek areas of coverage and verbal commands to the suspect(s) were given by several officers/deputies simultaneously (possibly confusing the situation)."

From Memo to Chief P. Robinson, From Captain J. Hart, May 23, 2003,
        Ref.: 03PL12653

### V.     Defendant's Motion to Dismiss Pursuant to the Fourteenth
             Amendment Are Premature

In this section of Defendant's Response to Plaintiff's Complaint, Defendant

Mark Wells is again raising the "heightened pleading" issue under another banner

(everything except the kitchen sink defense). This is not a new case, as it has been

ongoing for almost a year. The Complaint has been amended twice, and may yet be

amended again by Plaintiff once she knows more about what happened on May 3,

2003. For reasons previously stated, no part of this case needs to be dismissed at this

point, until more meaningful discovery has taken place.

 This case presents a viable complaint for an action brought pursuant to 42 USC

1983. Again, if it is the wish of this Court that the pleadings be narrowed, this

counsel believes that should happen following meaningful discovery as cited above.

However, if this Court feels Plaintiff should be clearer in her Complaint at this time,

this Court can order a further amendment, and a time frame in which it can be done,

and Plaintiff will comply.

### VI.     Defendant's Motion to Dismiss Pursuant to the Eleventh
             Amendment Are Premature

Plaintiff reiterates its response at V, supra, in response to this pleading.

### VII.    Plaintiff's Pleadings, the Affidavits of Rosie Cliatt, and the Statements
             of Captain Hart Cause this Complaint to Pass the Qualified Immunity
             Test, and, Therefore, this Complaint Should not be Dismissed.

Saucier v. Katz, 533 U.S. 194, 121 Sec. 2151 (2001) is the current law of the land on the issue of qualified immunity. Pursuant to this case, a two-part test is imposed, and the defense must be raised in the case early, or it is waived. All Defendants, save Mark Wells, have waived the defense. They have all filed Motions to Dismiss pursuant to rule 12(b)(6) and no mention of such defense was raised by them therein.

As all Defendants are similarly situated, waiver by seven of the eight Defendants in the case should be considered waiver by all eight. However, even if the defense has not been waived, this case passes the two-prong test of Saucier, supra. First, Use of Excessive Force, the firing of some fifty-seven rounds into Mr. Cliatt by seven different police officers following a traffic stop would be a violation of Mr. Cliatt's Fourth Amendment Rights, even if he may be found to have fired one round. The second part of the test, which deals with whether a reasonable police officer would believe this was excessive under the circumstances is also met, if one believes Ms. Cliatt's statement, supra, that her son was fired upon while sitting in the car, as part of a traffic stop, and Captain Hart's statement, supra, about the officers' actions maybe being the cause of Mr. Cliatt's actions. As stated earlier, we believe, any reasonable man would know that fifty-seven bullets fired at a man sitting in a vehicle for a traffic stop, would be excessive force.

So whether Defendants have waived the defense, or whether one looks at the case in light of the defense, Plaintiff passes the test of Saucier, supra.

WHEREFORE, Plaintiff hereby requests this Honorable Court deny Defendant, MARK WELLS' Motion to Dismiss any portion of this case as:

1. A valid 42 USC 1983 claim under the Fourth Amendment exists;

2.  The motion is premature as it relates to the Eleventh and Fourteenth Amendment claims;

3.  Enough facts exist and have been pled by Plaintiff for all to understand her claims;

4.  Plaintiff can amend her Complaint further, if this Court believes same is necessary at this time; and

5.  Additional discovery needs to be conducted before any additional amendments of the Plaintiff's claims are ordered by this Court.


**/s/ Fulton B. Eaglin**
Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48104
(734) 769-1668; 0911fax
fbeaglin@aol.com
March 15, 2007


## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to JOSHUA R. MC KOON, JAMES ROBERT MC KOON, JR., JAMES PAUL GRAHAM, JR., KENDRICK E. WEBB, SCOTT WAYNE GOSNELL.


/S/  Fulton B. Eaglin

Fulton B. Eaglin (P24834)
Attorney for Plaintiff
220 E. Huron, Suite 210
Ann Arbor, MI  48104
(734) 665-5355; 0911fax
fbeaglin@aol.com