IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT** ) ) ) ) **Plaintiff,** ) ) **v.** ) ) **PHENIX CITY, ALABAMA,** *et al.*, ) ) **Defendants.** ) | **Civil Action No. 3:06-cv-471-SRW [WO]** |

### DEFENDANT MARK WELLS' BRIEF IN SUPPORT OF HIS REPLY TO PLAINTIFF'S ANSWER TO MOTION TO DISMISS

COMES NOW the Defendant, Mark Wells (hereafter, "Deputy Wells" or the "Defendant"), and sets forth this Brief in Support of His Reply to Plaintiff's Answer to his Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a claim upon which relief can be granted.

**I.   OBJECTION AND MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION TO CONVERT TO SUMMARY JUDGMENT AND MOTION FOR ADDITIONAL TIME AND A NEW BRIEFING SCHEDULE.**

Federal Rule of Civil Procedure 12(b) states that

> [I]f, on a Motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the Motion shall be treated as one for Summary Judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a Motion by Rule 56.

Fed. R. Civ. P. 12(b).

In her Answer to Defendant Mark Wells' Motion to Dismiss (hereafter, the "Answer"), the Plaintiff attached two (2) exhibits: Exhibit "A" is laboratory results from the Alabama Department of Forensic Sciences, and Exhibit "B" is an Affidavit of the Plaintiff. Plaintiff's Affidavit further

references and appears to incorporate a previous Affidavit filed by her in response to Motions to Dismiss filed by other Defendants in this action. It is beyond dispute that the Plaintiff's Affidavits seek to inject factual allegations that are not contained in the Complaint. These exhibits and Affidavits are "matters outside the pleading" as contemplated by Fed. R. Civ. P. 12(b), and are not to be considered with regards to Deputy Wells' Motion to Dismiss. Consequently, the Plaintiff's Affidavits are completely immaterial as they can add nothing to the question of whether her Complaint or Amended Complaints sufficiently state a claim against Deputy Wells. They are therefore due to be struck under Rule 12(f) of the Federal Rules of Civil Procedure. Consequently, Deputy Wells objects to the admission of these materials, and moves this Court to strike them from the record. Kohler v. Jacobs, 138 F.2d 440, 441 (5th Cir. 1943) (holding that "[a] Motion to Dismiss for failure to state a claim on which relief may be granted is to be heard on the face of the Complaint and Amendments.").

Further, Plaintiff's entire Answer to Deputy Wells' Motion to Dismiss should be struck because it relies heavily on the Plaintiff's Affidavit and other improper evidentiary materials. At no time in the Response does the Plaintiff ever make an argument that relies only on the facts pled in the Complaint – the relevant issue on a Motion to Dismiss. See Rule 12(b)(6); Milburn v. U.S., 734 F.2d 762, 765 (11th Cir. 1984). Further, in Section IV of the Answer, the Plaintiff quotes at length from a memorandum that is not attached to or contained in any of the Complaints (or any other pleading), and is therefore improper for consideration on a Motion to Dismiss.

The Plaintiff argues repeatedly that fifty-seven (57) rounds were fired by the Defendant officers – an allegation not contained in the Complaint and supported by the improper submission of a laboratory report from the Alabama Department of Forensic Sciences. The Plaintiff relies heavily on the existence of a videotape, which is also not mentioned anywhere in

the Complaint.[1] The Plaintiff states, without any evidentiary support, that Denise Williams was charged with murder and found not guilty – an allegation found nowhere in the Complaint.

Consequently, as both the Plaintiff's Answer, and the Affidavits upon which it is based, submit materials outside of the pleadings in opposition to Deputy Wells' 12(b)(6) Motion, which both are due to be stricken under Rules 12(b)(6) and 12(f).  See, e.g., Baynes v. ALLTELL Wireless of Alabama, Inc., 322 F. Supp. 2d 1307, 1310, n.4 (M.D. Ala. 2004);

In the alternative, should this Court consider said materials, Deputy Wells moves this Court to convert his Motion to Dismiss to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(b) and 56, to allow additional time to gather materials pertinent to the Motion pursuant to Fed. R. Civ. P. 12(b), and to issue a new briefing schedule.  Rule 12(b)(6) provides that when "matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] Motion shall be treated as one for Summary Judgment and disposed of as provided in Rule 56, ***and all parties shall be given reasonable opportunity to present all material made pertinent to such a Motion by Rule 56***."  Fed. R. Civ. P. 12(b)(6) (emphasis added).  Before such a conversion may take place, the district court must give the parties notice and allow at least ten (10) days for the parties to submit relevant evidence.  Marine Coatings of Alabama, Inc. v. United States, 792 F.2d 1565, 1568 (11th Cir. 1986), rev'd on other grounds, 932 F.2d 1370 (11th Cir. 1991); Jones v. Automobile Ins. Co. of Hartford, Connecticut, 917 F.2d 1528 (11th Cir. 1990).

### II. THE PLAINTIFF'S CLAIMS AGAINST DEPUTY WELLS ARE DUE TO BE DISMISSED BECAUSE VIOLATIONS OF 42 U.S.C. § 1983 ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

The Plaintiff has failed to respond to this argument in her Answer, except to point out that this argument has already been considered and denied by Magistrate Judge Walker on multiple occasions with regard to several other Defendants.  Nevertheless, Deputy Wells is not one of those

---

[1] The Plaintiff, rightly, does not allege that Deputy Wells or the Russell County Sheriff Department has or ever had

Defendants, and he has submitted a lengthy and thorough argument in hopes that this Court will reconsider the applicable facts and law, and issue an Order dismissing the claims against Deputy Wells.

### III.     THE PLAINTIFF'S CLAIMS BASED ON 42 U.S.C. § 1983 ARE DUE TO BE DISMISSED FOR FAILURE TO PROPERLY PLEAD SUCH CLAIMS.

Again, the Plaintiff fails to respond to any of the substantive arguments set forth in Deputy Wells' Motion to Dismiss. Instead, the Plaintiff appears to argue that she intends, in the future, to get the information required to meet the heightened pleading standard. The Plaintiff appears to rely solely on the testimony of Ms. Williams for that information. However, as pointed out in the Motion to Dismiss, there are additional avenues of discovery which the Plaintiff has had available for three (3) years, and had not availed herself of, such as print and broadcast media coverage of both the Decedent's shooting and the murder for which the Decedent was a suspect, the Freedom of Information Act (5 U.S.C. § 552), and Rules 27 and 34 of the Federal Rules of Civil Procedure. In short, the Plaintiff had several avenues available to her, aside from Ms. Williams' testimony or interview tapes, for the discovery of the information necessary for her to bring this action. She does not claim that she pursued any of those avenues. She therefore has failed to obtain the facts necessary for her to meet the heightened pleading standard required in cases involving qualified immunity.

### IV.     THE PLAINTIFF'S CLAIMS AGAINST DEPUTY WELLS ARE DUE TO BE DISMISSED BECAUSE DEPUTY WELLS, IN HIS OFFICIAL CAPACITY, IS ENTITLED TO IMMUNITY PURSUANT TO THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

The Plaintiff states that "[p]erhaps Mr. Wells is entitled to be dismissed as a police officer pursuant to the Eleventh Amendment, but even if he were, he would still be in the case pursuant to the Fourth Amendment." (Answer at 6.) The Plaintiff appears to be arguing that

---

custody or control over the alleged videotape.

though Deputy Wells may be entitled to dismissal in his official capacity, he is still "in the case" in his individual capacity.[2] She makes no effort *at all* to argue that Deputy Wells is not entitled to be dismissed in his official capacity, and therefore she has conceded this argument.

The Plaintiff does argue that Deputy Wells has been sued in his individual capacity, and that any amendment required to make this clear would be premature. However, far from being premature, that issue is at the very foundation of a Motion to Dismiss based on immunity.

As stated in the Motion to Dismiss, when determining the capacity in which a governmental employee is sued, the court looks "at the Complaint and the course of proceedings." Colvin v. McDougall, 62 F.3d 1316, 1317 (11th Cir. 1995). Those portions of the Amended Complaints which purport to state the claims against Deputy Wells specifically address the capacity in which he is sued. It says these words about capacity: "At all times relevant hereto and in all actions described herein, all Defendant officers and deputies were acting under color of law as police officers, and in such capacity, as agents, servants and employees of PHENIX CITY, ALABAMA, and RUSSELL COUNTY, ALABAMA." (Plaintiff's Second Amended Complaint at ¶ 8.) Further, in her claims against Deputy Wells, the Plaintiff alleges that his actions were "in the furtherance of [his] duties." Id. at ¶ 25. In her statement of proximate cause, the Plaintiff alleges that Deputy Wells was acting as an "agent[], servant[] or employee[] of Defendant, CITY and COUNTY." Id. at ¶ 30. Finally, Plaintiff clearly alleges that Deputy Wells was acting "in [his] capacity as police officer[] and under Color of Law." Id. at ¶ 42. In light of these claims, it is undisputable that Plaintiff is suing Deputy Wells in his official capacity.[3]

---

[2] This statement is the undersigned's best guess at the Plaintiff's argument in this section.
[3] Plaintiff has filed a Complaint and two (2) Amended Complaints. She has had three (3) opportunities to allege that Deputy Wells has been sued in his individual capacity, and has failed to do so.

V.   **THE PLAINTIFF'S CLAIMS AGAINST DEPUTY WELLS ARE DUE TO BE DISMISSED BECAUSE DEPUTY WELLS IS NOT A "PERSON" FOR PURPOSES OF § 1983.**

Again, the Plaintiff does not respond to this argument, but merely argues that Deputy Wells has been sued in his individual capacity. Therefore, the Plaintiff has conceded this argument. Further, the Plaintiff relies on extraneous material not contained in the original Complaint or either of the Amended Complaints, and is therefore not to be considered. See, *supra*.

VI.   **THE PLAINTIFF'S FOURTEENTH AMENDMENT § 1983 EXCESSIVE FORCE CLAIMS ARE DUE TO BE DISMISSED BECAUSE THE UNITED STATES SUPREME COURT HAS HELD THAT SUCH CLAIMS ARE PROPERLY ANALYZED ONLY UNDER THE FOURTH AMENDMENT.**

Again, the Plaintiff has failed to respond to this argument, and therefore she has conceded it. Her response merely points out that the case is "not new," that the Complaint has been amended twice (and may be again), that discovery needs to take place, and the conclusory allegation that a cause of action has been stated under 42 U.S.C. § 1983. There is no mention, much less argument, regarding the Fourteenth Amendment, and therefore she has conceded this argument.

VII.   **THE PLAINTIFF'S CLAIMS AGAINST DEPUTY WELLS ARE DUE TO BE DISMISSED BECAUSE DEPUTY WELLS IN ENTITLED TO QUALIFIED IMMUNITY.**

The Plaintiff correctly cites to Saucier v. Katz, 533 U.S. 194 (2001) as the established law regarding qualified immunity.[4] However, nowhere in Saucier – indeed, nowhere in any case in any jurisdiction in the United States – does a court hold that waiver of the defense of qualified immunity by seven defendants constitutes waiver by the remaining defendants. Tellingly, Plaintiff cites to no such case or statement by any court. Further, failure to plead such a defense in a Motion to Dismiss does not constitute a waiver of that defense. Only if a defendant fails to plead a defense in his answer is that defense deemed waived. Fed. R. Civ. P. 12(h)(1); Barrett v. Thomas, 649 F.2d 1193,

1201 (5th Cir. 1981). However, notwithstanding the foregoing, the defense of qualified immunity may be raised at any point in the proceedings, up to and including trial. Fry v. Hillsborough County School Bd., Fla., 190 Fed. Appx. 810 (11th Cir. 2006); Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002). Significantly, all of the Phenix City Defendants have pled qualified immunity as an affirmative defense in their Answers.

The Plaintiff relies on three (3) "facts" – none found in the Complaint or Amended Complaint – to make the conclusory allegation that any reasonable man would know that the officers were using excessive force. The first "fact" is the statement that the decedent was fired upon while he was sitting in his car. The second "fact" is that the officers fired fifty-seven (57) rounds, and that the decedent fired one round. The third "fact" is a reference to the memorandum quoted in a previous portion of the Plaintiff's Answer. None of these "facts" are found in the Complaint or the First or Second Amended Complaints, and none are relevant to consideration of Deputy Wells' Motion to Dismiss.

Nevertheless, the Plaintiff does not address the actual test laid out in Saucier. As stated in the Motion to Dismiss, once a defendant has asserted the defense of qualified immunity, as Deputy Wells has, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a Constitutional violation. Saucier, 533 U.S. at 201. This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a Constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The Plaintiff addressed this inquiry in rather cursory and conclusory fashion, simply stating that it is obvious that the officers used excessive force.

The second inquiry is, if a Constitutional violation is stated, were these rights "clearly established" to the degree that the defendant had "fair warning" that his/her conduct violated the

---

[4] This is the Plaintiff's only reference to case law in her Answer.

plaintiff's Constitutional rights?  Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003). In making an assessment of whether the particular conduct of this Defendant was clearly established as being violative of Constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A Constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1997).  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."  Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).  The Plaintiff makes no argument whatsoever to show that the officers' actions violated clearly established law.  Indeed, the Plaintiff cites to no law at all.  Mere statements of broad legal truisms, without more, are not sufficient to overcome qualified immunity. Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

      The Plaintiff argues repeatedly in her Answer that discovery should proceed to allow her to discover facts that may buttress her deficient Complaints.  However, under crystal clear United States Supreme Court precedent, the Plaintiff may not obtain discovery until this Court resolves the immunity question.  The United States Supreme Court has made it abundantly clear that immunity is "an *immunity from suit* rather than a mere defense to liability."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in the original).  The purpose of immunity is to "avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery.'"  Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982)).  "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal ***before the commencement of discovery***."  Id. (citing Harlow, 457 U.S. at 818)

(emphasis added). The benefits of immunity are lost if a case is erroneously allowed to go to trial. Id.; see also Siegert v. Gilley, 500 U.S. 226, 232-33 (1991). This is the very reason for the heightened pleading standard, which the Plaintiff has failed to meet (or address in her Answer). See, *supra*.

The Eleventh Circuit has fully embraced Mitchell and even expanded upon it. In Green v. Brantley, the Eleventh Circuit cited Mitchell noting "the menacing nature of personal liability" and "the chilling prospect of forcing government officials to defend against claims from which they are properly immune." 941 F.2d 1146, 1149 (11th Cir. 1991) (citing Mitchell, 472 U.S. at 526). The Court further explained the benefits to all parties to a particular litigation in deciding immunity issues early and limiting discovery:

> A defendant's litigation burdens are lessened when a claim is dismissed, and he then defends against fewer claims. If a court grants qualified immunity on one civil rights issue and the defendant goes to trial on a separate issue, discovery can be limited to the issue for which the defendant official has no immunity. With at least some civil rights claims disposed of favorably for the defendants, the plaintiffs may voluntarily withdraw or settle the remaining claims. The duration of the trial – if there is a trial – will likely be shortened, the issues simplified, and the focus narrowed. The defendant's attorney's fees and costs may be reduced. If the remaining claims are not civil rights claims, the burden of proof and measure of damages may be very different, and damages may be substantially less than allowed in a civil rights action. *Cf*. Roper v. Edwards, 815 F.2d 1474, 1477 (11th Cir. 1987) (noting divergent legal theories and different measures of proof). Or, the remaining claim may be one in which insurance coverage is available when perhaps it is unavailable for the civil rights claim. In addition, the stigma of facing suit for negligence (for example) probably is, and ought to be, less than that associated with having allegedly violated someone's civil rights. And even though the defendant may face personal liability on a separate claim, the defendant has a significant interest in having his exposure to damage liability reduced as early in the process as possible. Moreover, the plaintiff's constitutional claim may be the only federal claim in the lawsuit. If the federal claim is dismissed because of qualified immunity, the state-law claims may have no place in federal court. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

<u>Id.</u> 941 F.2d at 1149-50.  More recently, the Court noted the importance of the rationale behind immunity in that "qualified immunity helps protect government officials from expenses of litigation, prevents diversion of energy from pressing public issues and alleviates deterrent effect of threat of lawsuits on people's acceptance of public office."  <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1022 n.1 (11th Cir. 2001).  Because these important benefits of immunity are effectively lost if a defendant official is subjected to discovery, the Eleventh Circuit has held that qualified immunity issues should be resolved prior to the commencement of discovery.  <u>See, e.g.</u>, <u>Marsh</u>, 268 F.3d at 1022; <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357 (11th Cir. 2003); <u>Childress v. Small Business Admin.</u>, 825 F.2d 1550, 1552 (11th Cir. 1987).  Consequently, the Plaintiff's argument for allowing discovery to proceed is contrary to clearly established Supreme Court and Eleventh Circuit law, and should be appropriately dismissed.

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendant Mark Wells, moves this Honorable Court to dismiss this action against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted, this 20th day of March, 2007.

> **s/Scott W. Gosnell**
> KENDRICK E. WEBB – Bar. No. WEB022
> SCOTT W. GOSNELL – Bar No. GOS002
> Attorney for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Road (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  sgosnell@webbeley.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 20th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Faulton B. Eaglin
    LAW OFFICES OF FULTON B. EAGLIN
    220 E. Huron
    Suite 210
    Ann Arbor, MI 48104
    Telephone: (734) 665-5355
    Fax: (734) 665-0911
    Email: fbeaglin@aol.com

    James Robert McKoon, Jr.
    McKoon & Thomas
    P.O. Box 3220
    Phenix City, AL 36868-3220
    Telephone: (334) 297-2300
    Fax: (334) 297-2777
    Email: jrmckoon@aol.com


    **s/Scott W. Gosnell**
    OF COUNSEL