IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 3:06-cv-471-MEF ) |
| PHENIX CITY, ALABAMA, *et al.*, | ) (WO) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Mark Wells' ("Wells") Motion to Dismiss (Doc. # 54), filed February 26, 2007. Plaintiff Rosie Cliatt ("Plaintiff") has sued on behalf of her son, Dontavius Cliatt ("Decedent"), for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, resulting in his death. After careful review of the submissions made by the parties, this Court finds that Wells' Motion to Dismiss is due to be GRANTED IN PART AND DENIED IN PART.

**II. RULE 12(B)(6) STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967

(11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 1965. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true). Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### III. FACTS

The allegations in the complaint establish the following facts. On the evening of May 3, 2003, Decedent was a suspect in a homicide that had occurred earlier that day. The vehicle Decedent was driving was also suspected to have been involved in this homicide. At approximately 6:30 p.m., Decedent was driving this vehicle in the vicinity of Southside Park on Sanford Road in Phenix City, Alabama. Denise Williams ("Williams") was a passenger

in Decedent's vehicle. At this time, Decedent was pulled over by the Russell County Sheriff's Department. Wells, a Russell County Deputy Sheriff, approached Decedent's vehicle and initiated a "routine traffic stop." Deputy Sheriff Eric Fetty ("Fetty") was also present at this time. During the course of this stop, the deputies determined that additional police backup was necessary and radioed for assistance.

When additional officers arrived from the Phenix City Police Department, all of the officers at the scene approached Decedent's vehicle and opened fire on Decedent. After law enforcement began firing upon him, Decedent returned fire with a gun in his possession. During this exchange of gunfire, the Decedent received a gunshot wound to the face. Decedent was taken into custody and delivered to a hospital already dead.

## IV. DISCUSSION

**A.    Statute of Limitations**

Wells argues that the Complaint should be dismissed because it is barred by the statute of limitations. Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (*Tello I*). The defendant has the burden of proof to establish the elements of the affirmative defense of the statute of limitations. *Id.* at 1292.

Wells' codefendants made the same statute of limitations arguments in their motions to dismiss, which this Court has already denied. Because it is not apparent from the face of

the complaint that the statute of limitations on Plaintiff's claims has expired, dismissal on this ground is not warranted at this time. *Tello*, 410 F.3d at 1288.

**B.    Arguments Based on Being Sued in Official Capacity**

Wells argues that the claims against him should be dismissed because he is being sued in his official capacity. Based upon this argument, Wells presents two grounds for dismissal: (1) that he is immune from suit under the Eleventh Amendment, *see Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527 (11th Cir. 1990) (holding that deputy sheriff sued in official capacity in Alabama is immune under Eleventh Amendment because of their traditional function under Alabama law as the sheriff's alter ego), and (2) that an officer sued in his official capacity is not a "person" as defined in § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has responded that it was her intent to sue Wells in both his official and personal capacity.

In order to determine whether an official is being sued in their personal or official capacity, a court must look to the complaint and the "course of proceedings." *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Colvin v. McDougall*, 62 F.3d 1316, 1317-18 (11th Cir. 1995). Looking to the Complaint, Wells is mentioned in two different counts. Count I states that it is brought against Phenix City, as well as several officials including Wells, based upon the "policies" and "practices" of the city and county themselves, as well as the officials. Count III states that it is brought against several officials "Individually," and bases liability on the officials' actions "under the color of law."

When an official is being sued in his official capacity, liability must be premised upon a "policy or custom" of the governmental entity that played a role in the violation of the federal right. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Colvin*, 62 F.3d at 1318. In contrast, when an official is being sued in his personal capacity, he is liable regardless of whether there is an official policy or custom, so long as he acts "under color of law." *See Hafer*, 502 U.S. at 25; *Colvin*, 62 F.3d at 1318. Therefore, because Count I bases liability on the policies and practices of a government entity, this Court finds that Wells is being sued in that count in his official capacity. *See Colvin*, 62 F.3d at 1318 (holding that the fact that jury was instructed that liability must be based on a deprivation "pursuant to a governmental custom, policy, ordinance, regulation or decision" was evidence that official was sued in his official capacity). On the other hand, Count III, which bases liability on Wells' actions "under color of law" and states that he is being sued "Individually," is a claim against Wells in his personal capacity. *Cf. id.*

Because deputy sheriff's are immune from suit in their official capacities pursuant to the Eleventh Amendment, *Carr*, 916 F.2d at 1527, all claims against Wells in his official capacity must be dismissed. This means that Count I is dismissed to the extent that it purports to state a claim against Wells in his official capacity.[1] However, the claim against

---

[1] This Court is not dismissing Count I in its entirety, and this count will remain against all other defendants. *See Patsy v. Board of Regents*, 457 U.S. 496, 515 n.19 (1982) (holding that question of Eleventh Amendment immunity is a "jurisdictional bar" that may be raised for the first time on appeal, but is not jurisdictional in the sense that it must be raised and decided by a court on its own motion).

Wells in Count III, which is a claim against Wells in his personal capacity, will not be dismissed.

**C.     Failure to State a Claim Under the Fourteenth Amendment**

Wells also claims that the Complaint must be dismissed to the extent it attempts to state claims under the Fourteenth Amendment. The purported justification for this argument is that all excessive force claims must be analyzed under the Fourth Amendment, citing *Graham v. Connor*, 490 U.S. 386, 394 (1989). *Graham* does not stand for the proposition that a suit against state officials under § 1983 can not be pled as violations of the Fourteenth Amendment. Indeed, it is textbook Constitutional Law that the constitutional protections of the bill of rights only apply to the states and state officials through the due process clause of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 341 (1963) (recognizing that the Fourteenth Amendment makes the "guarantees of the Bill of Rights which are fundamental safeguards of liberty immune from federal abridgment" equally protected against state invasion). Rather, *Graham* is a case about determining which Amendment's *substantive protections* apply (through the Fourteenth Amendment) in a given context in order to determine whether liability under § 1983 exists. *Graham*, 490 U.S. at 394 ("In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force."). In other words, contrary to Well's claim, *every* § 1983 excessive force claim against a state official states a claim under the Fourteenth Amendment. Accordingly, Well's Motion to Dismiss on this ground is due to be denied.

6

**D.    Qualified Immunity**

Wells argues that the claims against him must be dismissed because of the affirmative defense of qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The analysis for qualified immunity follows a three-step process. In the first step, the burden is on the defendant to show that he was performing a "discretionary function" at the time the alleged violation of federal law occurred. *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). Here, Wells was performing a discretionary function because making an arrest is within the official responsibilities of a sheriff's deputy. *Id.* Once the defendant has satisfied this test, the burden shifts to the plaintiff to demonstrate: (1) that the defendant has committed a constitutional violation; and (2) that the constitutional right at issue was "clearly established" at the time the violation occurred. *Id.*

The Fourth Amendment provides the right to be free from the use of excessive force by law enforcement in the course of an investigatory stop or arrest. *Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir. 2007). To establish an excessive force claim, the Appellant must first show Beshers was "seized" within the meaning of the Fourth Amendment. *Id.* This requirement is satisfied in this case because when a law enforcement officer shoots a suspect, a "seizure" has occurred. *See Carr v. Tatangelo*, 338 F.3d 1259, 1268 (11th Cir. 2003).

7

The next question that must be decided is whether the force used to effectuate the seizure was reasonable. *Beshers*, 495 F.3d at 1266. The reasonableness test is an objective standard focusing on the facts and circumstances confronting the officer at the time without regard to the officer's subjective intent or motivation. *Id.* To determine whether the amount of force used by a police officer was proper, a court must ask whether a reasonable officer would believe that this level of force is necessary in the situation at hand. *Id.* The inquiry should be viewed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight and must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation. *Id.*

The Eleventh Circuit has articulated three preconditions for the use of deadly force. The officer must: (1) have probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others or that he has committed a crime involving the infliction or threatened infliction of serious physical harm; (2) reasonably believe that the use of deadly force is necessary to prevent escape; and (3) have given some warning about the possible use of deadly force, if feasible. *Beshers*, 495 F.3d at 1267.

Based on the allegations in the complaint, the first condition is met because Decedent was suspected of homicide, which is a crime involving the infliction of serious physical harm. However, the facts in the complaint are insufficient to establish either of the other two criteria—that the use of deadly force was necessary and that, if feasible, a warning about the use of deadly force was given. While it is clear from the face of the complaint that the

8

Decedent was suspected of homicide, and that he was in possession of a gun, there is no indication from the Complaint whether Decedent had brandished the weapon or even whether the officers knew he had a gun. Based on the facts alleged in the complaint, viewed in the light most favorable to the Plaintiff, this Court can not find that the use of deadly force was justified. Under these circumstances, Wells' motion would be due to be denied because an unjustified use of deadly force states a violation of a clearly established constitutional right. *Id.* at 1266-67.

However, the analysis is not yet complete because Wells further argues that the Complaint is not sufficient to meet the "heightened pleading" standards of § 1983 claims. Indeed, § 1983 claims are subjected to a "heightened pleading" standard, particularly in cases involving qualified immunity where the plaintiff bears the burden of showing the violation of a clearly established right. *Epps v. Watson*, 492 F.3d 1240, 1242-43 (11th Cir. 2007). The purpose of the "heightened pleading" standard is to prevent plaintiffs from reliance on "vague or conclusory allegations." *Id.* In these cases, the complaint must allege facts "with some specificity." *Id.*

The Complaint in this case does not raise "vague or conclusory allegations." The Complaint alleges when the violation occurred (May 3, 2003 at 6:30 p.m.), where the violation occurred (Sanford Road in Phenix City), who committed the violation (the officers, identified by name, of Russell County Sheriff's Department and Phenix City Police Department who were present at the scene), and how the violation occurred (by shooting Decedent without justification). This level of specificity is sufficient to survive a motion to dismiss. *Epps*, 492 F.3d at 1244-45.

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendants Wells Motion to Dismiss (Doc # 54) is GRANTED IN PART AND DENIED IN PART.

DONE this the 12th day of December, 2007.

                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE