IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT, )<br><br>Plaintiff, )<br><br>v. )<br><br>PHENIX CITY, ALABAMA, *et al.*, )<br><br>Defendants. ) | <br><br><br><br><br><br>CASE NO. 3:06-cv-471-MEF<br><br>(WO) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff Rosie Cliatt's ("Plaintiff") Motion for Substitute Service (Doc. # 59), filed March 8, 2007. Plaintiff is requesting authorization to serve Defendant Eric Fetty ("Fetty") by publication. Fed. R. Civ. P. 4(e)(1) provides that service may be effected upon an individual within any judicial district of the United States "pursuant to the law of the state in which the district court is located." Therefore, Plaintiff may serve Fetty by publication if it would be authorized under Alabama law.

Alabama Rule of Civil Procedure 4.3 prescribes the circumstances in which service by publication is authorized. Service by publication is authorized in two circumstances: (1) where a resident defendant has avoided service and cannot be located, and (2) where service is sought upon a corporation having one of its principal places of business within the state. *See Thomas v. Morgan*, 1 F. Supp. 2d 1424, 1425 (M.D. Ala. 1998) (Albritton, J.). Moreover, mere lack of success in locating a defendant is insufficient to support a claim that

the defendant has "avoided service." *See Beasley v. United States*, 162 F.R.D. 700, 701-02 (M.D. Ala. 1995) (Albritton, J.).

Plaintiff's motion fails to present a sufficient factual basis for this Court to authorize service by process. The motion represents that Plaintiff attempted to serve Fetty through the Russell County Sheriff's Office, but that, at the time service was attempted, Fetty no longer worked in that office. The only attempt Plaintiff has made to locate Fetty is by asking the Sheriff's Office for a forwarding address, which it does not have. Furthermore, Plaintiff has presented no evidence that Fetty has willfully *avoided* service of process, as required for service by publication under Alabama law. *Id.* Accordingly, service by publication is not warranted at this time.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court hereby provides notice to the plaintiff that the Court finds that Plaintiff has failed to cause service to be made upon Eric Fetty, a named defendant to this action, within 120 days after the filing of the Complaint in this action on May 25, 2006. It is the present intention of this Court to dismiss all claims against Eric Fetty without prejudice on **January 4, 2008**, unless plaintiff shows good cause for his failure to comply with Federal Rule of Civil Procedure 4 before that date.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion for Substitute Service (Doc. # 59) is DENIED.

DONE this the 12th day of December, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE