IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**PHENIX CITY, ALABAMA,** *et al.*, )<br>)<br>**Defendants.** ) | Civil Action No. 3:06-cv-471-SRW [WO] |

### OBJECTION TO SECOND MOTION FOR SUBSTITUTE SERVICE

COMES NOW the Defendant, Mark Wells (hereafter, "Deputy Wells"), and objects to the Plaintiff, Rosie Cliatt's (hereafter, the "Plaintiff"), Second Motion for Substitute Service on Eric Fetty. As grounds for this objection, Deputy Wells states as follows:

1. The Plaintiff has again moved this Court to allow her to serve Defendant Eric Fetty (hereafter, "Fetty") by means of publication. However, as this Court has already recognized, Alabama Rule of Civil Procedure 4.3 ("Process: Service by publication.") clearly provides that service by publication is only appropriate "against a defendant who avoids service of process as described in subdivision (c) of this rule. . . . In no event shall an in personam judgment be entered on service by publication except as provided in subdivision (c) of this rule." Ala. R. Civ. P. 4.3(a)(2). Subdivision (c) is headed "Avoidance of service," and deals exclusively with defendants who are actively avoiding service of process. That subdivision specifically provides as follows: "The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance." Ala. R. Civ. P. 4.3(c).[1]

---

[1] The Committee Comments to Rule 4.3 recognize this requirement of culpable avoidance.

2. Though Plaintiff's counsel has submitted an affidavit in support of his Motion, that affidavit still does not aver any specific facts of avoidance, but simply states that nobody Plaintiff's counsel has contacted, i.e. Russell County Sheriff Tom Boswell, Russell County Attorney Kenneth Funderburk, and the undersigned counsel for defendant Wells, has information regarding Fetty's whereabouts. Plaintiff's counsel, in his affidavit, admits that after extensive searching, neither he nor plaintiff Rosie Cliatt (who lives in Phenix City) were able to find any information regarding the location of Fetty. Plaintiff then proceeds to state, categorically and without any supporting facts or evidence, that some of the Defendants know Fetty's whereabouts, but are unwilling to make this information known. He further states, again without evidentiary or factual support, that Fetty knows of the case but is avoiding service of process. These kinds of bare allegations are exactly what Rule 4.3(c) prohibits when it states that "The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver *specific facts of avoidance*." See, e.g., Thomas v. Morgan, 1 F. Supp. 2d 1424 (M.D. Ala. 1998) (denying Plaintiff's Motion to Authorize Service by Publication); Vaughan v. O'Neal, 736 So. 2d 635 (Ala. Civ. App. 1999) (holding that a conclusory statement in an Affidavit that the Defendant was "avoiding service," without reciting facts to support the conclusion, was insufficient to satisfy the requirements of Rule 4.3(d)(1), Ala. R. Civ. P.).

---

Note that more than mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. Further, note that publication is only available on motion at which time the plaintiff should bring to the attention of the court those circumstances which, in the opinion of the plaintiff, substantiates plaintiff's contention that the defendant is avoiding service and that plaintiff is entitled to service by publication.

Ala. R. Civ. P. 4.4, comm. cmt. ARCP 4.3 (1977). See also Webster v. Cetinkaya, 638 So. 2d 834 (Ala. 1994); Wise v. Siegel, 527 So. 2d 1281 (Ala. 1988); SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C., 939 So. 2d 885, 907 (Ala. Civ. App. 2005); Vaughan v. O'Neal, 736 So. 2d 635 (Ala. Civ. App. 1999); Kanazawa v. Williams, 838 So. 2d 392, 395 (Ala. Civ. App. 2002); Vogus v. Angry, 744 So. 2d 934 (Ala. Civ. App. 1999); McBrayer v. Hokes Bluff Auto Parts, 685 So. 2d 763, 767-68 (Ala. Civ. App. 1996).

WHEREFORE, Defendant Wells objects to the Plaintiff's Second Motion for Substitute Service on Eric Fetty, and moves this Honorable Court to deny said Motion.

Respectfully submitted this 3rd day of January, 2008.

                                                  **s/Scott W. Gosnell**
                                                  KENDRICK E. WEBB (WEB022)
                                                  SCOTT W. GOSNELL (GOS002)
                                                  Attorneys for Defendant Wells

OF COUNSEL:

WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  sgosnell@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Fulton B. Eaglin, Esquire; James Robert McKoon, Jr., Esquire; Joshua R. McKoon, Esquire**; and **James Paul Graham, Jr., Esquire**.

                                                  **s/Scott W. Gosnell**
                                                  OF COUNSEL