## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **ROSIE CLIATT, as Personal Representative of the Estate of DONTAVIUS CLIATT,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 3:06-cv-471-SRW [WO] |
| v. ) | |
| ) | |
| **PHENIX CITY, ALABAMA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO STAY DISCOVERY

COMES NOW the Defendant, Mark Wells (hereafter, "Deputy Wells" or the "Defendant") and moves this Honorable Court to stay discovery in this action, including the Rule 26(f) report,[1] pending this Court's ruling on Defendant's Motion for Summary Judgment. As grounds therefor, Defendant sets down and assigns the following:

1. On December 7, 2007, Plaintiff filed her Motion for Summary Judgment and Brief in Support thereof.

2. On December 12, 2007, this Honorable Court issued its Order directing the parties to file a Rule 26(f) report as soon as practicable but not later than January 9, 2008.

3. On December 28, 2007, Deputy Wells filed his Motion for Summary Judgment and Brief in Support thereof, raising the defense of qualified immunity.

3. Long-standing federal law holds that, in light of the threshold question of immunity, all other pre-trial proceedings, including discovery, should be stayed pending

---

[1] Though the Rule 26(f) report is not actually discovery, most of the deadlines contained in such a report, including such things as initial disclosures, interrogatories and requests for production, depositions, and expert deadlines, would be meaningless should this Court stay discovery pending resolution of the Motions for Summary Judgment. Therefore, in the interest of judicial economy, Defendant Wells moves the Court to stay both discovery and the Rule 26(f) report.

resolution of the immunity defense. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but *unwarranted demands customarily imposed upon those defending a long drawn out lawsuit*." Siegert v. Gilley, 500 U.S. 226, 232 (1991) (emphasis added). See also, Mitchell v. Forsyth, 472 U.S. 511 (1985) ("Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive."); Blinco v. Green Tree Servicing, L.L.C., 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign . . . immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, *including pre-trial discovery*.") (emphasis added); Hunter v. Bryant, 502 U.S. 224, 227 (1991); Saucier v. Katz, 533 U.S. 194, 199-202 (2001). Qualified immunity is immunity *from suit*, rather than a defense to liability, and is effectively lost if a case is permitted to proceed to trial. Blinco, 336 F.3d at 1252; Elliott v. Perez, 751 F.2d 1472, 1478 (5th Cir. 1985) ("[S]ubjecting officials to trial, *traditional discovery*, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford.") (emphasis added); Mitchell, 472 U.S. at 526 (1985). "[A] Court may resolve the issue of qualified immunity before allowing discovery." Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994). Therefore, discovery in this action should be stayed until this Court has decided the threshold issue of Defendant's Motion for Summary Judgment based on the defense of qualified immunity.

  WHEREFORE, ABOVE PREMISES CONSIDERED, Defendant Mark Wells moves this Honorable Court to stay discovery in this action, including the Rule 26(f) report, pending resolution of Defendant's Motion for Summary Judgment.

Respectfully submitted this 3rd day of January, 2008.

                                            **s/Scott W. Gosnell**
                                            KENDRICK E. WEBB (WEB022)
                                            SCOTT W. GOSNELL (GOS002)
                                            Attorneys for Defendant Wells

OF COUNSEL:

WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  sgosnell@webbeley.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 3rd day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Fulton B. Eaglin, Esquire; James Robert McKoon, Jr., Esquire; Joshua R. McKoon, Esquire**; and **James Paul Graham, Jr., Esquire**.

                                            **s/Scott W. Gosnell**
                                            OF COUNSEL