## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ROSIE CLIATT, as Personal Representative of The Estate of Dontavius Cliatt, | ) ) ) | Case Number: |
| Plaintiff, | ) ) | 3:06-CV-0471-SRW |
| v. | ) ) | |
| PHENIX CITY, ALABAMA, et al., | ) ) | |
| Defendants. | ) | |

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Phenix City, Alabama, Preston Robinson, Jarrod Barr, Chris Brennan, Patrick Daughtry, Darius Farley and David Reeves file this their Reply to Plaintiff's Response to Defendants' Cross Motion for Summary Judgment and show as follows:

### INTRODUCTION

Defendants would note before going into a brief discussion of why their Cross Motion for Summary Judgment should be granted a few fundamental errors on the part of Plaintiff's Counsel with respect to his Response.

First, the Plaintiff maintains that both the qualified immunity and statute of limitations defenses advanced by the Defendants in their Cross Motion for Summary Judgment should not be considered because "the Court has already formally considered and rejected both of these arguments." See E.C.F. Document #109 p. 2. Of course Defendants may raise these defenses on a Motion to Dismiss and a Motion for Summary Judgment. The Court did properly consider these defenses at the Motion to Dismiss stage

based solely on the pleadings before it. <u>Dacosta v. Nwachukwa</u>, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing <u>GJR Invs., Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1367 (11th Cir. 1998)). The Court did not find that on the basis of the pleadings alone that the Plaintiff's case could be dismissed. Now of course the Court has before it additional evidence, including the sworn affidavit of the Plaintiff, to consider on both the qualified immunity and statute of limitation defenses.

Second, the Plaintiff maintains that the assertion of these defenses on a Cross Motion for Summary Judgment is sanctionable conduct. Of course, as noted earlier, the parties have an absolute right to assert these defenses at the dispositive motion stage particularly when supported by an overwhelming amount of additional evidence not available to the Court on the Motion to Dismiss. So Defendants should not be sanctioned for attempting to resolve this matter at this stage in a good faith manner with defenses that could be asserted at trial but for the sake of judicial economy may be considered now to resolve the entire action.

<strong><u>FACTS</u></strong>

Defendants incorporate by reference the "Statement of Undisputed Facts", and the exhibits offered, set forth in pages 2-4 of the Memorandum Brief in Support of Cross Motion for Summary Judgment of Defendants (E.C.F. Document #98).

<strong><u>ARGUMENT</u></strong>

**I.      PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT**

In response to Defendants' arguments regarding Plaintiff's claim it is entitled to summary judgment, the Plaintiff states the following facts should be considered by the Court: (1) After Mr. Cliatt was stopped and unable to provide identification, the officer

2

on the scene radioed in and was informed Mr. Cliatt matched the description of a murder suspect; (2) The officers on the scene requested backup; (3) Officers approached Mr. Cliatt's car and issued commands to Mr. Cliatt; (4) In response Mr. Cliatt rolled out of the car and fired his gun at the officers and (5) The officers fired back, killing Mr. Cliatt. It is apparent from the Plaintiff's own version of the facts that the Plaintiff is not entitled to summary judgment. By her own admission, the Plaintiff is stating that Mr. Cliatt fired first and the officers responded. The Plaintiff has cited no case authority supporting judgment as a matter of law for a 42 U.S.C. 1983 action where a person suspected of committing a violent felony hours earlier responds to police commands by firing a gun at them and is killed in the ensuing return fire. In fact, the case authority is overwhelming, including that authority cited by the Plaintiff, that such a factual scenario authorizes judgment as a matter of law for the law enforcement officers and the jurisdictions they serve. The factors at issue in determining whether a suspect's rights were violated in this case were the severity of the crime at issue, whether the suspect poses an immediate threat to the officers and whether he is actively resisting arrest. Graham v. Connor, 490 U.S. 386 (1989). In this case the crime was as severe as criminal activity gets, namely murder. The suspect was armed and by the Plaintiff's admission fired at the officers on the scene, clearly posing a threat. Finally he was actively resisting arrest by wielding lethal force against the officers on the scene. So at a minimum there is no question that Plaintiff's Motion for Summary Judgment, unsupported by any case law and for which no sworn testimony was provided is due to be denied.

## II.     CASE LAW DOES NOT SUPPORT PLAINTIFF'S LEGAL POSITION

Plaintiff rests her legal position on three cases, Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir. 1985), O'Neal v. DeKalb County, 850 F.2d 653 (11th Cir. 1988) and Hopkins v. Andaya, 958 F.2d 881 (9th Cir. 1992). Defendants will spend just a moment pointing out briefly how two of these cases are totally inapposite to the case at bar and another is on point with the case at bar but supportive of the Defendants.

Gilmere involved a suspect who was severely intoxicated, was unarmed and had not committed any crime other than perhaps public intoxication. The officers in that case repeatedly struck the suspect and eventually shot him in the stomach. In that case the suspect had not committed a severe crime like murder in this case and presented no credible threat as opposed to this case where the suspect was armed and indeed shot at the officers.

O'Neal involved a man who went on a violent crime spree inside a hospital, stabbing multiple persons in his wake until shot by officers on the scene who had previously ordered him to drop his knife. He was shot by both officers on the scene and subjected to a second volley of bullets. The Court in that case found that the officers had committed no violation since they had ceased firing once the suspect was on the ground, exactly as happened in the case at bar.

Finally Andaya is a case that Plaintiff admits is not binding precedent on this Court and may have been subsequently overruled. Nevertheless the threat from the suspect in that case did not rise to lethal force and is therefore inapposite to the circumstances of the case at bar.

Clearly, the case law provided by the Plaintiff and all Defendants does not support a judgment as a matter of law for the Plaintiff.

## III.    DEFENDANTS' ARE ENTITLED TO SUMMARY JUDGMENT ON THE BASIS OF THE DEFENSE OF QUALIFIED IMMUNITY

The Defendants would refer the Court to the submission already made in its briefs regarding this issue (E.C.F. Document #98).

Once qualified immunity has been asserted, this Court for the purposes of this case need only ask whether the facts taken in the light most favorable to the party asserting the injury show the officer's conduct violated a constitutional right. The answer to this question in this case is a definitive no.

All the <u>Graham</u> factors that the Court is to take into account weigh in favor of qualified immunity. The suspect had committed a heinous and violent crime hours earlier, was armed and shot at law enforcement officers on the scene rather than respond to commands given by the officers. The Phenix City Officers on the scene used lethal force as authorized by law to effectuate an arrest and prevent harm to themselves and as such are entitled to qualified immunity and a judgment as a matter of law on that ground. The remaining City Defendants, Preston Robinson and the City of Phenix City, Alabama would only be held liable for the actions of the officers if found to be illicit. Since the Phenix City Officers are entitled to a judgment as a matter of law, both of the remaining City Defendants should also be granted a judgment as a matter of law since there is no underlying tort for which they might be held liable.

**IV.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE BASIS OF THE DEFENSE OF STATUTE OF LIMITATIONS**

The Defendants would refer the Court to the submission already made in its briefs regarding this issue (E.C.F. Document #98).

The Defendants filed numerous supporting documents with their Cross Motion for Summary Judgment on the basis of the affirmative defense of statute of limitations. In summary, the documents presented included several letters from various attorneys employed by the Plaintiff declining to take her case and advising her of the pending statute of limitations deadline after which there would be an absolute bar to recovery. Particularly instructive was the letter from Juraldine Battle-Hodge which advised that the Plaintiff had to file her lawsuit by May 3, 2005 or have her claims barred by law. The Defendants also submitted an affidavit executed by the Plaintiff in which she admitted her consultation with the attorneys whose letters were attached to Defendants' Cross Motion for Summary Judgment was about filing suit against Phenix City and its police officers. Defendants also submitted in support of their Cross Motion for Summary Judgment an ante litem notice filed on April 6, 2004 outlining the claims of the Plaintiff in this case. The Plaintiff filed this action in May of 2006, more than two years from the ante litem notice and three years after her initial consultation with an attorney about suing Phenix City and its police officers.

The Plaintiff herself tendered these exhibits in response to motions filed by the Defendants earlier in this case. The evidence presented shows there is no genuine issue of material fact on the question that the Plaintiff certainly knew or should have known at

least as of May 21, 2003 of her claims and failed to file within two years of that date.

This Court has opined recently that:

> In response to a properly supported motion for summary judgment, the "adverse
> party may not rest upon the mere allegations or denials of the adverse party's
> pleading, but the adverse party's response, by affidavits, or as otherwise provided
> … must set forth specific facts showing that there is a genuine issue for trial."
> Fed. R. Civ. P. 56(e). Lucero v. S. Micro. Sys., 2006 U.S. LEXIS 12653 (M.D.
> Ala. 2006).

There is no question that the Defendants have properly supported their Cross

Motion for Summary Judgment on the affirmative defense of the statute of limitations,

including a sworn affidavit of the Plaintiff and other correspondence and legal documents

tendered into the record by the Plaintiff during this action. The Plaintiff, in an eleven

page response, has failed to provide a single affidavit or other evidence to set forth

specific facts on this issue showing there is a genuine issue for trial. In fact the Plaintiff

has chosen to rest upon allegations that this defense has already been raised and

dismissed by the Court and in no way challenges the sworn affidavit of the Plaintiff, the

five letters from attorneys warning of the statute of limitations deadline, the ante litem

notice filed more than two years prior to the institution of this action and a May 9, 2003

article in the Columbus Ledger-Enquirer detailing the specifics of this case. For that

reason alone, Defendants' Cross Motion for Summary Judgment on the defense of statute

of limitations should be granted.

**CONCLUSION**

Based on the foregoing, Defendants respectfully request a judgment as a matter of law as to all Defendants on all claims outlined in the Plaintiff's Amended Complaint.

This 23rd day of January, 2008.

MCKOON & ASSOCIATES

By: _/s/ Joshua R. McKoon_
_____
Joshua R. McKoon
State Bar No. MCK057

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Motion to Dismiss upon Counsel for the Plaintiff by placing a copy of same in First Class Mail addressed as follows:

Fulton B. Eaglin                         Scott Wayne Gosnell
220 E. Huron, Suite 210                  Webb & Eley
Ann Arbor, Michigan 48104                7475 Halcyon Pointe Road
                                         P.O. Box 240909
                                         Montgomery, AL 36124

/s/Joshua R. McKoon

_____
Counsel for Defendants