IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSE CLIATT, as Personal Representative of the Estate of Dontavius Cliatt, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 3:06-cv-471-MEF<br>) |
| PHENIX CITY, ALABAMA, *et al.,* | ) (WO - Not for Publication)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Rosie Cliatt ("Plaintiff") filed a Complaint (Doc. #1) on May 25, 2006, bringing state and federal claims against Phenix City, Alabama, Preston Robinson, and Officers John Does 1-12[1] relating to the death of her son, Dontavius Cliatt. On December 14, 2006, Plaintiff filed an Amended Complaint (Doc. #38) against Phenix City, Alabama, Preston Robinson, Jarrod Barr, Chris Brennan, Patrick Daughtry, Darius Farley, David Reeves, and Mark Wells (collectively "Defendants") pursuant to 42 U.S.C. § 1983 ("section 1983") alleging that Plaintiff had been denied rights created by federal statutes and by the United States Constitution. Plaintiff seeks compensatory relief, punitive

---

[1]The Court finds that there is no fictitious party practice in federal courts. *See, e.g.,* Fed. R. Civ. P. 10(a); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Harris v. Palm Harbor Homes, Inc.,* 198 F. Supp. 2d 1303, 1304 n.6 (M.D. Ala. 2002); *Edwards v. Alabama Dep't of Corr.,* 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000). Accordingly, all claims in this action against fictitious parties are DISMISSED.

damages, costs, and attorneys' fees.

This cause is before the Court on Defendant Mark Wells's Motion for Summary Judgment (Doc. # 93) filed on December 28, 2007, and Phenix City, Alabama, Preston Robinson, Patrick Daughtry, Jarrod Barr, David Reeves, Chris Brennan and Darius Farley's Motion for Summary Judgment (Doc. # 97) filed on December 31, 2007.  Also before the Court is Plaintiff's Motion for Summary Judgment (Doc. #74) filed on December 7, 2007.  In their motions, Defendants argue that they are entitled to summary judgment because Plaintiff's claims are barred by the statute of limitations.  The Court agrees and finds that for the reasons set forth in this Memorandum Opinion and Order Defendants' motions for summary judgment are due to be GRANTED and Plaintiff's Motion for Summary Judgment is due to be DENIED as moot.

## II. JURISDICTION AND VENUE

Jurisdiction over Plaintiff's federal claims is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

 Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the nonmoving party has responded to the motion for

summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. FACTS

When considering a motion for summary judgment, the Court carefully considers all deposition excerpts, discovery responses, and properly authenticated documents submitted in support of and in opposition to the motion. In viewing the submissions of the parties, the Court must consider the evidence in the light most favorable to the non-moving party. Because there are cross-motions for summary judgment in this case, the Court will have to consider the facts and reasonable inferences to be drawn from the facts in the light most favorable to the non-moving party as the Court considers each of the motions.

On May 3, 2003, police suspected that Dontavius Cliatt (hereinafter the "Decedent") had robbed and murdered a used car dealer in Phenix City, Alabama. At approximately 6:30 p.m. that evening, the Decedent and his girlfriend drove past a Russell County Sheriff's Department patrol vehicle driven by Deputy Mark Wells ("Wells"). Upon passing the patrol vehicle, the Decedent turned into a residential driveway and parked his vehicle. Wells turned his patrol car around and pulled into the driveway behind the Decedent. Wells then approached the Decedent and asked the Decedent for his driver's license and other documentation. The Decedent did not produce

either and Wells radioed 911 dispatch. The dispatch advised Wells that the Decedent and his vehicle matched the description of a suspect and vehicle involved in the robbery and murder of a used car dealer earlier that day. Wells requested backup assistance and drew his firearm to "cover" the Decedent. Five officers, Patrick Daughtry, Jarrod Barr, David Reeves, Chris Brennan, and Darius Farley (collectively "officers") then arrived on the scene. The officers also drew their firearms and pointed them at the Decedent's vehicle. One of the officers approached the Decedent's vehicle and instructed the Decedent to place his hands on the window of his vehicle. At some point, the Decedent threatened the officers with a Smith & Weston 9mm firearm and quickly exited his vehicle. The parties dispute whether the Decedent or an officer fired the first shot. However, the record shows that the Decedent fired his weapon and some of the officers fired their weapons. Ultimately, the officers shot the Decedent seven times and the Decedent died from the gunshot wounds on May 3, 2003.

     Plaintiff is the Personal Representative of the estate of the Decedent, her son. Within days of her son's death, Plaintiff went to her local National Association for the Advancement of Colored People ("NAACP") for advice about how she should proceed in a wrongful death action. Plaintiff stated in an affidavit that she also "consulted with several attorneys about them filing suit against Phenix City and its police officers about the facts surrounding this incident on several occasions." (Doc. #98 Ex. 11). In a letter dated May 21, 2003, J. Farrest Taylor of the law firm Cochran, Cherry, Givens, & Smith,

5

P.C. advised Plaintiff that his firm would not represent her and that she should be aware that state and federal law place a strict time limit on the right to pursue an action such as hers.  The letter warned Plaintiff, "If you do not settle or file a lawsuit within the applicable statute of limitations, you will be forever barred from doing so."  (Doc. #98 Ex. 4).  Similarly, in a letter dated July 28, 2003 from the Calton & Calton law firm, Jim S. Calton, Jr. advised Plaintiff that "In Alabama, there are applicable statutes of limitations that may bar you from bringing a claim in the future if you wait too long."  (Doc. #98 Ex. 5).  Stephen D. Apolinsky of the firm Eastman & Apolinsky sent Plaintiff a letter on November 18, 2003 where he informed Plaintiff that his law firm could not represent her and that he had enclosed the file she had sent him.  (Doc. #98 Ex. 6).  Keith Thomas of the law firm R. Keith Thomas, LLC also sent Plaintiff a letter on January 12, 2004, in which he states that his law firm could not represent her and warns, "<u>The failure to file your claim in a timely manner will result in it being barred forever</u>."  (Doc. #98. Ex. 7) (emphasis in original).  On April, 6, 2004, Plaintiff executed an *ante litem* notice upon the Russell County Commission.  (Doc. #98 Ex. 8).  In the notice, notarized and signed by Plaintiff, Plaintiff handwrote that "On May 3, 2003, my son, Dontavious Cliatt, was gunned down on Sanford Rd. in Phenix City."  *Id.*  Plaintiff named the Russell County Sheriff's Department and other fictitious parties as responsible parties in the notice and demanded $100,000.00 "to compensate the estate of Dontavious Cliatt for his wrongful death as a result of said incident."  *Id.*

## V. DISCUSSION

The Defendants' motions for summary judgment identify a variety of potential grounds for relief, including statute of limitations and qualified immunity defenses. Because the Court finds the statute of limitations bars Plaintiff's claims, it will only address that issue.

**A. Motion to Dismiss and Summary Judgment Standards**

Defendants had previously invoked a limitations defense in connection with their motions to dismiss. (Docs. #44-48, 54).  This Court's February 26, 2007 Memorandum Opinion and Order (Doc. #53) and December 12, 2007 Memorandum Opinion and Order (Doc. #77) explained that dismissal was not warranted at that time because it was not apparent from the face of the complaint that the statute of limitations had run on Plaintiff's claims.  Here, Defendants move for summary judgment on Plaintiff's claims on the same ground that they are barred by the applicable statute of limitations.

In response to Defendants' statute of limitations defense, Plaintiff argued that the Court had already formally considered and rejected the defense in its opinions denying Defendants' motions to dismiss.  Plaintiff fails to recognize that different standards govern a motion to dismiss and a motion for summary judgment.  On a motion to dismiss pursuant to Rule 12(b)(6), dismissal is only appropriate on statute of limitations grounds if it is apparent from the face of the complaint that the claim is time-barred. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005).  In contrast, on a motion for

summary judgment, the Court deals with undisputed facts and with the application of the law to those facts. Plaintiff has the burden of proof when a party moves for summary judgment to "go beyond the pleadings and by [her] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted). Moreover, the Eleventh Circuit Court of Appeals has stated that a court may reconsider its motion to dismiss ruling when considering a motion for summary judgment. *See Vintilla v. U.S.*, 931 F.2d 1444, 1447 (11th Cir. 1991). Accordingly, the Court has carefully considered the submissions of the parties to find that Plaintiff's claims are barred by the statute of limitations.

**B. Limitations Period**

Section 1983 does not provide a statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239 (1989). "All constitutional claims brought under section 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the section 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008), *cert. denied*, 128 S. Ct. 2914 (2008); *see also Wilson v. Garcia*, 471 U.S. 261 (1985); *Lovett v. Ray*, 327 F.3d 1181 (11th Cir. 2003). In Alabama, a two-year limitations period governs section 1983 claims. *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338 (11th Cir. 2008); *Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir.1992); *Ala. Code* § 6-2-38(l). Federal law determines the date that a statute of

limitations begin to run on a section 1983 claim. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (finding that "[w]hen a section 1983 action accrues is a question of federal law"); *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998) (stating that the question of when the limitations period begins to run on a section 1983 claim is one of federal law). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullins*, 85 F.3d 556, 561 (11th Cir. 1996); *see also Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006). Therefore, a section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of her claim.

Plaintiff filed her Complaint on May 25, 2006. To succeed on statute of limitations grounds, Defendants must show that Plaintiff knew, or reasonably should have known, that she was injured two years prior to filing this lawsuit on or before May 24, 2004. Between May 3, 2003 and January 12, 2004, Plaintiff consulted at least four law firms and the NAACP about bringing a wrongful death lawsuit. Three of the law firms advised Plaintiff that her claims would be barred forever if she did not timely bring suit. In addition, Plaintiff admitted that she had "consulted with several attorneys about them filing suit against Phenix City and its police officers." (Doc. #98 Ex. 11). Plaintiff also executed an *ante litem* notice upon the Russell County Commission on April 6, 2004, in which she wrote that her son was "gunned down" and that Russell County Sheriff's

9

Department was a responsible party.

A section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of her claim. Here, Plaintiff had many opportunities to pursue a lawsuit after her son was shot on May 3, 2003. Viewing the facts in a light most favorable to the Plaintiff, no reasonable fact finder could find that Plaintiff did not know or have reason to know of the alleged wrongful death of her son until May 25, 2004. By April 6, 2004, Plaintiff had spoken to multiple attorneys and compiled a file on her son's death. She had also executed an *ante litem* notice to ask for compensation for her son's death. Because these events occurred more than two years prior to filing her Complaint, the statute of limitations bars Plaintiff's claims.

**C. Equitable Tolling**

Plaintiff argues that the statute of limitations should not bar her claims because she did not have enough information or know how to file suit. The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time when the court determines would have been fair for the statute of limitations to begin running. *See Justice v. U.S.*, 6 F.3d 1474, 1475 (11th Cir. 1993); *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). "Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce*, 434 F.3d at 1261 (citing *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir.1999) (emphasis added)). The plaintiff bears the burden of showing

extraordinary circumstances exist. *Id* at 1261. In determining whether a plaintiff meets this burden, the Court must keep in mind that equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Justice*, 6 F.3d at 1479 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). An untimely section 1983 claim is properly dismissed when the plaintiff fails to assert exceptional circumstances. *Rutledge v. Tew*, 2007 WL 1771385, *1 (M.D. Ala. 2007).

Here, Plaintiff argues that the statute of limitations should be tolled because she lacked knowledge and legal training. Plaintiff was, however, repeatedly advised that she had to file her suit quickly or else she risked losing the right to sue. Despite these warnings, Plaintiff waited over three years from the date of the Decedent's death to file a complaint. Plaintiff has not presented any evidence that she acted diligently and was unable or that exceptional circumstances beyond her control prevented her from filing this lawsuit. Equitable tolling is only appropriate in exceptional circumstances. Based on the foregoing, Plaintiff's claims are untimely as against the Defendants. Therefore, Defendants' motions for summary judgment are due to be GRANTED.

## VI. CONCLUSION

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Defendants are entitled to summary judgment on all of Plaintiff's claims. Accordingly, it is hereby ORDERED as follows:

(1) Defendant Wells's Motion for Summary Judgment (Doc. # 93) is GRANTED;

(2) Defendants Phenix City, Alabama, Preston Robinson, Patrick Daughtry, Jarrod Barr, David Reeves, Chris Brennan and Darius Farley's Motion for Summary Judgment (Doc. #97) is GRANTED;

(3) Plaintiff Rosie Cliatt's Motion for Summary Judgment (Doc. # 74) is DENIED as moot;

(4) Plaintiff Rosie Cliatt's Motion for Order on Pretrial Hearing (Doc. #134) is DENIED as moot;

(5) Defendant Mark Wells's Motion to Stay Witness and Exhibit Lists Pending Ruling on Motions for Summary Judgment (Doc. #133) is DENIED as moot;

(6) All of Plaintiffs' claims are DISMISSED WITH PREJUDICE;

(7) The trial in this matter is CANCELLED;

(8) The Court will enter a separate final judgment in favor of Defendants consistent with this Memorandum Opinion and Order.

DONE this the 23rd day of December, 2008.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE